IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

---

DEFENDANT'S PRELIMINARY RESPONSE TO THE PROSECUTION'S
MOTION FOR COMPETENCY EVALUATION

---

The prosecution has filed a motion styled Motion for a Competency Evaluation Pursuant to 18 U.S.C. § 4241(a). Doc. 13.[1] Today, Senior U.S. District Judge Robert E. Blackburn referred the motion to U.S. Magistrate Judge Kristen L. Mix. Doc. 14.

Besides seeking a court-ordered competency (to stand trial) evaluation, the motion seeks to have the prosecution's hired expert, Park Dietz, perform the evaluation. Doc. 13, p. 3.

The government's motion presents various factual and legal issues that will likely require briefing and hearings, but the defense has not been afforded an adequate opportunity to prepare for and engage in such litigation. The prosecution has not provided Mr. Dear with discovery, materials referenced in the motion, or other information relating to the motion's factual claims. In any case, but especially a case involving charges of this nature, the court must ensure that defense counsel is given sufficient time, materials, and opportunity to provide effective assistance of counsel. At this time, counsel for Mr. Dear has not had such an opportunity. The government's

---

[1] "Doc." means the Clerk's Docket.

motion must not be resolved unless and until Mr. Dear and counsel have received an adequate opportunity to review all relevant materials, conduct any necessary legal research, and prepare an appropriate reply. Thus, Mr. Dear asks this court to take no action on the government's motion at this time, other than, perhaps, setting a briefing schedule upon conferral with counsel.

By way of example, Mr. Dear notifies this court that he will almost certainly oppose an evaluation being done by Park Dietz. The defense identifies this issue here to provide the court with context for Mr. Dear's request to delay ruling on the motion, and in no way seeks to identify all potential issues or limit Mr. Dear's objections to this motion. Mr. Dear reserves the right to object to any and all requests made by the government's motion upon a full and fair opportunity to review the relevant material and legal authority.

Any evaluation for competence to stand trial must be done by an examining psychiatrist who is "an officer of the Court and responsible to neither the defense nor the prosecution."[2] *See United States v. Pogany*, 465 F.2d 72, 78 (3d Cir. 1972) ("Fairness requires that the examining psychiatrist pursuant to a § 4244 [the predecessor to § 4241] motion be an officer of the Court and responsible neither to the defense nor the prosecution.")

"One of the primary functions of a court-appointed expert is to provide the court with unbiased information, unaffected by the position of the party *retaining* the expert." *United States v. Kight*, 2017 WL 2963033, at *3 (N.D. Ga. July 12, 2017) (emphasis added). Just as "[t]he determination of a defendant's competency to stand trial must be that of the trial judge . . . [T]he

---

[2] On Jan. 6, 2015, a three-judge panel of Texas' 1st Court of Appeals in Houston overturned the homicide conviction of Andrea Yates after finding that false testimony by Park Dietz, a prosecution witness who "opined that Yates was legally sane at the time of the killings," violated Yates' rights. https://www.austinchronicle.com/news/2005-01-14/yates-conviction-overturned/

inherent power of a trial judge to appoint an expert of his own choosing is clear." *United States v. Green*, 544 F.2d 138, 145 (3d Cir. 1976).

It is especially important in a case where the death penalty is at stake that any competency evaluation of Mr. Dear be done by an independent expert, not one hired by the prosecution. Most evaluations under § 4241 for competency to stand trial are performed by qualified psychiatrists in the BOP, an entity which "has experience and expertise in the evaluation of competency, and . . . performs such evaluations on a regular basis." *United States v. Sampson*, 12 F. Supp. 3d 214, 217 (D. Mass. 2014).

In line with the Court's inherent power to insure any examiner remain, as required, "neutral and detached," *United States v. Reason*, 549 F.2d 309, 311 (4th Cir.1977), courts control communications with the examiner. *United States v. Sampson*, 12 F. Supp. 3d 217. The parties should not communicate with an examiner "without prior authorization of the court." *Id*.

With Park Dietz, the one-sided communication horse has already left the barn. Besides saying they hired Dietz, the prosecution admits he has "reviewed materials in this case." Doc. 13, p. 3. Whether the "materials' were ones this Court would conclude were proper for Dietz to review in connection with a competency evaluation is unknown. It is too late to un-ring that bell. Further, the defense has not received these materials and thus cannot yet supply the court with a complete objection to this request.

Conclusion

Competency evaluations under 18 U.S.C.A. § 4241(a) may be ordered "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or

defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

Whether the record in this case supports an order for Mr. Dear's evaluation, and if so, the purpose of and conditions surrounding such an evaluation, the location of the evaluation, and the choice of any evaluator are some of the critical issues raised by this motion that cannot be resolved without meaningful input from the defense. Counsel for Mr. Dear cannot provide such input within three days of the filing of this 68-count indictment, prior to receiving discovery, and without the benefit of the materials available to the government.

What is clear, however, is that Park Dietz, hired by the prosecution and to whom the prosecution has given materials – materials not first vetted by the defense or the Court – almost certainly should not be "appointed" to do an evaluation. This and all other issues raised by the government's motion cannot yet be resolved.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Warren R. Williamson
WARREN R. WILLIAMSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
rick.williamson@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

     I hereby certify that on December 12, 2019, I filed the foregoing DEFENDANT'S PRELIMINARY RESPONSE TO THE PROSECUTION'S MOTION FOR COMPETENCY EVALUATION with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Pegeen Rhyne, Assistant United States Attorney
    E-mail:  pegeen.rhyne@usdoj.gov

    Rajiv Mohan, Assistant United States Attorney
    E-mail:  rajiv.mohan@usdoj.gov

    Mary J. Hahn, Assistant United States Attorney
    E-mail:  mary.hahn@usdoj.gov

     I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

    Robert Lewis Dear, Jr. (via U.S. mail)

                          s/Warren R. Williamson
                          WARREN R. WILLIAMSON
                          Assistant Federal Public Defender
                          633 17th Street, Suite 1000
                          Denver, CO  80202
                          Telephone:  (303) 294-7002
                          FAX:  (303) 294-1192
                          rick.williamson@fd.org
                          Attorney for Defendant