IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No.  19-cr-00506-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  ROBERT LEWIS DEAR, JR.,

      Defendant.

## ORDER ASSIGNING LEARNED COUNSEL FOR DEFENDANT ROBERT LEWIS DEAR, JR.

**Blackburn, J.**

The matter before me is the **Motion for Appointment of Learned Counsel** [#28][1] filed under Level 3 restriction on December 18, 2019, by counsel for the defendant. The motion implicates 18 U.S.C. § 3005.[2]  I enter this order to assign two learned counsel who are experienced in and knowledgeable about the defense of death penalty cases to represent the defendant.

By Indictment [#1] filed December 5, 2019, the defendant was charged with one or more offenses punishable potentially by a sentence to death. Thus, the provisions of 18 U.S.C. § 3005 are apposite.

18 U.S.C. § 3005 requires in relevant part:

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] *See also* Guide to Judiciary Policy, Vol. 7A, § 620.10.10(a).

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization . . . .

In the motion before the court, Virginia L. Grady, Federal Public Defender for the District of Colorado, tendered her recommendations for the assignment of learned counsel in discharge of her duties and responsibilities under 18 U.S.C. § 3005. I have reviewed and considered her recommendations carefully. I find and conclude that Mark F. Fleming, Esq., and Andrea L. Luem, Esq., are learned counsel within the meaning of 18 U.S.C. § 3005, and satisfy the requirements for appointment under 18 U.S.C. § 3599(b) and the Guide to Judiciary Policy, Vol. 7A, § 620.60.10. Thus, I find and conclude ultimately that the motion should be granted and the recommendations of the Federal Public Defender should be approved, adopted, and implemented by order of the court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Appointment of Learned Counsel** [#28] filed under Level 3 restriction on December 18, 2019, is granted;

2. That subject to their acceptance of appointment, Mark F. Fleming, Esq., and Andrea L. Luem, Esq., are assigned as learned counsel to represent the defendant, Robert Lewis Dear, Jr., in this criminal case;

3. That the formal entry of appearance on behalf of the defendant shall constitute the acceptance of appointment contemplated and required in paragraph 1, *supra*.;

4. That learned counsel shall be compensated as provided by law[3]; and

5. That this order shall be served on Mark F. Fleming, Esq., and Andrea L. Luem, Esq., as soon as practicable.

Dated December 18, 2019, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3] *See* Guide to Judiciary Policy, Vol. 7A, § 630.10.