IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

---

UNOPPOSED
MOTION FOR EXTENSION OF TIME TO RESPOND TO GOVERNMENT'S MOTION FOR A COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. § 4241

---

Defendant Robert Lewis Dear, Jr., through undersigned counsel Assistant Federal Public Defenders Natalie G. Stricklin and Veronica S. Rossman, respectfully asks this Court to grant a two-week extension of time (until January 3, 2020) to respond to the government's Motion for a Competency Evaluation Pursuant To 18 U.S.C. § 4241(a) (Doc. 13) (the "4241 Motion"). The parties have conferred, as required by the Local Rules of Practice of the United States District Court for the District of Colorado. The government does not oppose the relief requested in this motion but asks that, if Mr. Dear's extension request is granted, this Court allow until January 10, 2020 for the government to file a reply.

****

Yesterday, the Honorable District Judge Robert E. Blackburn, acting under 18 U.S.C. § 3005, appointed "Learned Counsel" from outside this Federal Public Defender's Office (the "FPD") to join Mr. Dear's defense team. These lawyers have been appointed to represent Mr. Dear at the outset of this prosecution because, as required by section 3005, they are "learned in

the law applicable to capital cases." While undersigned counsel are experienced Assistant Federal Public Defenders, they lack the distinguished prior experience in federal and state death penalty cases necessary to effectively represent Mr. Dear. The FPD employs no lawyers who would qualify as learned counsel under section 3005. To protect Mr. Dear's right to the effective assistance of counsel and to guarantee that undersigned counsel meaningfully uphold their professional and ethical obligations, a brief extension is needed, so the FPD may confer with Mr. Dear's just-appointed learned counsel before any response to the 4241 Motion is filed. In support, counsel state:

## Background

1. On December 5, 2019, the government filed a 68-count indictment charging Mr. Dear with crimes related to the November 27, 2015, shooting at the Planned Parenthood clinic in Colorado Springs. (Doc. 1, 12/5/2019, Indictment). The charges include an offense punishable by a sentence of death. (*See id.* at Counts 66-68) (charging Use of a Firearm during a Crime of Violence Resulting in Death where the Killing was a Murder in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(j)(1)).

2. The State of Colorado has been prosecuting Mr. Dear for the same alleged criminal conduct since November 2015. (*See* first 11 pages of the Complaint and Information, El Paso County, Case No. 15CR5795) (Attachment A). The state prosecution is still pending, even though Mr. Dear has been found incompetent to proceed. (*See* Docket, El Paso County, Case No. 15CR5795, Minute Order, 11/4/2019, Parties In Agreement With Competency Finding; Court Finds Defendant Incompetent).

3. On December 9, 2019, Mr. Dear appeared, with counsel from the FPD, for his initial appearance before The Honorable Magistrate Judge Nina Y. Wang. (Doc. 8, 12/9/2019,

Courtroom Minutes for Initial Appearance). Magistrate Judge Wang continued the initial appearance until December 13, 2019, for proceedings before The Honorable Magistrate Judge Kristen L. Mix. (*Id.*).

4. On December 11, 2019, the government filed the 4241 Motion requesting further inquiry into Mr. Dear's competency to stand trial. (Doc.13, 12/11/2019, Motion for Determination of Competency To Stand Trial by USA). The 4241 Motion was referred to Magistrate Judge Mix for adjudication. (Doc. 14, 12/12/2019, Memorandum by Judge Blackburn). Defense counsel submitted a preliminary response to the 4241 Motion. (Doc. 17, 12/12/2019).

5. On December 13, 2019, this Court conducted the continued initial appearance, where Mr. Dear again appeared with counsel from the FPD. (Doc. 18, 12/13/2019, Minute Entry for Initial Appearance held before Magistrate Judge Mix). Mr. Dear was advised of the federal charges and possible penalties, but he was not arraigned. (*See id.*).

6. At that hearing on December 13, the government argued that Mr. Dear's state competency proceedings were relevant to whether this Court should order a federal competency hearing and a new evaluation. (*See* Doc. 21, 12/16/2019, Transcript of Proceedings Held on 12/13/2019 before Magistrate Judge Mix). To that end, also on December 13, the government produced an encrypted flash drive containing state competency materials. (*See id.* at 18) (prosecution said, with respect to providing defense counsel access to the state competency findings: "We have provided discovery just today that contains all of the materials in my possession [with the exception of the most recent state court transcript on the issue]. But everything that's meaningful, they have on the disc they received today.").

7.      Over the government's objection, *see id.* at 9, this Court set a briefing schedule on the 4241 Motion, requiring Mr. Dear to file a response by December 20, 2019 and allowing the government until December 27, 2019 to file a reply. (*See* Doc. 18). The Court also encouraged the parties to confer and jointly propose a list of evaluators, should a new competency evaluation be required. (*Id.*).

## The FPD Requests An Opportunity To Consult With Mr. Dear's Recently-Appointed Learned Counsel About The 4241 Motion Before Filing A Response.

8.      The government filed the 4241 Motion less than one week after indicting Mr. Dear in this capital case.[1]

9.      When this Court set the current briefing schedule on the 4241 Motion, the full defense team had not yet been assembled.

10.     The FPD entered its appearance on December 9 and will continue to represent Mr. Dear in this prosecution. Significantly, on December 18, the Honorable District Judge Robert E. Blackburn, acting promptly under 18 U.S.C. § 3005, also assigned "Learned Counsel" from

---

[1]     Mr. Dear is a federal capital defendant, because the government may seek the death penalty in this prosecution. (*See* Doc. 1, Counts 66-68) (charging 18 U.S.C. § 924(c)(1)(A) and § 924(j)(1)). "Congress has repeatedly used 'capital case' to mean a proceeding in which the death penalty has been imposed or a case in which the death penalty is being *or could be sought.*" *United States. v. Cordova*, 806 F.3d 1085, 1099–1100 (D.C. Cir. 2015) (emphasis added); *accord United States v. Pesante-Lopez*, 582 F. Supp. 2d 186, 190 n.2 (D.P.R. 2008) ("[A] case is capital in nature from the indictment stage up until the point the government officially declares its intention not to seek the death penalty"); *see also id.* at 189 n. 1 (noting the consensus of the circuits that "the 'capital' nature of a crime refers to its potential to be punished with death"); *see generally United States v. DeLeon*, 2019 WL 1780092, at *23 (D.N.M. Apr. 23, 2019) ("Treatises agree: "A 'capital' crime is generally an offense which is punishable by death. The fact that the prosecution is not seeking imposition of the death penalty does not render an otherwise capital offense noncapital.") (quoting 21 Am. Jur. 2d Criminal Law § 24 (2019)).

4

outside the FPD to represent Mr. Dear. (Doc. 29, *Order Assigning Learned Counsel For Defendant Robert Lewis Dear, Jr.*) (Attachment B) ("I enter this order to assign two learned counsel who are experienced in and knowledgeable about the defense of death penalty cases to represent [Mr. Dear]").  The FPD does not employ learned counsel. Mr. Dear's learned counsel will enter appearances in this Court in short order.

11.     In section 3005, Congress codified a federal capital defendant's right to representation by two attorneys, one of whom must be "learned in the law applicable to capital cases." 18 U.S.C. § 3005.  This statutory safeguard exists because the quality of defense in capital cases has such unique consequences. *See generally United States v. Shepherd*, 576 F.2d 719, 729 (7th Cir. 1978) ("the purpose of the two counsel provision [in section 3005] was to reduce the chance that an innocent defendant would be put to death because of inadvertence or errors in judgment of his counsel, and to attempt to prevent mistakes that would be irrevocable because of the finality of the punishment"); *see also United States. v. Wilson,* 354 F. Supp. 2d 246, 248–49 (E.D.N.Y. 2005) ("Because of the stakes involved and the unique procedural aspects of a capital proceeding, representing a capital defendant requires a great deal of technical expertise specific to capital cases that can only be gained through firsthand experience.").

12.     The Judicial Conference has twice adopted extensive recommendations addressing the goals and quality of representation in capital cases.[2] These recommendations

---

[2]     *See Federal Death Penalty Cases, Recommendations Concerning the Cost and Quality of Defense Representation, Subcommittee on Federal Death Penalty Cases*, Committee on Defender Services' Judicial Conference of the United States, Honorable James R. Spencer, Chair, Honorable Robin J. Cauthron, Honorable Nancy G. Edmonds, May, 1998  (the "Spencer Report"); *see also Report to the Committee on Defender Services, Judicial Conference of the United States Update on the Cost and Quality of Defense Representation in Federal Death Penalty Cases*, Jon B. Gould, Lisa Greenman, September, 2010 (the "Spencer Report 2010 Update").

make clear that "[f]ederal death penalty cases require knowledge of the extensive and complex body of law governing capital punishment *and* the intricacies of federal criminal practice and procedure. *Neither one alone is sufficient to assure high quality representation*." Spencer Report, at 14 (emphasis added). "Effective capital representation requires a team of many players, and the institutional strength of a federal defender organization lends itself to good teamwork." Spencer Report 2010 Update, at 103. With Judge Blackburn's recent appointment of learned counsel, the defense team now comprises lawyers with the requisite experience level and specialized skill sets to ensure Mr. Dear receives effective representation of counsel.

13. The FPD has been working diligently on its response to the 4241 Motion. The FPD first filed a preliminary response on December 12, 2019, alerting the Court that the 4241 Motion "presents various factual and legal issues that will likely require briefing and hearings, but the defense has not been afforded an adequate opportunity to prepare for and engage in such litigation." (Doc. 17, at 1). The FPD's preliminary response also asserted Mr. Dear's objection to the government's selected evaluator (a psychiatrist retained by the prosecution). (*See id.* at 2).

14. Since December 13, 2019, undersigned counsel has been conducting legal research to address the arguments raised in the 4241 Motion. Counsel also hoped to review the documents produced by the government on December 13, 2019, but no review has been possible yet. Notwithstanding the FPD's best efforts, the very process of extracting nearly 10,000 pages of documents from the encrypted flash drive has taken several days. The nature of these discovery materials, including their content and completeness, and an opportunity to discuss them with learned counsel, will inform Mr. Dear's response to the 4241 Motion.

15. Whether a defendant is competent to stand trial is not a question unique to capital cases. But any decision undersigned counsel would make about the 4241 Motion *in this case* is

immediately complicated at the outset by the possible death penalty facing Mr. Dear.  "Virtually all aspects of the defense of a federal death penalty case, *beginning with decisions made at the earliest stages of the litigation*, are affected by the complexities of the penalty phase." Spencer Report 2010 Update, at 93 (emphasis added).  For this reason, Mr. Dear's learned counsel must participate, together with the FPD, in making *any* decisions concerning Mr. Dear's representation and, as applied here, must be consulted before the defense team can respond to the Section 4241 Motion.

16. This Court also directed the parties to confer regarding a list of mutually-acceptable evaluators. (*See* Doc. 18) ("The Court addresses counsel regarding conferral as to who will conduct the competency evaluation if one is ordered by the Court.").  Mr. Dear takes no position at this time on whether a new competency evaluation is even necessary. That said, an opportunity for the FPD to consult with learned counsel—who possess specialized knowledge about 4241(b) examinations in the particular context of death penalty cases—will facilitate the conferral process about prospective evaluators.

17. The FPD is working to arrange a meeting with learned counsel, sometime before the end of December, in order to finalize Mr. Dear's response to the 4241 Motion.  If an earlier meeting is possible, counsel will make every effort to file the response before the requested extension deadline.

Because there is good cause to grant the relief requested here, and given the early stage in these proceedings, undersigned counsel respectfully ask this Court, without opposition from the government, to extend Mr. Dear's response deadline by two weeks (until January 3, 2020) and to allow the government one week (until January 10, 2020) to reply.

>Respectfully submitted,
>
>VIRGINIA L. GRADY
>Federal Public Defender
>
>
>*s/ Natalie G. Stricklin*
>NATALIE G. STRICKLIN
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone:     (303) 294-7002
>FAX:              (303) 294-1192
>Email: Natalie_Stricklin@fd.org
>Attorney for Defendant
>
>
>*s/ Veronica S. Rossman*
>VERONICA S. ROSSMAN
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone:     (303) 294-7002
>FAX:              (303) 294-1192
>Email: Veronica_Rossman@fd.org
>Attorney for Defendant

CERTIFICATE OF SERVICE

      I certify that on December 19, 2019, I filed the foregoing *UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO GOVERNMENT'S MOTION FOR A COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. § 4241* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

      I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

                                              *s/ Natalie G. Stricklin*
                                              NATALIE G. STRICKLIN
                                              Assistant Federal Public Defender
                                              633 17th Street, Suite 1000
                                              Denver, CO  80202
                                              Telephone:     (303) 294-7002
                                              FAX:               (303) 294-1192
                                              Email: Natalie_Stricklin@fd.org
                                              Attorney for Defendant