# Attachment A

## Declaration of Attorney Mark Fleming

Undersigned counsel, Mark Fleming, hereby submits this declaration in support of the attached defense motion to allow a reasonable postponement of 60 days to file its response to the government's Motion for Competency Evaluation pursuant to 18 U.S.C. 4241(a):

1.      The defendant, Robert Dear, Jr., faces the death penalty.  Mr. Dear's initial appearance was held on December 13, 2019.   Undersigned counsel and attorney Andrea Luem were appointed learned counsel on December 18. *See* Doc. 29.  Ms. Luem and I are currently in a complex, multi-defendant federal RICO murder trial in Las Vegas, *United States v. Pastor Palafox*, 16-cr-265-GMN.  The trial, now entering its sixth month, began on July 29, 2019.  Trial is expected to conclude in 4 - 5 weeks, no later than February 7.

2.      Ms. Luem and I were appointed by the district court after careful consideration of the recommendation for assignment of learned counsel filed by Virginia L. Grady, Federal Public Defender for the District of Colorado, pursuant to her duties under 18 U.S.C. § 3005. *Id*.  Both of us have extensive death penalty experience, particularly in cases where the defendant's mental health may be at issue.  For example, I served as co-learned counsel in *United States v. Jared Loughner,* 11cr178-LAB, a mass shooting case in which competency issues were litigated in both the district court and the Ninth Circuit.  Ms. Luem has also represented death penalty clients with severe mental health issues.  Significant here, Ms. Luem is a former trial attorney with the office of the Colorado State Public Defender.  Ms. Luem has invaluable experience with the Colorado Mental Health Institute (CMHI), the same mental health institute where Mr. Dear has been housed and treated for the past four years.

3.      I have reviewed the government's Motion for a Competency Evaluation filed on December 13.  The government's request that Mr. Dear immediately be subjected to a competency evaluation under 18 U.S.C. 4241(a) raise serious, complex issues that may cause irreparable injury to Mr. Dear's statutory and constitutional rights.  The Court has requested that the defense respond to the government's motion on or before January 3. *See* Doc. 32.  The defense intends to provide the Court with a comprehensive, well-reasoned response, but we simply cannot do so under the current deadline.  For the reasons set forth in this declaration and the attendant motion, Mr. Dear respectfully requests that the court extend the deadline for the defense response for sixty days until March 3.  This will allow learned counsel time to finish their ongoing trial and meet with Mr. Dear, and for the defense to present the Court with the type of carefully considered response required in a potential capital case such as this.

4.      As set forth in our motion, the government's insistence on an immediate competency evaluation is premature, ill-advised and may well irreversibly taint this prosecution in its infancy.  The government has clearly had the opportunity to review thousands of pages

1

of Mr. Dear's mental health records from CMHI, spanning four years of an apparent failed attempt to restore competency by the state of Colorado. *See* Doc. 13 at 2 – 3. Moreover, the government has retained a psychiatrist who has also "reviewed materials in this case" and is "prepared to evaluate Mr. Dear." *Id.* Government access to this breath and scope of competency-related medical records is, in my experience, unprecedented at this early stage. The government and its purported expert have apparently already concluded that Mr. Dear is competent, notwithstanding four continuous years of a contrary finding by the state of Colorado. *Id.* In fairness, the defense must be afforded adequate time to review the same materials, hire and consult with its own experts, and meet with Mr. Dear so that we can provide the Court with a meaningful response to the government's request. *See Dusky v. United States*, 362 U.S. 402 (1960); *see also Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir. 1990) ("while the opinion of counsel is not determinative, a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings").

5.    The government's request that the Court not only order a competency evaluation, but that it's self-appointed expert conduct that evaluation appears to be improper. Title 18 U.S.C. §4247(b) states that, if a competency examination is ordered, the examiner "shall be designated by the court." While the statute specifically provides for an additional examiner selected *by the defendant* in §§4245, 4246 or 4248 proceedings, it does not provide for an examiner selected *by the government* under any provision. The defense must be afforded sufficient time to research the issue, and object to the government's chosen expert, if appropriate.

6.    Competence to stand trial — unquestionably a critical stage in a capital case — is a functional test requiring a case and fact specific assessment of a client's abilities in context. While it may be that the Court eventually orders a competency evaluation under 18 U.S.C. 4241(a), the defense is not prepared to respond to the government's motion at this time, for the reasons stated. We respectfully request that the Court grant an additional sixty days for the defense to respond and reset the deadline for March 3, 2020.

Respectfully submitted on January 3, 2020 by:

*Mark Fleming*
Mark Fleming
Counsel for Mr. Dear

2