# Attachment E

```
                                                                    1

 1                      UNITED STATES DISTRICT COURT
                           DISTRICT OF COLORADO
 2

 3   UNITED STATES OF AMERICA,      .    Case No. 19-cr-00506-REB-1
                                    .
 4             Plaintiff,           .
                                    .    Alfred A. Arraj US Courthouse
 5   vs.                            .    901 19th Street
                                    .    Denver, CO   80294
 6   ROBERT LEWIS DEAR, JR.,        .
                                    .
 7             Defendant.           .    December 9, 2019
     . . . . . . . . . . . . . .    .    2:48 p.m.
 8

 9          TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
              NINA Y. WANG, UNITED STATES MAGISTRATE JUDGE
10

11   APPEARANCES:

12   For the Plaintiff:            United States Attorney's Office
                                   By:  Pegeen D. Rhyne
13                                 By:  Rajiv Mohan
                                   1801 California Street
14                                 Suite 1600
                                   Denver, CO   80202
15                                 (303) 454-0323

16   For the Defendant:            Federal Public Defender
                                   By:  David A. Kraut
17                                 633 17th Street
                                   Suite 1000
18                                 Denver, CO   80202
                                   (303) 294-7002
19
     Court Recorder:               Clerk's Office
20                                 U.S. District Court
                                   901 19th Street
21                                 Denver, CO   80294

22   Transcription Service:        AB Court Reporting & Video
                                   216 16th Street, Suite 600
23                                 Denver, CO   80202
                                   (303) 296-0017
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

2

```
 1                    (Time noted:  2:48 p.m.)
 2              THE COURT:  The next matter we have is United
 3  States of America versus Robert Lewis Dear, Jr., 19-cr-506-
 4  REB.
 5              Could I have appearance of counsel, please?
 6              MS. RHYNE:  Good afternoon, Your Honor.  Pegeen
 7  Rhyne and Rajiv Mohan for the United States.
 8              THE COURT:  Good afternoon.
 9              MR. KRAUT:  Good afternoon, Your Honor.  David
10  Kraut appearing with Mr. Dear.
11              Mr. Dear appears in custody at counsel table this
12  afternoon.
13              THE COURT:  Good afternoon, counsel, and good
14  afternoon, Mr. Dear.
15              Mr. Dear, did you have an opportunity to hear the
16  Court's advisement of your Constitutional rights?
17              DEFENDANT DEAR:  Yes, but I'm not incompetent.
18  And Psalm 1:39, that tells you how babies are made in the
19  womb, and this is all political kangaroo court.
20              And if they don't want me to go to trial, I've
21  been in the nut house for four years, and they forcibly
22  drugged me, caused a heart attack, and it's all going to come
23  out.
24              THE COURT:  All right.  Ms. Rhyne?
25              MS. RHYNE:  Your Honor, he wasn't in the courtroom
```

1  when you advised the other defendants.
2              THE COURT:  Oh.  All right.  So let me advise you.
3  Mr. Kraut, has he been deemed -- he's incompetent for the
4  purposes of the State proceeding?
5              MR. KRAUT:  That is my understanding.
6              THE COURT:  And so is he competent now to be
7  advised in this Court?
8              MS. RHYNE:  Your Honor, the last time he was
9  evaluated, he was deemed incompetent at that time.
10             No findings have been made as of today's date.
11             I think we proceed with the hearing as we normally
12 would, and raise the issue with competency in front of Judge
13 Blackburn at our first available opportunity.
14             THE COURT:  Mr. Kraut?
15             MR. KRAUT:  Your Honor, I don't object to the
16 Court conducting the advisement today.
17             And I cannot comment on the legal impact of
18 conducting that advisement today, or any status relative to
19 his competency.
20             THE COURT:  All right.
21             MR. KRAUT:  So I would join the request for the
22 Court to engage in the advisement.
23             THE COURT:  So what we will do is we will proceed
24 with the advisement of the initial appearance.
25             Obviously, this issue of competency is going to

1  arise in this proceeding, as well as it is in the related
2  State case, and then we will determine how to proceed.
3              Ms. Rhyne, I assume that the Government is seeking
4  detention in this case?
5              MS. RHYNE:  We are, Your Honor, although because
6  he is here on a writ, the act of seeking detention is
7  unnecessary, that he is ordered detained pursuant to that
8  writ.
9              THE COURT:  Okay.  All right.  So, Mr. Dear, did
10 you receive a copy of the indictment in this case?
11             DEFENDANT DEAR:  Yeah, just about two seconds ago.
12             THE COURT:  Okay.  Did you have an opportunity to
13 talk to Mr. Kraut about it?
14             DEFENDANT DEAR:  This is about 68 charges, Federal
15 charges, and I signed some papers to release the information
16 to him, but, you know, I'm just -- according to my
17 prosecutor, Dan May, he agrees with me.  I'm not crazy, I'm
18 just religious zealot.
19             So, you know, this whole court of competency has
20 been a lot like from day one that they didn't want me to go
21 to court.  They are afraid of the truth of what I know about
22 the abortions and selling baby parts, and all of the other
23 crooked deals they've got going on.
24             THE COURT:  All right.  So am I understanding,
25 based on your statements today, that you feel competent for

5

1   me to advise you of your Constitutional rights, as well as
2   the charges that you're facing, and the potential
3   consequences?
4               DEFENDANT DEAR:  Right.
5               THE COURT:  All right.  So let's proceed, okay?
6               Could you state your name for the record, and your
7   age, please?
8               DEFENDANT DEAR:  Robert Lewis Dear, Jr., 61.
9               THE COURT:  And do you understand English so that
10  we may proceed today?
11              DEFENDANT DEAR:  Yes.
12              THE COURT:  You have a right to remain silent, and
13  are not required to make any statement.
14              If you make a statement, you are not required to
15  say any more.
16              If you start to make a statement, you may stop at
17  any time.
18              You may consult with an attorney before any
19  questioning.  You may have an attorney present during any
20  questioning.
21              If you make a statement, it may be used against
22  you.
23              Do you understand your right to remain silent?
24              DEFENDANT DEAR:  Yes.
25              THE COURT:  You also are entitled to an attorney

1  in this case.  You may consult an attorney and be represented
2  at all stages of the proceeding, both in and out of court.
3            You have the right to retain counsel of your own
4  choosing.  If you cannot afford an attorney, the Court will
5  appoint one for you at no cost.
6            Do you understand your right to an attorney?
7            DEFENDANT DEAR:  I have a right to represent
8  myself, too.
9            THE COURT:  You do have a right to represent
10 yourself, but do you understand your right to an attorney?
11           DEFENDANT DEAR:  Yes.
12           THE COURT:  And would you like counsel appointed
13 for you?
14           DEFENDANT DEAR:  I'd rather represent myself.
15           THE COURT:  All right.  So, Mr. Dear and Mr.
16 Kraut, to the extent that Mr. Dear would like to proceed in
17 representing himself, then we normally would have a separate
18 advisement and hearing once you've had an opportunity to
19 speak to him with respect to the consequences and
20 repercussions of representing himself.
21           So are you ready to proceed with that today, or
22 would you like some time to have an opportunity to talk to
23 Mr. Dear?
24           MR. KRAUT:  No, Your Honor, we are not ready to
25 proceed with that today.

1   We would ask the Court to halt the advisement at
2   this time, and reset the matter for a date later this week.
3   THE COURT: All right. So you want, based on your
4   motion, Mr. Kraut, you would like me to reset the initial
5   appearance on this case?
6   MR. KRAUT: Correct.
7   THE COURT: All right. So, any objection by the
8   Government, Ms. Rhyne, with respect to the resetting of the
9   initial appearance?
10  MS. RHYNE: No, Your Honor.
11  THE COURT: All right. And when, Mr. Kraut, would
12  you be ready to proceed with the initial appearance?
13  MR. KRAUT: It's difficult to predict. If the
14  Court is willing to schedule us for Friday morning at 10:00
15  a.m., that would be my request.
16  THE COURT: Okay. Any objection, Ms. Rhyne?
17  MS. RHYNE: No, Your Honor.
18  THE COURT: All right. So we will reset this for
19  initial appearance. Given the fact that Mr. Dear is in
20  custody, even though he is in State custody and here on a
21  writ, I believe that you should also be prepared if there
22  isn't some other circumstance, to proceed to an arraignment,
23  discovery, and detention hearing.
24  He will need a detention order in this case, even
25  though he's on a writ, and it certainly sounds like there are

8

1 a number of things that you may need to figure out.
2          So we will reset this for initial detention,
3 arraignment, and discovery hearing on Friday, December 13th
4 at 10:00 a.m. before Magistrate Judge Mix.
5          Mr. Dear, you will be remanded to the custody of
6 the United States Marshal until that time.
7          Anything further on this case, counsel?
8          MS. RHYNE:  Not at this time, Your Honor.  Thank
9 you.
10         MR. KRAUT:  One request from the defense, Your
11 Honor.
12         THE COURT:  Yes?
13         MR. KRAUT:  With respect to his placement in the
14 interim, we are requesting that Mr. Dear be returned to the
15 Colorado Mental Health Institute at Pueblo while this case is
16 pending, and that that return occur today.
17         In briefly discussing this issue with counsel for
18 the Government, my understanding is they oppose this request.
19         To the extent the Court is unwilling to grant that
20 request today, we would ask for leave to re-raise this Friday
21 morning.
22         THE COURT:  So, okay.
23         MR. KRAUT:  And Mr. Dear does not waive any of the
24 rights or protections afforded to him under the Bail Reform
25 Act.

1           THE COURT: I understand, Mr. Kraut. So I am
2 unwilling to remand him to the Mental Health Institute today,
3 given the fact that he has, upon his own motion, postponed
4 his initial appearance.
5           It seems appropriate for him to remain in the
6 custody of the United States Marshal for that hearing on
7 Friday.
8           You can re-raise that issue with Magistrate Judge
9 Mix, if you find it appropriate.
10          But otherwise, he will remain here in custody and
11 available for the hearing on Friday.
12          MR. KRAUT: And then lastly, Your Honor, to the
13 extent that the Court made any degree of a finding today with
14 respect to the issue of competence in the Court's initial
15 discussion with Mr. Dear, the defense would object to such a
16 finding and preserve the opportunity to raise and litigate
17 any issues relating to competency in the future in this case.
18          THE COURT: Let me assure you, Mr. Kraut, that I
19 made no finding with respect to his competency to proceed in
20 this proceeding, or any other proceeding.
21          MR. KRAUT: Understood. Thank you.
22          THE COURT: All right, thank you.
23          DEFENDANT DEAR: Your Honor, can I say something?
24 I got car sick driving up here two hours, and somebody's
25 driving, an attorney and everything, they tried to make me

10

1  sick so I can't talk in court.
2           THE COURT: Well, I don't think you're going to
3  make that two hour drive today.
4           But to the extent that I can encourage the United
5  States Marshal to engage in better driving habits, I'll do
6  so.
7           All right, we will be in recess.
8           THE COURT CLERK: All rise.
9           (Time noted: 2:57 p.m.)
10                   * * * * *
11                   CERTIFICATE
12     I, RANDEL RAISON, certify that the foregoing is a
13  correct transcript from the official electronic sound
14  recording of the proceedings in the above-entitled matter, to
15  the best of my ability.
16  *[signature: Randel Raison]*
17
18  _____          December 10, 2019
19  Randel Raison