| District Court, El Paso County, Colorado<br>Court address: **270 South Tejon**<br>**Colorado Springs, CO 80903**<br>Phone Number: **(719) 452-5446** | |
|---|---|
| People of the State of Colorado,<br>Plaintiff,<br><br>v<br><br>ROBERT LEWIS DEAR, JR.,<br>Defendant. | |
| Attorney or Party wihout Attorney(Name and Address):<br>Phone Number:           Email:<br>FAX Number:            Atty.Reg#: | Case Number: 15CR5795<br>Division 10<br>Courtroom W570 |
| ORDER (COMPETENCY HEARING) | |

THIS MATTER came before the Court pursuant to a competency hearing that was held on April 28, 2016 and May 10, 2016. The Court held hearings concerning competency of the defendant pursuant to C.R.S. 16-8.5-103. In addition to the testimony of Detective Schiffelbein, Dr. Jackie Grimmett, and Dr. Thomas Gray, the Court has reviewed the court file, exhibits CH-A, CH-B, CH-C, CH-D and argument by counsel. Pursuant to said review and the Court being fully advised in the premises, the Court FINDS and ORDERS as follows:

### Procedural History

This case involves a shooting that occurred on November 27, 2015 at approximately 11:30 a.m. at the Planned Parenthood Building located at 3480 Centennial Blvd., Colorado Springs, Colorado. The Court on December 23, 2015 ordered the defendant to the Colorado Mental Health Institute at Pueblo for a competency evaluation. The Court at said December 23, 2015 court appearance advised the defendant both orally and in writing of his rights concerning the evaluation process. The competency evaluation was filed with the court on March 11, 2016 and copies of the evaluation were provided to both the district attorney and defense counsel on the March 11th date.

Ex. A

Neither party requested a second evaluation. Defense counsel asked the court to accept the findings contained in the evaluation and the district attorney requested a hearing pursuant to C.R.S. 16-8.5-103(6). Hearings were held on April 28, 2016 and May 10, 2016. Defense counsel presented the testimony of Detective Schiffelbein and Dr. Jackie Grimmett and rested stating they had met their burden of proof. Dr. Gray was called to testify by the District Attorney. The Court took the matter under advisement and issues the following order.

Issue

Whether the defendant, Robert Lewis Dear, is competent to proceed under C.R.S. 16-8.5-101 et seq?

Analysis

Courts in order to comply with due process must hold a hearing to determine a defendant's competency. Subjecting an accused to trial when he or she is incompetent violates due process of law. People v Matthews, 662 P.2d 1108 (Colo. App. 1983) At said hearing pursuant to C.R.S. 16-8.5-103(7) "the party asserting the incompetency of the defendant shall have the burden of submitting evidence and the burden of proof by a preponderance of the evidence." Section 16-8.5-105(5) requires the evaluation to include but need not be limited to the following: (a) the name of each physician, psychologist, or other expert who examined the defendant; and (b) a description of the nature, content, extent, and results of the evaluation and any tests conducted; and (c) a diagnosis and prognosis of the defendant's mental disability or developmental disability; and (d) an opinion as to whether the defendant suffers from a mental disability or developmental disability; and (e) an opinion as to whether the defendant is competent to proceed. The competency evaluation filed in the above-entitled matter complies with 16-8.5-105.

"Competency to proceed" is defined in 16-8.5-101(4), "Competent to Proceed" means that the defendant does not have a mental disability or developmental disability that prevents the defendant from having sufficient present ability to consult with the defendant's lawyer with a reasonable degree of rational understanding in order to assist in the defense or prevents the defendant from having a rational and factual understanding of the criminal proceedings."

The Court reviewed the evidence consistent with the required burden of proof and consistent with People v Mondragon, 217 P.3d 936 (Colo. App. 2009). To be competent, a defendant must have a sufficient present ability to consult with his counsel with a reasonable degree of rational understanding, and a present rational and factual understanding of the proceedings against him. Mondragon, supra, also

states, "Thus a defendant's factual understanding of the proceedings, proper orientations as to time, place and person and his ability to furnish accurately information as to his past history and the events at issue are not alone sufficient to establish the defendant's competence.  Rather the defendant's perception and understanding must also be rational and grounded in reality."

The Court notes that a second evaluation was not requested by either party; thus, the record contains the unrebutted expert opinions of B. Thomas Gray, director of training court services department, CMHIP and Jackie Grimmett PsyD. Their statutory opinion found on page eight of the competency examination states, "It is our clinical opinion, with a reasonable degree of psychological certainty, that Mr. Robert Lewis Dear, Jr., does have a mental disability or developmental disability that prevents him from having sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding in order to assist in the defense, or prevents him from having a rational and factual understanding of the criminal proceedings.  It is therefore our opinion that Mr. Dear is currently incompetent to proceed to adjudication." The fact that the written evaluation does not contain a "prognosis" section does not render the evaluation incomplete.  As stated previously the evaluation when read as a whole complies with and is consistent with C.R.S. 16-8.5-105(5).

The Court considered the testimony and evidence presented at the competency hearing, including the expert testimony of both Dr. Grimmett and Dr. Gray.  The court accepted both individuals as experts.   In addition to the testimony of Detective Schiffelbein, the Court has reviewed CH-A and CH-B, the interviews between the police and Mr. Dear.  The record reveals that the experts reviewed a number of sources of information prior to reaching their statutory opinion.  The sources of information reviewed by the experts include: (a) an interview with Mr. Dear on Jan. 20, 2016 and Feb. 3, 2016; (b) conversations with Deputy District Attorney Donna Billek and Deputy Public Defender Daniel King; (c) consultation with Scott Young, PsyD. The psychologist covering the ward in which Mr. Dear was housed; (d) consultation with Julie Meeker, MD., the attending psychiatrist; (e) various documents including referral for court observation, order for custody evaluation, NCIC report, video and audio recordings, CJC medical records pertaining to recent incarceration, CJC Behavioral records, CJC video recordings, CJC phone call recordings, and CMHIP medical records.  The court is satisfied that both Dr. Gray and Dr. Grimmett had sufficient information to render their respective opinions.

<u>Ability to have a factual and rational understanding of the proceedings</u>

The Court has considered the diagnosis found by the experts.  The expert diagnosis was "Delusional Disorder, persecutory type." Both experts' testimony was consistent with their finding as outlined in the competency examination.  The evaluation

-3-

reveals that Mr. Dear was able to understand the charges and recite a reasonable range of penalties. In addition the report states, "he then engaged in a somewhat rambling monologue that was confusing to follow, although did contain extensive and seemingly paranoid commentary concerning what he perceived to be conspiratorial actions involving virtually all parties in his case." In addition the evaluation states "his knowledge of the factual workings of the judicial process was hampered considerably by his sometimes tangentially related blanket assertions that the actions of various courtroom personnel were being orchestrated by higher authority" and that the defendant "engaged in a monologue laced with significantly paranoid ideas about him being targeted for persecution by federal authorities."

  The testimony by the experts on both April 28th and May 10th is consistent with their evaluation. The testimony revealed that Mr. Dear felt persecuted by the FBI and that he continues to be monitored by the authorities. Dr. Grimmett testified that although Mr. Dear knows the process he does not have a rational understanding of the proceedings. For example, he feels the judge is being operated by a higher power and his counsel is working for the federal government. In addition, Dr. Grimmett testified that Mr. Dear's delusional beliefs are informing his decisions and his decisions are not based upon logic. Dr. Gray's testimony was similar in that he also stated that Mr. Dear felt that everyone who has contact with the case was influenced by the federal government. The testimony revealed that in the opinion of the experts Mr. Dear has had the delusional disorder for a significant period of time. Dr. Grimmett testified that the delusions have existed for many years and his delusions appeared to be a systematized delusion. In addition Dr. Grimmett states it is a delusional belief for Mr. Dear because "How firmly he's attached to it, and meaning he's attached to it, in trying to explain what happens to him in his daily life."

  Detective Schiffelbein's testimony and exhibits CH-A and CH-B contain numerous examples of delusional beliefs held by Mr. Dear. For example, Mr. Dear told the detective the following: "there would be no more baby parts, save the babies, numerous references to the bible (Luke 10:18), Obama is the antichrist, that he has been followed by the FBI since his call in to a radio show concerning Waco, Texas, refers to FBI as Federal Bureau of Incineration, the holy spirit spoke to him, Alex Jones is a double agent, Stephanie, his girlfriend, is working for the Feds, the janitor at the hospital was going to shove a mop handle into his eye, the FBI cuts holes in his clothes, the FBI would leave feathers in his house, Feds send thumping noises where they would come into his house, he flipped a card and it revealed that he should give up, the Feds blocked his internet access, he came to Colorado to be left alone from the Feds, the Feds got into his truck radio, the Feds are still after him while he is in jail, God told him to make a statement, honey pots were sent to him, Feds have messed with him for twenty two years, Obama will take away his guns, Obama funds ISIS, there was a

professional hit on a state senator because he supported medical marijuana, Robin Williams told jokes about Obama and two weeks later he committed suicide, Princess Di's death was a professional hit, Feds ran his son off the road because they wanted to kill his first born, his son was spying for them, his sister is working with Feds, Obama created ISIS," he wears homemade ballistic vest because Feds out to get him, discussed fake sexual assault charge, neighbors spying on him, Judge Martinez gonna try to keep truth silenced, Feds warned Planned Parenthood that he coming, Mr. Salinger needed to be concerned about his safety now that he has information as well, President Obama will declare martial law and rebuild himself as the antichrist."

The Court has been privy to and observed the defendant's behavior and demeanor in court. The Court's observation is but one factor in the Court's conclusion; however, the Court notes that the defendant in the April hearing had numerous verbal outbursts. In addition, the defendant's demeanor included numerous incidents of laughing and giggling during various witness testimony.

The Court has also considered the issue of whether or not Mr. Dear is suffering from a delusional belief or an overvalued idea. Based upon the totality of the circumstances the court finds that Mr. Dear does have a delusional belief. Understanding that the testimony from Dr. Gray was that there is no bright line he did testify that Mr. Dear was so focused and so wrapped up around his ideas it qualified as a delusion. Dr. Gray also testified that the defendant's delusional thinking influenced his approach to the case. Dr. Gray testified he was satisfied that what he was seeing was a delusion.

The Court finds that the defendant's perceptions and understanding are not rational and are not grounded in reality. The defendant cannot evaluate the situation he is in and provide responses that are based on reality. Per Dr. Grimmett Mr. Dear's choices concerning the legal proceedings are not based on logic. In addition Dr. Gray testified, "In this instance Mr. Dear's repeated statements about his apparent beliefs and the way we saw his suspiciousness of others escalate and play out we consider rise to the level that it was delusional."

### Ability to consult with his lawyers in order to assist his defense

The Court has reviewed the competency evaluation and said evaluation states that "Mr. Dear was largely uncooperative with posed questions aimed to identify his level of comprehension regarding his case. The evaluation and testimony reveals that Mr. Dear does not trust Mr. King and he felt that Mr. King was not working in his best interest., The evaluation also states Mr. Dear is able to understand the general parameters of the evidence against him "although his rather circumscribed responses

also reflected his distorted thinking with regard to the alleged offenses." In addition the evaluation states "Mr. Dear was generally coherent in his responses to our questions; however, much of his spontaneous speech indicated his approach to resolving his legal case is severely tainted by his delusional belief system. Consequently, there is reason to doubt his ability to relate relevant information to defense counsel or similarly assist, should he perceive it to be in his interest to do so." The testimony also revealed that in response to a number of questions, Mr. Dear would discuss and/or quote "Luke 10:18"

Dr. Grimmett also testified that Mr. Dear's ability to consult with counsel was severely deficient in this prong.  The summary section of the competency evaluation states, "Although he exhibited sufficient factual knowledge of the legal system and relevant personnel, his persecutory belief system is significantly impairing his ability to consult with his lawyer in order to assist his defense."  The testimony of Dr. Grimmett also revealed that in her opinion it is more than just a personality conflict with one or more of his attorneys.

The Court has considered the fact that on cross examination Dr. Grimmett testified that Mr. Dear had an intact memory, was at time coherent, was goal oriented, and was familiar with the facts of the case.  In addition the court has considered the fact that Mr. Dear knew his Miranda rights and he waived said rights as well as carried on a lengthy conversation with Detective Schiffelbein.  However, the court finds Dr. Grimmett's testimony credible when she opined that one can be oriented to dates and time and carry on a conversation, drive a car and still suffer from a delusional disorder. In short, one can conduct some aspects of daily life and still suffer from a delusional disorder.  In addition Dr. Grimmett testified that the fact that Mr. Dear did not have behavior problems in custody is expected with a delusional disorder.  The testimony also revealed that the defendant made calls to his family and the media. The calls to family generally state that the defense attorney is working against him and the defense attorney is working with Planned Parenthood against him.  In addition the detective testified that the defendant is upset because the lawyer is pursuing a mental health defense and said mental health defense would diminish his message or cause.  Mr. Dear also stated the attorneys are dirty, trick him and he talks to the media to get his attorneys mad.  It is also important to note that Dr. Gray testified that Mr. Dear stated, "he didn't believe that Mr. King and his colleagues were working in his interests.

Dr. Grimmett was also concerned about the defendant's rational understanding of the events of his case and that the defendant's marked paranoia compromised his ability to work with defense counsel. She specifically states, "And certainly given his speech today, it seems he's still trying to let people know his message and seems to be saying very similar things that I observed when..when we met with him..." Having held

-6-

the delusions for 22 years has given me more confidence, with three months passing, that he likely still holds this belief."

The Court has also considered the testimony of Dr. Gray and found him credible when he testified that the defendant's specific delusions bear on his ability to work with counsel. In addition he testified that the defendant's inability to consider alternatives impacts his ability to work with counsel and that the extent of his paranoia, the depth of his beliefs all pointed to his inability to work with his attorneys. Dr. Gray also testified that what we have here goes way beyond a personal conflict between the defendant and his attorney and that Mr. Dear's delusions prevent the defendant from having a capacity for a rational understanding.

The Court has also considered the length of time from the evaluation to the present is approximately two months. However, Dr. Grimmett testified this length of time is not a concern.

The Court adopts the statement in the evaluation which states, "Mr. Dear's delusional thinking and subsequent impaired reasoning appeared to be the direct result of serious mental illness that is interfering with his ability to make well-reasoned choices regarding his legal options...Given the significant length of time that he appears to have been operating under the control of this delusional belief system, his symptoms are highly unlikely to spontaneously remit."

## Conclusion

Based upon all the evidence and the unrebutted expert opinion, the Court finds that the defendant has met his burden of proof. The Court finds and adopts the statutory opinion as outlined on page 8 of the competency examination. The opinion issued by the experts which the court adopts states, "it is our clinical opinion with a reasonable degree of psychological certainty, that Mr. Robert Lewis Dear, Jr. does have a mental disability or developmental disability that prevents him from having sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding in order to assist in the defense, or prevents him from having a rational and factual understanding of the criminal proceedings. It is therefore our opinion that Mr. Dear is currently incompetent to proceed to adjudication."

The Court concludes that the defendant is incompetent to proceed.

Consistent with C.R.S. 16-8.5-111(2)(b) the Court hereby commits the defendant to the custody of the department of Colorado Mental Health Institute at Pueblo. The Court does not find it appropriate to release the defendant on bond. Treatment in the community in the case at bar is not appropriate. In addition, the statute states, "There shall be a presumption that the incompetency of the defendant will inhibit the ability of the defendant to ensure his or her presence at trial."

DONE this 11th day of May, 2016.

BY THE COURT:

_____
District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this __11th__ day of May, 2016 a true and correct copy of this ORDER (COMPETENCY HEARING) was delivered via EMAIL to the following:

Dan May, Esq. districtattorney@elpasoco.com
Jeff Lindsey, Esq. jeffreylindsey@elpasoco.com
Donna Billek, Esq. donnabillek@elpasoco.com
Doyle Baker, Esq. doylebaker@elpasoco.com

Daniel B. King, Esq. daniel.king@coloradodefenders.us
Rosalie Roy, Esq. rosalie.roy@coloradodefenders.us
Kristen M. Nelson, Esq. kristen.nelson@coloradodefenders.us

_Judy Beckenholdt_