1

1    UNITED STATES DISTRICT COURT
     DISTRICT OF COLORADO

2

3    UNITED STATES OF AMERICA,    .   Case No. 19-cr-00506-REB-1
                                  .
4              Plaintiff,         .
                                  .   Alfred A. Arraj US Courthouse
5    vs.                          .   901 19th Street
                                  .   Denver, CO  80294
6    ROBERT LEWIS DEAR, JR.,      .
                                  .
7              Defendant.         .   January 16, 2020
     . . . . . . . . . . . . . .  .   8:38 a.m.

8

9        **TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE**
            **KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE**

10

11   APPEARANCES:

12   For the Plaintiff:          United States Attorney's Office
                                 By:  Pegeen D. Rhyne
13                               By:  Rajiv Mohan
                                 1801 California Street
14                               Suite 1600
                                 Denver, CO  80202
15                               (303) 454-0323

16                               U.S. Department of Justice
                                 Civil Rights Division
17                               By:  Mary J. Hahn
                                 150 M Street N.E.
18                               Washington, DC  20002
                                 (202) 305-0921
19
     For the Defendant:          Federal Public Defender
20                               By:  Natalie G. Strickland
                                 By:  Warren R. Williamson
21                               By:  Veronica S. Rossman
                                 633 17th Street, Suite 1000
22                               Denver, CO  80202
                                 (303) 294-7002
23

24

25

2

```
 1   Appearances continued:

 2   For the Defendant:          Law Office of Andrea L. Luem
                                 By:  Andrea L. Luem
 3                               400 South Fourth Street
                                 Suite 500
 4                               Las Vegas, NV  89101
                                 (702) 575-0481
 5
                                 Law Offices of Mark F. Fleming
 6                               By:  Mark F. Fleming
                                 1470 Encinitas Boulevard
 7                               Suite 133
                                 Encinitas, CA  92024
 8                               (619) 300-6202

 9   Court Recorder:             Clerk's Office
                                 U.S. District Court
10                               901 19th Street
                                 Denver, CO  80294
11
     Transcription Service:      AB Court Reporting & Video
12                               216 16th Street, Suite 600
                                 Denver, CO  80202
13                               (303) 296-0017

14   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  (Time noted:  8:38 a.m.)
 2            THE COURT CLERK:  All rise.  Court is in session.
 3            THE COURT:  Thank you.  Please be seated.
 4            Good morning.  This is 19-cr-00506, United States
 5  of America versus Robert Lewis Dear, Jr.
 6            Let's have counsel enter appearances, starting
 7  with counsel for the Government.
 8            MS. RHYNE:  Good morning, Your Honor.  Pegeen
 9  Rhyne and Rajiv Mohan for the Government.  And appearing by
10  phone is Mary Hahn from the Civil Rights Division.
11            THE COURT:  Good morning.  Counsel for the
12  Defendant?
13            MR. DEAR:  Thank you, Your Honor, for giving me
14  the right to represent myself.
15            THE COURT:  Well, Mr. Dear, I think we have some
16  attorneys on the phone.  Can we have the attorneys on the
17  phone please enter their appearances?
18            MR. FLEMING:  Yes, Your Honor.  I guess we'll
19  start with those of us on the phone from Las Vegas.
20            This is Mark Fleming, counsel for Mr. Dear.
21            MS. LUEM:  Andrea Luem on behalf of Mr. Dear, as
22  well.  I'm calling from Las Vegas.
23            THE COURT:  Good morning.
24            MS. STRICKLIN:  Good morning, Your Honor.  Natalie
25  Stricklin, and with me I have Rick Williamson and Veronica
```

1  Rossman.

2          THE COURT:  Good morning.

3          MS. STRICKLIN:  Your Honor, is Mr. Dear present in

4  Court?

5          THE COURT:  Yes, indeed he is.

6          MS. STRICKLIN:  According to the Court's minute

7  order, the Court ordered that Mr. Dear need not be present

8  for the status conference.

9          THE COURT:  That is correct.  And his appearance

10 here today is as much a surprise to me as it is to you,

11 counsel.

12         MS. STRICKLIN:  Okay.

13         THE COURT:  I don't know what to tell you.

14         MR. DEAR:  Part of the conspiracy.

15         THE COURT:  I don't know what to tell you, except

16 probably some signals got crossed with the Marshal Service.

17         Nevertheless, Mr. Dear is here present.  He can

18 hear me.  He has responded out loud a couple of times, and I

19 will make sure that he can hear you, as well.

20         We are here for a status conference.  This --

21         MS. STRICKLIN:  Your Honor, --

22         THE COURT:  Go ahead, Ms. Stricklin.

23         MS. STRICKLIN:  I'm sorry.  Your Honor, we were --

24 our understanding, of course, is that Mr. Dear would not be

25 present.

 1                    At this point in time, it's our request that we

 2  reset this hearing.

 3                    Mr. Williamson is walking over to Court now.

 4                    Mr. Dear had no idea that he was going to Court or

 5  was going to be present.

 6                    MR. DEAR:  I'm representing myself now, I guess.

 7  Thank you, Your Honor.

 8                    THE COURT:  Well, Ms. Stricklin, I'm not sure I

 9  understand why you feel we need to reset, especially if Mr.

10  Williamson is on his way over.

11                    You know, my inclination is to -- if Mr.

12  Williamson is coming to Court, to wait for him to get here,

13  and to have the hearing when he arrives.

14                    You know, then Mr. Dear will not be sitting alone

15  at counsel table.  There will be a representative from the

16  Federal Public Defender's Office present.

17                    He is ably represented by other counsel on the

18  phone, as well.

19                    So, I'm not sure I understand the nature of your

20  request.

21                    MS. STRICKLIN:  Your Honor, our request is that

22  the Court pause until Mr. Williamson arrives.

23                    THE COURT:  All right.  I understand.  So, I'm not

24  sure exactly how long it will take Mr. Williamson to get here

25  from his office across the street.

```
 1              I am going to, therefore, step off the Bench and

 2    ask my courtroom deputy to notify me when Mr. Williamson

 3    arrives, and then we will resume the hearing at that time.

 4              Thank you.  We'll be in brief recess.

 5              THE COURT CLERK:  All rise.  Court is in recess.

 6    You may be seated.

 7              (Recess from 8:42 a.m. until 8:45 a.m.)

 8              THE COURT:  -- for the Government.  The courtroom

 9    deputy and the United States Marshal Service, and some

10    observers in the gallery, so as soon as Mr. Williamson

11    arrives, we'll bring Mr. Dear back in and resume the hearing

12    at that time.

13              All right?

14              MS. STRICKLIN:  Yes, Your Honor.  Thank you.

15              THE COURT:  Thank you.  We're in recess.

16              MR. FLEMING:  Thank you, Your Honor.

17              (Recess from 8:45 a.m. until 8:54 a.m.)

18              THE COURT CLERK:  All rise.  Court is in session.

19              THE COURT:  Thank you.  Please be seated.  All

20    right, we're back on the record in 19-cr-00506.

21              I'll note for the record that Mr. Williamson is

22    present.  We also have other counsel present at counsel

23    table, and I would ask that you be introduced.

24              MR. KEITH:  Your Honor, this is Jackie R. Keith,

25    investigator and mitigation specialist, and Raley Knapp from
```

1   the Office of the Federal Public Defender.

2          Also present is Mr. Robert Dear.  Thank you.

3          THE COURT:  Correct.  Thank you.  All right,

4   counsel, we are here for a status conference that relates to

5   the Defendant's response to the Government's motion for a

6   competency evaluation pursuant to 18 U.S.C. section 4241.

7          That response was filed at docket number 35.  The

8   Government filed a reply at docket number 36.

9          I have reviewed both filings very carefully, and

10  essentially what I'm going to do is to construe the

11  Defendant's response to the Government's motion as a request

12  for an extension of time.

13         And, counsel, what I need to make sure you

14  understand is that -- and I know the Office of the Federal

15  Public Defender is aware of this, but we need to make sure

16  that in the future, to the extent that you are requesting

17  extensions of time, you do that in pleadings that are called

18  "motion for extension of time."

19         The reason why it's critically important,

20  especially in a case of this nature, is that, as you know,

21  the District Judge assigned to the case is Judge Blackburn.

22  Certain matters have been referred to the Magistrate Judge.

23         The filing of individual motions gives the

24  District Judge an opportunity to decide whether such a motion

25  would be referred to the Magistrate Judge, or not.

1        If a request for an extension of time is not filed

2   as a separate motion, then I take it upon myself, having been

3   referred the underlying motion about which the request is

4   aimed, to make the decision.

5        But you can make your record in the case clearer

6   by requesting extensions of time by filing motions which are

7   captioned as motions for extensions of time, and which make

8   clear that that's what you're requesting.

9        Any questions about that from either Government

10  counsel or from defense counsel?

11       MS. STRICKLIN:  Not about the procedure, Your

12  Honor.

13       MR. FLEMING:  No, Your Honor.  Thank you.

14       THE COURT:  All right, thank you.  All right, now,

15  as I said, because I'm construing this as Defendant's motion

16  for extension of time to respond to the Government's motion

17  for a competency evaluation, I'm going to hear from defense

18  counsel first.

19       And I would appreciate it if you'll tell me who

20  among defense counsel is speaking before you speak.

21       And, as I said, I don't believe there is a lot of

22  need to go over in detail the arguments raised in document

23  35, as I have read, understood, and understood those

24  documents and those arguments thoroughly.

25       Go ahead, defense counsel.

1          MR. FLEMING:  Well, thank you, Your Honor.  Again,

2    this is Mark Fleming calling in from Las Vegas, recently

3    appointed counsel.

4          And I'll address the Court first for the defense,

5    and I won't go over what is set out in the motion.

6          I would like to make just a few general comments,

7    Your Honor.

8          THE COURT:  Yes.

9          MR. FLEMING:  And sort of emphasize the bigger

10   points of why we're requesting this extension of time.

11         My understanding is that the Court has invited

12   defense counsel's opinion, recommendation, with regard to the

13   Government's request to have a 4241 hearing.

14         And we appreciate that, and we take that quite

15   seriously.

16         But there are a number of factors that are heavily

17   in favor of the sixty days that they're asking for.

18         First and foremost, as the Court is aware, Ms.

19   Luem and I are both involved in this complex trial here in

20   Las Vegas.  I can say that we are moving along at a quicker

21   pace than we had anticipated.

22         And for the Court's information, we expect to be

23   through with closing arguments the very first week of

24   February.

25         And in the meantime, we have been spending time

1   trying to get up to speed in terms of just getting our arms

2   around the state materials that the Government has already

3   had an opportunity, apparently, to review in detail.  We

4   haven't had that opportunity yet.

5          And one of the issues is simply a matter of

6   allowing the defense to be on the same footing as the

7   Government, so that we can make an informed decision about

8   the recommendation, something that's well thought out,

9   comprehensive and addresses some of these complex issues that

10  we face.

11         And so that's the first thing.  And, of course,

12  the opportunity to meet with Mr. Dear, which we have not had

13  yet.  And spend time with him, spend time with co-counsel

14  there in Denver.  Do the type of investigation that needs to

15  be done to focus in on the issue of whether or not a 4241,

16  that issue is even necessary at this point.

17         And it's an unusual situation.  Just in terms of

18  the amount of material that the state has generated over the

19  past four years and as the Government concedes in its

20  filings, those documents, those records are relevant.  And

21  they were relevant for the Government's apparent decision to

22  seek the 4241 hearing.

23         And so first, we'd like the opportunity, of

24  course, to go through those same records and have our own

25  expert who we have not yet settled on.  We're still, you

1  know, we're sort of just unpacking here on this case as it's

2  likely to be a lengthy case given the nature of it, given the

3  history of it and just based on my involvement in cases of

4  this nature in the past.

5          It's always, in my view, better to just go, go

6  slow.  And let's not do precipitous in making important,

7  critical decisions which 4241 is in a case like this.

8          We're also concerned about the interruption of the

9  ongoing restorative measures that the state has been involved

10  in.  We don't want to do anything that might actually send us

11  in other directions if there is an issue of competency.

12          And also, of course, case law is unanimous and

13  it's not controversial in that the important considerations

14  that the Court can make in determining whether or not they

15  proceed with the 4241 hearing is, in fact, input of defense

16  counsel.  I think for fairly obvious reasons, but it involves

17  the ability of the defendant to work with counsel.

18          And we haven't had the opportunity to even meet

19  with Mr. Dear, so of course, we can't weigh in on whether or

20  not there is concern with respect to competency.

21          So, those are some of my initial comments.  And I

22  also, Your Honor, I do want to address something that I hope

23  we can just set aside for now.  And that is the issue of this

24  Faretta issue and just, there is no pending Faretta issue.

25          I mean, I don't think it would be helpful for

1    Government to open up that issue at this moment.  Especially

2    since we have not had an opportunity to even sit down and

3    speak to Mr. Dear.  I don't want to, I don't want to inflame

4    an issue, but really it doesn't exist at this point.

5            We can make our representation.  I know the Court

6    has presided over the counsel appearance, I believe it was on

7    the thirteenth of December in which there was no request made

8    for a Faretta hearing.  We are not making any representations

9    that Mr. Dear is seeking that at this time and so I'd like

10   for us to not have to raise that issue any further.

11           And so those are my initial comments, Your Honor,

12   and I'm very much interested in addressing any of the

13   concerns or questions that you might have now having read

14   through the motions and so I'll stop speaking for now and see

15   if I can address any concerns that the Court has.

16           One last, one last point though.  I see nothing at

17   all, Your Honor, or any harm whatsoever in this sixty day

18   extension given what I've laid out and given the fact that

19   there's absolutely no indication from any of the preliminary

20   statements that there is any type of say, danger of harm to

21   self or others.  None of that.  We've got four years of

22   history to rely upon in that regard.

23           And so, there's just no compelling reason to rush

24   forward without allowing us what we -- to do a reasonable

25   request for sixty days.

1            THE COURT:  Mr. Fleming, two questions for you.

2   There's a mention in your paper of the ten thousand pages of

3   documents that were produced by the Government related to the

4   previous evaluations and it was not clear to me whether you

5   believe that you now have in your possession all of the

6   written information pertaining to the previous evaluations or

7   not.  There seemed to be some suggestion that you may not

8   have some of the background information, for example, sources

9   of information that are referred to in those evaluations.

10  Can you address that issue?

11           MR. FLEMING:  I can.  I may need a little help

12  from our local counsel who has been diligent in organizing

13  and uploading all of the documents.

14           In terms of the scope of the materials that we've

15  received.  We've had a total of fifty-two thousand files, but

16  that's not -- but that doesn't include the pages.  Those are

17  separate files that we are now sifting through in state.

18           In terms of media files, we have eighteen thousand

19  media files and those include video taping materials and we

20  think there were fifteen separate evaluations done over the

21  course of the four years.

22           To get to your point though.  We are, we are -- we

23  cannot say with certainty that we've received all of the

24  materials that are referenced in the evaluations in the

25  summaries.

1          And so, it may be that there are more materials to

2    come.   I think the Government has been working, making a very

3    good effort at getting us the material.   I have no reason to

4    doubt that they're withholding anything.   It's simply a

5    matter of us trying to get what we have in an organized

6    database and then we can perhaps see what may still be

7    outstanding.

8          In terms of just volume.   We're looking at well

9    over fifty thousand pages of materials that we think are

10   hopefully the universe of documents that need to be reviewed.

11         And just making sure the materials, we're coming

12   up with making a list of, well okay, there's a reference to

13   this particular source of material that's included in a

14   particular report.

15         And so, no I don't think we have everything that

16   we need to get on equal footing with the Government.   And

17   maybe that the Government hasn't received everything that

18   they need at this point.   It's unclear whether the state

19   materials that the Government possesses are the universe of

20   materials that relates to the mental health evaluations over

21   the past four years.

22         So again, it's just another reason why we were in

23   need of this time.

24         THE COURT:   All right.

25         MR. FLEMING:   We have received a lot.

1             THE COURT:  Yes.

2             MR. FLEMING:  But I just, I can't say we've

3    received everything.

4             THE COURT:  All right.  Talk to me for a moment

5    about the defendant's position with respect to the law under

6    section 4241(a) about reasonable cause to order a competency

7    evaluation.

8             Is it your position that the existence of previous

9    competency evaluations is a factor to be considered in

10   deciding whether there is reasonable cause under 4241(a) or

11   not, but it is not a determinative factor?

12            MR. FLEMING:  The short answer is yes, Your Honor.

13   I think that's an accurate statement of the law and I think

14   that accurately states our view that it is, it is something

15   that Your Honor certainly should weigh.  How much weight to

16   give it?  Those are issues that we'd don't have to address

17   right now, but the short answer is yes that the information

18   is certainly -- and I think the Government is in agreement

19   with us on this point -- that that material, those findings

20   can and should be considered by Your Honor, but they are not

21   determinative.

22            Now, it may be that given the unique facts of this

23   case, after having had the opportunity to have the issues

24   presented by the parties, Your Honor finds that to give it

25   more weight or, or it certainly could influence Your Honor's

1   decision on whether to order a further competency hearing.

2          So, yes.  The summary that Your Honor gave is

3   accurate and we agree that it's not determinative, but it's

4   certainly significant in evaluating whether or not the

5   recommendation should be granted.

6          THE COURT:  And one last question for you.  As I

7   understand the law, there is an opportunity for the Court to

8   order a hearing under 4241(a) to evaluate whether there is

9   reasonable cause for a competency evaluation.  I understand

10  the law also not to require that an actual hearing be held.

11          As far as I can tell, at this stage of the game,

12  we have written arguments from both sides of the case with

13  respect to that.  The defendant, of course, is asking for an

14  opportunity to present more written argument to which the

15  Government would, of course, be given an opportunity to

16  reply.

17          Is the defendant, at this point, requesting that

18  there be a hearing under 4241(a) to determine whether there

19  is reasonable cause to have a competency evaluation?

20          MR. DEAR:  No, no.  I don't want any more

21  competency evaluations.

22          THE COURT:  All right.

23          MR. FLEMING:  Thank you, Mr. Dear.  And Your

24  Honor, to answer your question, the answer is that

25  determination is -- or that recommendation we would put forth

1   in the sixty days that we're requesting.  And then from

2   there, of course, Your Honor would make the decision on

3   whether to have a hearing.

4            And then at that point, if that were to happen, we

5   would then address the issues about the parameters of the

6   evaluation and all the details of the evaluation.  But our

7   position is that we need this time just to simply present our

8   recommendations to Your Honor.

9            THE COURT:  All right.

10           MR. FLEMING:  On whether or not a 4241(a) hearing

11   is necessary.

12           THE COURT:  All right.  Because I want to caution

13   you that to the extent that I'm inclined to allow additional

14   time here, it would not be additional time for the purpose of

15   the defendant responding in writing to the motion by saying,

16   we've reviewed all this information and now we really think

17   we need a hearing.

18           In other words, if I'm going to allow you

19   additional time, the additional time will be for you to

20   submit the defendant's position in writing and it's very

21   unlikely that I would permit a comprehensive delayed written

22   submission and a subsequent hearing.  I wanted to make you

23   aware of that.  Do you understand what I'm saying?

24           MR. FLEMING:  Your Honor, honestly, if you

25   wouldn't mind, I'd like to make sure I do.

1          Is the Court stating that if, assuming we have the

2   sixty days, what the Court would be looking for is a

3   comprehensive written submission on the issue of --

4          THE COURT:  Whether there is reasonable cause

5   under 4241(a).  Yes.

6          In other words, if I give you more time, I don't

7   want you to submit a five-page response that says we've now

8   reviewed all the materials.  We've met with Mr. Dear.  We're

9   in a position to respond to the Government's motion, but we

10  want a hearing.

11         If I give you more time, I'm giving you more time

12  so that you can develop your arguments and submit them to me

13  in writing in a written response.  Do you understand?

14         MR. FLEMING:  I do.

15         THE COURT:  Okay.

16         MR. FLEMING:  Yes, I understand.

17         THE COURT:  All right.  Thank you.  Let me ask

18  Government counsel to address the issue of more time.  Ms.

19  Rhyne.

20         MS. RHYNE:  Yes, Your Honor.  I think the most

21  important factor at this point is the Faretta issue.  And

22  defense counsel has asked you to engage in the fiction that

23  that is not before this Court.  That is not the case.

24         At the first hearing, Mr. Dear made an unequivocal

25  request to represent himself.  The fact that it didn't come

1   up as a topic in any manner at the second hearing does not

2   negate that initial request.

3           He also made comments this morning, "Thank you for

4   allowing me to represent myself."  Again, indicating to the

5   Court that he is persisting with his request.  That is

6   directly in front of this Court.

7           So, it isn't simply a matter of asking, you know,

8   should we allow the defense more time out of an abundance of

9   caution, this Court is in the position of having to weigh two

10  very important and conflicting interests in this case.

11          First, we have learned counsel and other counsel

12  asking for more time on the competency issue.  Second, we

13  have Mr. Dear's sixth amendment right to represent himself,

14  which this Court should turn to as soon as it possibly can

15  which means competency needs to dealt with in the most

16  efficient way possible.

17          So, I don't think it's as simple as the defense

18  counsel is saying.  Please ignore that.  You don't have that

19  ability given that this defendant has asserted that to the

20  Court.  And that is the most urgent issue regarding timing.

21          THE COURT:  And that's the only issue that's

22  urgent.  Right?  I mean, what other prejudice could there be

23  to the Government from allowing the defendant additional time

24  to respond in writing to the request for a competency

25  evaluation?

1          MS. RHYNE:  Well, I would say that is the most

2   urgent part, Your Honor.

3          Whether it's urgency or it can be described in

4   another manner, I would say most of the arguments that

5   they're making go to their preparation for an actual

6   competency hearing, not their preparation to weigh in for the

7   first, you know, phase of this request which is whether there

8   is reasonable cause.

9          THE COURT:  But tell me where I'm wrong, Mr.

10  Rhyne.  I do believe that the law is that the existence of

11  the previous competency evaluations is a factor for the Court

12  to consider in determining whether there is reasonable cause

13  to believe that there should be another competency evaluation

14  or not.  But it is not a determinative factor.

15          So, to the extent that the defendant wants to tell

16  me why it's not necessary to have another competency

17  evaluation, they simply have to address the previous

18  competency evaluations in some detail.  And I do not see how

19  they can do that under the current circumstances where the

20  learned counsel are in trial and in closing arguments until

21  the end of February.  They have ten thousand pages of

22  documents to review, which should be organized and reviewed.

23          And I just don't see how they can avoid the issue

24  of the validity or lack thereof of the previous competency

25  evaluations in trying to argue to the Court that there is or

1   is not reasonable cause for a new competency evaluation.

2   MR. DEAR:  Yes.  The validity.  They didn't, they

3   didn't have any back-up video tapes.  Nothing taped.  And

4   these all were a bunch of lies.  And it's all a cover up.  I

5   lost seven hours of videotapes with the cops the night of my

6   arrest.  They sealed it all, Judge Martinez sealed it all and

7   he's been replaced off the bench because of his

8   unconstitutional denying me my rights.

9   He denied me my rights to take the stand.  He was

10  thirty years on the bench.  He's been thrown off the bench.

11  THE COURT:  All right.  Ms. Rhyne, go ahead.

12  MR. FLEMING:  And just so I can -- I'm sorry, I'm

13  sorry to jump in, Your Honor.  And this is Mark Fleming

14  again.

15  And these are some of the issues we want to have

16  an opportunity to sit down and speak with Mr. Dear about.

17  And that's why I, I started off my discussion with urging the

18  parties not to address this issue.  It's not on the table

19  right now.  And it's only going to make things worse.

20  THE COURT:  I understand.

21  MR. FLEMING:  So, I think you do.  Thank you, Your

22  Honor.

23  THE COURT:  Thank you.  Ms. Rhyne, let me throw

24  out another thing that you can think about and also respond

25  to and that is in addition to the defendant's position of, in

1    my view under the law, having to address the previous

2    competency evaluations for purposes of what I have to decide.

3            There's also the issue of the fact that Mr. Dear

4    must be declared competent prior to being able to represent

5    himself.  And so, I understand your reference to the urgency

6    of the decision as to whether Mr. Dear can represent himself

7    or not.  But surely, you would concede that the need for a

8    competency evaluation must be decided prior to any decision

9    as to whether Mr. Dear can represent himself or not.

10           MS. RHYNE:  As to that question, Your Honor, the

11   answer is absolutely.  It must be decided first.

12           As to your prior question as to how and to what

13   degree the Court finds reasonable cause, I will admit that

14   there is a dearth of case law out there about what

15   constitutes reasonable cause in the first instance.  There is

16   far more about what constitutes or what the Judge has

17   discretion to weigh and balance at the competency hearing.

18           THE COURT:  Right.

19           MS. RHYNE:  So, I haven't seen the analysis of

20   whether factors are applied or whether there's simply one

21   factor that is sufficient to trigger the requirement.  What I

22   can say, and I would certainly allow defense counsel the

23   opportunity to explain why the fifteen prior evaluations

24   should not be -- should not constitute reasonable cause to

25   this Court.

1          Although, I find it incongruent for them to take

2    the position that it clearly puts together a pattern and a

3    record of him being incompetent in their brief and then

4    saying we just don't know.

5          I would say that without some really solid

6    explanation, I would worry about the record as it stands on

7    appeal without having an exam to establish definitively that

8    he is competent to go forward.

9          THE COURT:  All right.  As I understand the case

10   law cited in the defendant's brief, the only tenth circuit

11   opinion that addresses the reasonable cause finding under

12   4241 basically says there has to be some reason and that's

13   not terribly helpful.  But nevertheless, that is the state of

14   the law.

15         It's my interpretation from reading other cases

16   and that's why I asked defense counsel the question, that

17   essentially the existence of previous competency evaluations

18   is a factor to be considered.

19         But of course, you can understand that it may

20   weigh in favor of a new competency evaluation if the previous

21   competency evaluations were utterly, as Mr. Dear said,

22   invalid, incompetently conducted, etcetera.  Then that would

23   be a factor the Court would need to consider in deciding

24   whether a competency evaluation is required or not.

25         However, if they were not, if they not, if they

1  were done appropriately and properly and in accordance with

2  what the law requires and what the medical standards are,

3  etcetera, then that would also be a factor the Court would

4  need to consider.

5       But at this point, what I understand the defendant

6  to be saying is, they are not in the position to make an

7  argument one way or the other.  They simply have not had time

8  sufficient to review the medical records, both to meet with

9  Mr. Dear and to establish a relationship with him and to do

10 other groundwork which is reasonably necessary to bring this

11 argument to the Court's attention, to bring the arguments to

12 the Court's attention.

13      I frankly find that compelling.  I understand that

14 the Government has an interest in moving forward.  I

15 understand that Mr. Dear's sixth amendment right to represent

16 himself is at stake here.  But I also understand that the law

17 requires that there be some determination as to competency

18 before the decision about Mr. Dear's request to represent

19 himself can be ruled on.

20      And these circumstances are unusual.  This is a

21 capital case.  We do know that the law has routinely and

22 repeatedly and thoroughly exercised caution and admonished

23 courts to exercise caution in capital cases.

24      For all of those reasons, the Court is going to

25 grant the defendant's request for an extension of time to

 1   respond to the Government's motion for a competency

 2   evaluation.

 3            I do want to reiterate what I said previously

 4   about the extension of time.

 5            This is not an extension of time for the purpose

 6   of allowing the defendant to request a hearing under 4241(a)

 7   on whether there is reasonable cause or not.  In other words,

 8   I expect the defendant to address, in writing, in the

 9   extended time that I'm giving the defendant to do so, the

10   issue of whether there is reasonable cause or not.

11            The Court does not, at this juncture, intend to

12   hold a hearing and I think it would be extremely unlikely

13   that I would change my mind in that regard.  I want the

14   parties to put their arguments on paper.

15            So, with respect to the request for the extension

16   of time, the defendant has requested an additional sixty

17   days.  Today's date is January 16th, 2020.  Defense counsel

18   have indicated -- learned defense counsel have indicated that

19   they are wrapped up in trial in another matter in Nevada

20   through the end of the first week of February.

21            Therefore, I think it's reasonable to give the

22   defendant sixty days from today's date to respond to the

23   Government's motion for a competency evaluation under 18

24   U.S.C. section 4241 and I will require the defendant to file

25   a written response.  I want to pick a date that is not a

1   weekend date.  I'll look at the calendar.  Say on or before

2   Monday, March 16th, 2020.

3            I am not going to impose a page limit on the

4   defendant's response or on the Government's reply.  I want

5   you to be as thorough as you believe that you need to be.  To

6   the extent that you need to attach exhibits, you may do so.

7   Of course, you are aware of and will follow our local rules

8   with respect to restriction of exhibits.

9            But as I said counsel, please do not assume that

10  this is going to give you an opportunity to make an argument

11  for a hearing.  This is your opportunity to put your

12  arguments in writing.  The Court will consider those and of

13  course, will issue a written order in due course.

14           I'd like to ask the Government how much additional

15  time after filing of the defendant's response by no later

16  than March 16th.  The Government would need to file a reply.

17  Ms. Rhyne?

18           MS. RHYNE:  May I have a moment, Your Honor?

19           MS. RHYNE:  You may.

20           MR. DEAR:  No more competency.  That's what the

21  defendant says.  They're all wrong.  I'm totally competent.

22  I knew what I was doing.

23           THE COURT:  You're just a religious zealot.  I get

24  that.

25           MR. DEAR:  I knew what I was doing and I'd do it

1    again.

2              MR. FLEMING:  Judge.

3              THE COURT:  I understand.  Mr. Dear, just -- it's

4    better if you not --

5              MR. FLEMING:  Mr. Dear.  Mr. Dear.  This is Mark

6    Fleming.  We're going to, we're very much looking forward to

7    coming down and talking to you.  I know we haven't had a

8    chance to do that yet.  I want to hear all of what you have

9    to say as does Ms. Luem.  And so, we're making arrangements

10   to do that and I hope we have a really nice, long

11   conversation where we're going to pay very close attention to

12   all of your concerns.  Let's --

13             MR. DEAR:  Cover up.  Government cover up.

14             THE COURT:  All right.  Ms. Rhyne.

15             MR. FLEMING:  Okay.  We're going to get into all

16   of that.  So, we'll just finish up this hearing and then

17   we'll address all your issues in a more private setting.

18             MS. RHYNE:  Your Honor, at this point we'll ask

19   for two weeks.  Without knowing how long --

20             THE COURT:  I understand.

21             MS. RHYNE:  Yes.  Okay.  So, thank you.

22             THE COURT:  I understand.  So, once you see the

23   defendant's response, written response, to be filed on or

24   before March 16th, if you think you need more time because of

25   the length of the response and the comprehensiveness and the

1   amount of material the defendant provides, I want you to file

2   a written motion asking for an additional amount of time.

3            But at this point, I'll allow you until March 30th

4   which is two weeks from March 16th for the Government to file

5   any reply.

6            And as I said, Ms. Rhyne, you know, do file a

7   written motion for an extension of time on a reply if you

8   feel you need it once you've reviewed the defendant's

9   response.

10            MS. RHYNE:  Thank Your Honor.

11            THE COURT:  You're welcome.

12            MR. DEAR:  And it's a cover up.  They just left.

13   The two FBI agents just left.  He got his report.

14            THE COURT:  Anything else?  Thank you, Mr. Dear.

15   Anything else from --

16            MR. FLEMING:  I think that's all we have, Your

17   Honor.

18            THE COURT:  That's all the defendant has, Mr.

19   Fleming?  Is that --

20            MR. FLEMING:  That's all we have, Your Honor.

21            THE COURT:  Thank you.  Anything else from the

22   Government today, Mr. Rhyne?

23            MS. RHYNE:  No, Your Honor.  Thank you.

24            MR. FLEMING:  Thank you very much, Your Honor.

25            THE COURT:  Thank you.  We're in recess.

1          THE COURT CLERK:  All rise.  Court is in recess.

2                    (Time noted:  9:24 a.m.)

3                        * * * * *

4                        CERTIFICATE

5      I, RANDEL RAISON, certify that the foregoing is a

6  correct transcript from the official electronic sound

7  recording of the proceedings in the above-entitled matter, to

8  the best of my ability.

9

10

11  _____          January 17, 2020

12  Randel Raison

13

14

15

16

17

18

19

20

21

22

23

24

25