IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

      Defendant.

## PROTECTIVE ORDER

**Blackburn, J.**

The court has received, read, and reviewed the government's **Unopposed Motion for Stipulated Protective Order Regarding Discovery Materials** [#46],[1] filed March 27, 2020. The court finds good cause exists to impose limitations on the dissemination of certain discovery materials in this case provided by the United States or initially disclosed by the State of Colorado. Thus, after careful consideration of the motion, the record, and the apposite law, the court concludes ultimately that the motion should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the government's **Unopposed Motion for Stipulated Protective Order Regarding Discovery Materials** [#46], filed March 27, 2020, is granted;

2. That the following information may be designated and disclosed as subject to

---

[1] "[#46]" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The court uses this convention throughout this order.

this Protective Order:

    a.    surveillance videos from Planned Parenthood and nearby businesses from November 27, 2015;

    b.    the compiled narrative of what is depicted in the surveillance videos from Planned Parenthood from November 27, 2015;

    c.    surveillance videos from King Soopers from November 27, 2015;

    d.    surveillance videos from Woodland Park Hospital from November 27, 2015;

    e.    video recordings by law enforcement from November 27, 2015;

    f.    cell phone videos of events at or near Planned Parenthood from November 27, 2015;

    g.    photographs or images depicting injured or deceased victims;

    h.    photographs or images of faces of civilians present at Planned Parenthood on November 27, 2015;

    i.    any item identifying civilians who were present at Planned Parenthood on November 27, 2015;

    j.    any item containing medical, reproductive healthcare, autopsy, or psychological information of any third party;

    k.    911 calls, dispatch calls, and law enforcement communications regarding events at Planned Parenthood on November 27, 2015, and logs of such calls; video and/or audio recordings of interviews or conversations regarding events at Planned Parenthood on November 27, 2015, including those with the defendant; any item

    containing personal identifying information, including dates of birth, Social Security numbers, addresses, email addresses, telephone numbers, and financial account information;

  l. any items containing wage, salary, or job performance evaluation information of third parties; photographs or images depicting family members of the victims or other items identifying family members of the victims;

  m. NCIC reports, Global Activity Reports, or criminal incident reports relating to any third party;

  n. all administrative or service military records relating to any third party and documents referencing such records; and

  o. Planned Parenthood's Emergency Operations Manual;

 3. That the government shall label such discovery items with a "Protective Order" notation (hereinafter "protective order discovery");

 4. That where such a label cannot be affixed to an item, such as an audio or video recording, the government shall inform the defense that the recording is covered by the Protective Order;

 5. That defense counsel shall not disclose protective order discovery to any person, except the defense team, which includes defense counsel, legal and support staff, contractors, experts, mitigation specialists, defense victim outreach specialists, and investigators (collectively "authorized persons");

 6. That defense counsel shall ensure that all authorized persons provided access to protective order discovery, before being given access to the discovery

materials, be given a copy of the Protective Order, and be informed that the discovery materials are subject to the terms of the Protective Order and that the authorized person must comply with its terms;

7.  That defense counsel and authorized persons shall not use protective order discovery or any information contained within the discovery materials for any purpose other than for the purposes of litigating this case;

8.  That defense counsel and any authorized person shall not provide any member of the media with access to protective order discovery;

9.  That defense counsel may display these discovery materials as permitted by the Court during court proceedings;

10.  That unless otherwise agreed to by the parties, or ordered by the court, protective order discovery may not be retained by the defendant;

11.  That subject to the limitations set forth elsewhere in this order, the defendant may view protective order discovery, but only while in the direct presence of defense counsel;

12.  That defense counsel shall ensure that any protective order discovery that the defendant is allowed to view is returned to the physical possession of defense counsel;

13.  That defense counsel, and any authorized person, shall not provide the defendant with access to any discovery materials that reveal medical information or other healthcare information of third parties pertaining to any treatment or services sought or received from Planned Parenthood;

14.  That to facilitate the limitation in paragraph 13, *supra.*, the government shall

provide a copy of discovery with such information redacted which may be shared with the defendant subject to the other terms of this Protective Order;

15. That defense counsel, and any authorized person, shall not disclose to the defendant the type of reproductive health service that any person was seeking from Planned Parenthood;

16. That no person, other than an authorized person, may make any copy of protective order discovery for any purpose;

17. That an authorized person may make only such copies of protective order discovery as are strictly necessary to prepare a defense of the criminal case;

18. That defense counsel may maintain a copy of all protective order discovery in an electronic database;

19. That access to the database shall be restricted to defense counsel and authorized persons;

20. That defense counsel shall keep a written record concerning how many copies of protective order discovery were made, to whom those copies were delivered, and the date of delivery;

21. That if defense counsel files protective order discovery with the court as exhibits to motions, or in some other manner, defense counsel shall file them under Level 2 restriction pursuant to D.C.COLO.LCrR 47.1 so that only the filing party, the defendant, the government, and the court have access to them;

22. That if defense counsel files anything with the court that references personal identifying information, medical information, or other healthcare information, defense counsel shall file that document under Level 2 restriction pursuant to D.C.COLO.LCrR

47.1 so that only the filing party, defendant, the government, and the court have access to them;

23.  That a party may object to the designation of discovery as being governed by this Protective Order; provided, further, that objections shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions filing deadline;

24.  That documents subject to objection shall be filed as restricted, consistent with the provisions of this order; and

25.  That before filing any objection, the objecting party shall confer with counsel for the opposing party to attempt to resolve the objection(s).

Dated March 30, 2020, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge