IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE APRIL 15 FILING DEADLINE [DOC. # 48]**

    The United States of America submits this response in opposition to the defendant's motion to vacate the April 15 filing deadline. [Doc. # 48].

    The defense has now filed its fourth motion for an extension of time to respond to the government's motion for a competency evaluation. And this time, defense counsel request that the Court vacate the current filing deadline and not set a new one for some indeterminate period of time. In requesting this relief, however, the defense refuses to provide basic facts necessary for the Court to rule on the request. The Court should therefore deny the motion. In the alternative, the Court should require defense counsel to provide those facts—such as whether, and for how long, learned counsel and their mental health experts have met with Mr. Dear—and explain why that contact is insufficient for defense counsel to respond by the current deadline.

    The narrow question before the Court is whether there is "reasonable cause to

1

believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  Defense counsel contend that they cannot address this question by the current deadline on account of the COVID-19 pandemic.

The pandemic has required tremendous adaptation nationwide.  Teleworking has become the norm.  And meetings via telephone or video conference have replaced in-person meetings.  The parties in this case must adapt as well.  Defense counsel can confer with each other and with their experts via telephone or video conference.  They can similarly conduct interviews of any other witnesses over the telephone or by video.  And they can speak with Mr. Dear on the telephone.

The only thing defense counsel cannot do on account of the pandemic is meet with Mr. Dear in person.  Whether that limitation prevents the defense from responding by the current deadline depends on the extent to which learned counsel and their mental health experts have already met with Mr. Dear.  If they have already met with Mr. Dear in person, for example, there is no apparent reason why the defense cannot respond by the current deadline.  Hence, the extent of contact between counsel (and their experts) and Mr. Dear is relevant to the defense's request for an indefinite extension.  That is why, when defense counsel asked of the government's position on the present motion, the government requested that information to determine its

position.[1]

Defense counsel refused.  They assert that they cannot provide this information because it is privileged.  [Doc. # 48 at 3].  Not so.  Whether counsel have met with Mr. Dear in person, and for how long, is not protected either by the attorney-client privilege or Rule 1.6 of the ABA Model Rules of Professional Responsibility.

The attorney-client privilege only protects the content of a confidential communication made for the purpose of obtaining legal advice.  *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983), *citing* 8 Wigmore § 2292; *accord In re Grand Jury Subpoena to Kansas City Bd. of Pub. Util.*, 246 F.R.D. 673, 678 (D. Kan. 2007).   For its part, Rule 1.6 states that "disclosure [of information relating to the representation of a client] is impliedly authorized in order to carry out the representation."  ABA Model Rules of Professional Responsibility, Rule 1.6.  Defense counsel's purported need for the continuance is based on their inability to meet with Mr. Dear.  Thus, disclosing whether they have already met with Mr. Dear is "impliedly authorized" to carry out their representation.  Indeed, details regarding a lawyer's ability, or inability, to meet with a client, are routinely disclosed to justify requests for continuances.

In defense counsel's last motion for an extension, they assured the Court that they were working diligently to respond to the government's motion:  "Legal research and factual investigation, including review of thousands of pages of competency

---

[1] Attached as Exhibit A is the series of emails between the parties in which the government requests this information.

materials, are ongoing.  Counsel is also working to develop a trusting relationship with Mr. Dear, remaining mindful of all aspects of all of its obligations under the ABA Guidelines."  [Doc. # 43 at 5].   They requested more time so they could consult with learned counsel.  Learned counsel has now been available for consultation since February 24, 2020.  And local counsel has had ample opportunity to meet with Mr. Dear in person well before that date.  When these facts are combined with defense counsel's refusal to provide information regarding meetings with Mr. Dear, there is insufficient basis for an indefinite stay of the defense's deadline to respond.

The Court should therefore deny the motion.  In the alternative, the Court should require defense counsel to detail whether, and for how long, learned counsel and their mental health experts have already been able to meet with Mr. Dear and explain why these contacts do not provide them with sufficient information to respond to the government's motion.

Dated:  March 31, 2020

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:  s/ *Pegeen D. Rhyne*
Pegeen D. Rhyne
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Pegeen.Rhyne@usdoj.gov

5

By: s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov


ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: s/ *Mary J. Hahn*
Mary J. Hahn
Trial Attorney
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street, N.W./7.1108
Washington, D.C. 20002
Telephone: 202-305-0921
Fax:  202-514-6588
E-mail:  Mary.Hahn@usdoj.gov

5

## CERTIFICATE OF SERVICE

 I hereby certify that on March 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

| | |
|---|---|
| Natalie Stricklin | Natalie_Stricklin@fd.org |
| Rick Williamson | Rick_Williamson@fd.org |
| Veronica Rossman | Veronica_Rossman@fd.org |
| Mark F. Fleming | mark@markfleminglaw.com |
| Andrea L. Luem | Andrea@luemlaw.com |

By: s/ *Kayla Keiter*
Legal Assistant to AUSA Pegeen Rhyne
U.S. Attorney's Office