IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

**REPLY TO GOVERNMENT'S RESPONSE TO MR. DEAR'S MOTION TO VACATE THE APRIL 15 FILING DEADLINE**

    The government's response ["Response" ECF 50] to the defense motion to vacate the April 15 filing deadline ["Motion" ECF 48] ignores the dire conditions the defense faces due to the ongoing COVID-19 pandemic which render compliance with the April 15 deadline impossible. It also misstates the law governing the disclosure of defense work-product and the attendant ethical obligations under the rules of professional conduct.

    The government's Response urges exactly the wrong judicial action: it asks the Court to force the defense to blindly opine on the critical and complex issue of Mr. Dear's competency to proceed on a death-eligible prosecution without allowing any meaningful opportunity for counsel to visit with Mr. Dear; to conduct in-person interviews with critical witnesses; or to allow a defense mental health expert to provide medically sound recommendations.

1

### *The defense is unable to comply with the April 15 deadline due to travel and BOP legal visit restrictions resulting from the COVID-19 pandemic*

The Court should vacate the April 15 deadline.  There is no overriding urgency to rush forward.  Indeed, there is no pending disagreement between the parties concerning Mr. Dear's competency.  To date, neither party has alleged that Mr. Dear is incompetent to proceed.  The government sought a 4241 hearing not because it believes Mr. Dear is incompetent*,* but because it believes he is *competent*.  *See e.g.,* Government's Reply in Support for Competency Evaluation [ECF 36] at pages 7 – 11.

The defense has not alleged that Mr. Dear is incompetent.  For the very reasons articulated previously, the defense is not able to adequately assess the issue of Mr. Dear's competency absent the ability to meet and confer with him and to have meaningful participation from a defense mental health expert.  *See e.g.,* ECF 35-1, Declaration of Learned Counsel.

Rather than issue a *sua sponte* order to hold a 4241 hearing, this Court made the prudent decision to allow adequate time for defense counsel to consider the issue and then submit a recommendation.  *See* ECF 42, Transcript of 1/16/20 telephonic hearing at page 24.  Further, the Court acknowledged that learned counsel were engaged in a lengthy RICO murder trial and needed time to transition into this case before they could focus on the competency issue.  *Id*.  That trial ended on February 24.  *See United States v. Pastor Palafox*, 16cr-GMN, ECF 2126 (acquittals on all counts).

Just as learned counsel turned their attention to the competency issue, the COVID-19 pandemic erupted.  Seventeen days after the RICO trial ended, the Bureau of Prisons suspended all legal visits in all its facilities.  *See* Motion at 3.  The virus is

2

spreading within the BOP as of this filing.   Nationally, 138 inmates and 59 BOP staff have contracted the virus.  See https://www.bop.gov/coronavirus/.  The 17-day window did not provide sufficient time for learned counsel to review the relevant mental health records[1], interview Mr. Dear, or consult with and/or have a mental health expert conduct an evaluation, particularly since there was no way to know the BOP would cut off visitation.

Since then, COVID-19 has disrupted daily life for virtually the entire United States.  All defense counsel and experts remain under "stay-at-home" orders imposed by the governors of California, Nevada and Colorado.  *Id.*  Under these unique circumstances, the defense has not had a reasonable opportunity to do the bare minimum necessary to comply with this Court's request for a recommendation concerning the need for a 4241 hearing.  *See* Motion at pages 1 – 4.

This obvious roadblock is explained in detail in the original Motion.  Yet the government continues to insist that the defense should be forced to comply with the April 15 deadline *or* provide greater details of "whether, and for how long, learned counsel and their mental health experts have already been able to meet with Mr. Dear and explain why these contacts do not provide them with sufficient information to respond…" Response at 4.

For the reasons stated, the defense cannot comply with the April 15 deadline.  The second option, disclosure to the government of what is clearly protected defense

---

[1] The government provided several thousand pages of mental health materials.

work-product, is also untenable.  However, as stated in the Motion, the defense is willing to provide this information to the Court *ex part*e.  *See* Motion at pp 3-4, fn. 7.

<u>*The details concerning meetings between Mr. Dear and defense counsel and defense experts are protected work product*</u>

The Court should not allow the government to dictate the bases for extending a filing deadline, and certainly not via disclosure of confidential matters.  Details concerning whether and for how long learned counsel and defense mental health experts have met with Mr. Dear are unquestionably protected work product.   *See* D.C.COLO.LAttyR 1(c) and 2(a).  So too would be a compelled explanation by defense counsel of why these contacts were insufficient to comply with the current deadline.  *Id*.

Colorado Rules of Professional Conduct ("CRPC"), Rule 1.6 states: "(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b). […]  (c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client." The confidentiality rule applies not only to matters communicated in confidence by the client, but also to all information relating to the representation, whatever its source**.**  A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law.  *Id*. at Note 3.

Information regarding contact with Mr. Dear, including the number and length of any meetings with counsel or mental health experts is clearly "related to the representation" of Mr. Dear, as defined in CPRC 1.6.   Yet this is precisely the

4

information the government demands.  Worse, the government insists that defense counsel not only provide this information, but also *explain why* these contacts are insufficient.  Response at 4.  This too would require improperly disclosing confidential work-product.

The government cannot define the scope of what defense counsel is free to disclose under Rule 1.6.   A defense attorney owes a duty to the client to make ongoing determinations of what they are expressly authorized to disclose, and what they are implicitly authorized to disclose.  Defense counsel cannot substitute the government's view of what constitutes privileged information in place of their own ethical judgment.  It is solely defense counsel's responsibility to protect their client's confidential information, and to limit such disclosures "only to the extent necessary to protect the client's interests." *United States v. Maxton,* No. 13-cr-00411-PAB, 2013 U.S. Dist. LEXIS 180095, at *10-11 (D. Colo. Dec. 24, 2013), citing CRPC 1.14(c).

The information disclosed by the defense in the pending motions was carefully tailored to establish good cause for vacating the April 15 filing deadline, without violating undersigned counsels' ethical obligation to limit such disclosure to the extent necessary. Consistent with that ethical obligation, undersigned counsel is not at liberty to disclose any additional information to the government.

*Conclusion*

For the reasons set forth in the Motion and this reply, Mr. Dear respectfully requests that the Court vacate the April 15 deadline and order that the parties file a status report no later than June 15, 2020, addressing the response date to the 4241 motion. Should the Court deem it necessary, undersigned counsel will disclose *ex parte* additional information, including a further explanation of why counsel and defense experts have not had sufficient contact with Mr. Dear to comply with the current deadline.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant

| *Natalie G. Stricklin* | s/ Veronica S. Rossman |
|---|---|
| NATALIE G. STRICKLIN | VERONICA S. ROSSMAN |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| 633 17th Street, Suite 1000 | 633 17th Street, Suite 1000 |
| Denver, CO  80202 | Denver, CO 80202 |
| Telephone:   (303) 294-7002 | Telephone:   (303) 294-7002 |
| FAX:             (303) 294-1192 | FAX:             (303) 294-1192 |
| Email: Natalie_Stricklin@fd.org | Email: Veronica_Rossman@fd.org |
| Attorney for Defendant | Attorney for Defendant |

LEARNED COUNSEL:

| | |
|---|---|
| Mark F. Fleming | Andrea L. Luem |
| MARK F. FLEMING, ESQ. | ANDREA L. LUEM, ESQ. |
| Law Office of Mark Fleming | 400 South Fourth Street, Suite 500 |
| 1470 Encinitas Blvd., Suite 133 | Las Vegas, NV 89101 |
| Encinitas, CA 92024 | Telephone:   (702) 600-8403 |
| Telephone:   (619) 300-6202 | FAX:           (702) 550-7712 |
| Email: mark@markfleminglaw.com | Email: Andrea@luemlaw.com |
| Attorney for Defendant | Attorney for Defendant |

## CERTIFICATE OF SERVICE

I certify that on April 6, 2020, I filed the foregoing Motion to Vacate Deadline with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

                                    s/ Mark Fleming
                                    Mark Fleming
                                    Learned Counsel for Robert Dear, Jr.
                                    1470 Encinitas Blvd., Suite 133
                                    Encinitas, CA 92024