IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00506-REB
UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,
    Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S FIFTH MOTION FOR EXTENSION OF TIME [DOC. # 53]**

The United States of America submits this response in opposition to the defendant's fifth motion for extension of time to file his response to the government's motion for a competency evaluation.  [Doc. # 53].

In granting the defense a two-month extension of time to June 15, 2020, to file its response to the government's motion for a competency evaluation, the Court ordered that any further requests for extensions "shall explain precisely what additional activities must be completed by defense counsel and/or experts and how much time is requested to complete those activities."  [Doc. # 52].  Addressing the defendant's stated concern about revealing information protected by the attorney-client or work-product privileges, the Court advised that the defense could file any additional requests under restriction as permitted by D.C.COLO.LCrR 47.1.  [*Id*].

Instead of following the Court's order, the defense has yet again requested an extension of time without providing specific information to support its request.  [*See* Doc. # 53].  The defense acknowledges that it has been able to meet with its expert and

1

conduct interviews via video conferencing. [*Id.* at 2]. As of the date of this filing, the defense has three additional interviews to conduct with the last scheduled for June 10, 2020, *i.e.* prior to the current June 15, 2020 deadline. [*Id.*].

The defense provides no fact-based explanation for its request for an additional 45 days to file its response. Instead, it states generically that it needs to consult its expert, do additional research, and secure affidavits. [*Id.*]. These tasks do not justify the requested 45-day extension. And rather than supply the Court with precise information to support its request, as the Court had ordered, the defense appears to suggest that the Court should defer to the unilateral judgement of the defense based on its "extensive experience addressing competency issues in death penalty cases." [*Id.*].

But delay for the sake of delay is a common defense strategy and does not justify an extension. The Court must have sufficient information to render its own judgement about the merits of this request. The defense has not supplied this information despite being put on notice of the Court's expectation.

It also appears likely that the defense's current investigation has gone beyond the narrow threshold issue that is currently before the Court—*i.e.* whether there is "*reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added). Based on its repeated assertions that it needs more time to conduct an extensive investigation, the defense appears to be reaching past this threshold issue to the ultimate one of competency itself. [*See* Doc. # 53 at 2] (contending that "the legitimacy of the

2

longstanding determination, made in the pending parallel state capital case," is at stake). At this point, the government expects that the defense's responsive filing will bypass the threshold issue before the Court and instead urge the Court to find Mr. Dear incompetent without ordering a competency examination.

The defense should not receive any additional time to pursue this improper strategy. In considering a motion for a competency hearing, the Court is not to determine whether the defendant is incompetent. *United States v. Metcalfe*, 698 F.2d 877, 881 (7th Cir. 1983); *Rose v. United States*, 513 F.2d 1251, 1255 (8th Cir. 1975) ("The court is not to make an initial inquiry into whether the accused is in fact competent before it orders the [ ] examination."). The Court is only to determine whether there is reasonable cause to believe that the defendant may be. *Metcalfe*, 698 F.2d at 881; *Rose*, 513 F.2d at 1255. The defense has had more than enough time to address this threshold issue—the only issue before the Court—and should not receive additional time to address questions that are properly the subject of an actual competency hearing.

In sum, the defense has had plenty of time to address the narrow, threshold question before the Court, and it has not supported its fifth request for an extension of time with specific facts as ordered by the Court. The Court should therefore deny the requested extension of time.

Dated:  June 2, 2020

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:  s/ *Pegeen D. Rhyne*
Pegeen D. Rhyne
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Pegeen.Rhyne@usdoj.gov

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov


ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:  s/ *Mary J. Hahn*
Mary J. Hahn
Trial Attorney
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street, N.W./7.1108
Washington, D.C. 20002
Telephone: 202-305-0921
Fax:  202-514-6588
E-mail:  Mary.Hahn@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this 2nd day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

| | |
|---|---|
| Natalie Stricklin | Natalie_Stricklin@fd.org |
| Rick Williamson | Rick_Williamson@fd.org |
| Veronica Rossman | Veronica_Rossman@fd.org |
| Mark F. Fleming | mark@markfleminglaw.com |
| Andrea L. Luem | Andrea@luemlaw.com |

*s/ Kayla Keiter*
Legal Assistant for AUSA Pegeen D. Rhyne
United States Attorney's Office