**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

      Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF EXTENSION MOTION [ECF No. 53]**

The defendant, Robert Lewis Dear, Jr. ("Mr. Dear"), through undersigned counsel, respectfully submits this reply supporting his request for an additional 45 days (until August 1) to respond to the government's 4241 Motion [ECF No. 53] ("Extension Motion").

The government argues Mr. Dear is seeking "delay for the sake of delay." (ECF No. 55 at 2) ("Opposition"). Not so. The government makes unwarranted and inaccurate assumptions about defense strategy, avoids the unusual posture of its 4241 Motion, and ignores the practical challenges of defending a capital case during a global pandemic. The defense's extension request is well founded; it is reasonable, justified, made in good faith—and final. Mr. Dear asks this Court to grant additional time for the reasons stated in the Extension Motion, or, if this Court requires greater specificity, to allow the defense to submit an *ex parte* supplemental filing before ruling on the request.  In this reply, the defense briefly addresses two inaccurate contentions made in the government's Opposition.

**1.     The Extension Motion complies with this Court's April 9 Order (ECF No. 52).**  The government contends the defense failed to abide by this Court's April 9 Order in seeking additional time for its response to the 4241 Motion.  This is incorrect.

On April 9, in granting the defense an extension over the government's objection, this Court held there had "not [been] a sufficient amount of time for counsel and their mental health experts, if any, to consult with the Defendant regarding the competency issue." (ECF No. 52, 4/9/2020) ("April 9 Order"). While recognizing the impact of pandemic-related restrictions on travel and client visits, this Court nonetheless "caution[ed] counsel that continued inability to meet with the Defendant in person may not be adequate grounds for further extensions of time. Remote meetings by video or telephone may have to suffice under the present circumstances." (*Id.*). Finally, this Court granted the defense an extension until June 15 and ordered that "[a]ny further requests for extensions of time to respond to the Motion for Competency Determination may be filed under restriction pursuant to D.C.COLO.LCrR 47.1 and shall explain precisely what additional activities must be completed by defense counsel and/or experts and how much time is requested to complete those activities." (*Id.*).

The defense expressly invoked the April 9 Order in the Extension Motion, and, as directed, precisely explained **the additional work that remained** (complete ongoing, expert review of substantial volumes of state competency materials, medical records, and federal discovery; engage in expert consultation with the defense team via video conferencing; conduct video conference interviews of essential witnesses through June 10; perform additional legal research; secure affidavits supporting the response; and

finalize and file the response brief), and **the time needed to complete those activities** (an additional 45 days).

The Extension Motion also acknowledged the portion of the April 9 Order stating that requests for additional time "*may* be filed under restriction pursuant to D.C.COLO.LCrR 47.1." (emphasis added). However, the defense chose to explain why it needed more time in a publicly filed document, which follows the general policy in this judicial district that "the public shall have access to all cases and documents filed with the court and all court proceedings." D.C.COLO.LCrR 47.1(a). The defense also stated it would provide additional information, if this Court so directed, in an *ex parte* supplement—this, to maintain work product protections and client confidences. The Extension Motion complies with the April 9 Order, and the government's contrary assertions should be rejected.

2.   **Mr. Dear's response will address only the issues raised by the government in its 4241 Motion**. The prosecution urges this Court to deny the Extension Motion because it believes the defense is doing too much—namely, going outside the scope of the 4241 Motion to address the ultimate competency determination. The government is wrong for at least three reasons.

First, the government's speculation about what constitutes an appropriate amount of defense work is irrelevant.

Second, the government is not precise about the question it has presented in the 4241 Motion. The only issue now pending is whether this Court should order further inquiry into Mr. Dear's competence to stand trial under 18 U.S.C. § 4241. While the

question may be threshold and narrow, as the government contends, it is by no means simple.

The 4241 Motion arises in a highly unusual context, which the government has consistently avoided. Since there are already numerous determinations that Mr. Dear is incompetent to proceed in his identical, pending state capital case, it is not immediately obvious why any additional competency proceedings would be necessary in the federal case. Certainly, a defendant's competence to stand trial cannot depend on the forum in which he is charged. Moreover, the government maintains that Mr. Dear is competent and rests its 4241 Motion on a state incompetency process that allegedly suffers from "notable problems." The government has never made an offer of proof on the issue, but concedes the state competency proceedings are relevant to the 4241 Motion. Under these circumstances, at the very least, there must be a careful review of the state competency process before this Court can exercise its discretion under Section 4241.

At the January 16, 2020, this Court made clear this is precisely how it understood the question presented in the government's 4241 Motion and the work required for the defense to answer it. This Court said:

> [T]o the extent that the defendant wants to tell me why it's not necessary to have another competency evaluation, they simply have to address the previous competency evaluations in some detail. And I do not see how they can do that under the current circumstances where the learned counsel are in trial and in closing arguments until the end of February. They have ten thousand pages of documents to review, which should be organized and reviewed.
> And I just don't see how they can avoid the issue of the validity or lack thereof of the previous competency evaluations in trying to argue to the Court that there is or is not reasonable cause for a new competency evaluation.

(Tr. of Proceedings before The Honorable Magistrate Judge Mix, 1/16/2020, at 20-21).

Finally, the government pays no mind to this Court's long-standing expectation that the defense will file a "comprehensive written" response to the 4241 Motion. Before the pandemic, when the Court first granted an extension of time, the defense confirmed its understanding of what a sufficient response would require:

> Magistrate Judge Mix: "[I]f I give you more time, I don't want you to submit a five-page response that says we've now reviewed all the materials. We've met with Mr. Dear. We're in a position to respond to the Government's motion, but we want a hearing. If I give you more time, I'm giving you more time so that you can develop your arguments and submit them to me in writing in a written response. Do you understand?
>
> MR. FLEMING: I do.

(*Id.* at 18). This Court also told defense counsel: "I want you to be as thorough as you believe that you need to be [in the response filing]. To the extent that you need to attach exhibits, you may do so." (*Id.* at 26). No page limit was imposed "on the defendant's response or on the Government's reply." (*Id.*).

The Extension Motion was submitted to ensure the defense could complete the work required to address the question before this Court and submit the comprehensive response the Court is expecting. Mr. Dear respectfully asks this Court to reject the government's Opposition and extend the response deadline until August 1.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant



s/ Natalie G. Stricklin
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

s/ Veronica S. Rossman
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

APPOINTED LEARNED COUNSEL:

| | |
|---|---|
| s/ Mark F. Fleming<br>MARK F. FLEMING, ESQ.<br>Law Office of Mark Fleming<br>1470 Encinitas Blvd., Suite 133<br>Encinitas, CA 92024<br>Telephone: (619) 300-6202<br>Email: mark@markfleminglaw.com<br>Attorney for Defendant | s/ Andrea L. Luem<br>ANDREA L. LUEM, ESQ.<br>400 South Fourth Street, Suite 500<br>Las Vegas, NV 89101<br>Telephone: (702) 600-8403<br>FAX: (702) 550-7712<br>Email: Andrea@luemlaw.com<br>Attorney for Defendant |

<div align="center">CERTIFICATE OF SERVICE</div>

I certify that on June 4, 2020, I filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF EXTENSION MOTION [ECF No. 53]** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail: pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail: rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail: mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)

<div style="margin-left:50%">s/ Veronica S. Rossman<br>VERONICA S. ROSSMAN<br>Assistant Federal Public Defender<br>633 17th Street, Suite 1000<br>Denver, CO 80202<br>Telephone: (303) 294-7002<br>FAX: (303) 294-1192<br>Email: Veronica_Rossman@fd.org<br>Attorney for Defendant</div>

7