# Attachment A

**From:** Rhyne, Pegeen (USACO) <Pegeen.Rhyne@usdoj.gov>
**Sent:** Tuesday, November 24, 2020 9:40 AM
**To:** Mark Mark Fleming <mark@markfleminglaw.com>
**Cc:** Andrea@LuemLaw.com; Natalie Stricklin <Natalie_Stricklin@fd.org>; Veronica Rossman <Veronica_Rossman@fd.org>; Rick Williamson <Rick_Williamson@fd.org>; Hahn, Mary (CRT) <Mary.Hahn@usdoj.gov>; Mohan, Rajiv (USACO) <Rajiv.Mohan@usdoj.gov>
**Subject:** RE: 19-cr-00506-REB: USA v. Dear

Hi Mark,

The CMHIP records on 9/25/19 reflect: "During the past year, Mr. Dear has had no significant medical problems." He was taking no medication and recent labs were "unremarkable." There is a reference to "possible hypertension," but there is no actual diagnosis. We are not in a position to agree that Mr. Dear has pre-existing conditions. Nonetheless, BOP has Mr. Dear's current medical records and will take every necessary precaution.

The competency examination is extremely important and must be done in whichever facility BOP determines will yield the most reliable assessment. As you know, this is particularly true if Mr. Dear decides not to cooperate during clinical interviews. When I inquired with BOP about this in December 2019, BOP's National Forensic Evaluations Coordinator had specific reasons for determining that a competency examination of Mr. Dear would need to be conducted at a Federal Medical Center. The government will support BOP's assessment about where Mr. Dear's competency examination should occur, and we expect that it will be at a Federal Medical Center. Hopefully, we will hear from BOP on this soon.

I understand that you will object to Mr. Dear being transported to a Federal Medical Center. You should prepare your filing.

Thank you,
Pegeen

---

**From:** mark fleming <mark@markfleminglaw.com>
**Sent:** Tuesday, November 24, 2020 9:04 AM
**To:** Rhyne, Pegeen (USACO) <PRhyne@usa.doj.gov>
**Cc:** andrea_luemlaw.com <andrea@luemlaw.com>; Natalie Stricklin <Natalie_Stricklin@fd.org>; Veronica Rossman <Veronica_Rossman@fd.org>; Rick Williamson <Rick_Williamson@fd.org>; Hahn, Mary (CRT) <Mary.Hahn@crt.usdoj.gov>; Mohan, Rajiv (USACO) <rmohan@usa.doj.gov>
**Subject:** Re: 19-cr-00506-REB: USA v. Dear

Pegeen,

We are not able to share all the details of Mr. Dear's current medical condition as that information is protected. But there is ample evidence in the record of his pre-existing conditions. For example, the state court's *Sell* hearing transcripts and order (attached) set forth various medical conditions that obviously put him at high risk.

Please state whether you agree with the language proposed in yesterday's email. My recollection is that the government has already represented to the court that your medical expert could go into Englewood and examine Mr. Dear.

Regards,
Mark

**From:** Rhyne, Pegeen (USACO) <Pegeen.Rhyne@usdoj.gov>
**Sent:** Monday, November 23, 2020 3:47 PM
**To:** mark fleming <mark@markfleminglaw.com>
**Cc:** andrea_luemlaw.com <andrea@luemlaw.com>; Natalie Stricklin <Natalie_Stricklin@fd.org>; Veronica Rossman <Veronica_Rossman@fd.org>; Rick Williamson <Rick_Williamson@fd.org>; Hahn, Mary (CRT) <Mary.Hahn@usdoj.gov>; Mohan, Rajiv (USACO) <Rajiv.Mohan@usdoj.gov>
**Subject:** RE: 19-cr-00506-REB: USA v. Dear

Hi Mark,

Which pre-existing conditions are you referring to?

Thank you,
Pegeen

**From:** mark fleming <mark@markfleminglaw.com>
**Sent:** Monday, November 23, 2020 2:33 PM
**To:** Rhyne, Pegeen (USACO) <PRhyne@usa.doj.gov>
**Cc:** andrea_luemlaw.com <andrea@luemlaw.com>; Natalie Stricklin <Natalie_Stricklin@fd.org>; Veronica Rossman <Veronica_Rossman@fd.org>; Rick Williamson <Rick_Williamson@fd.org>; Hahn, Mary (CRT) <Mary.Hahn@crt.usdoj.gov>; Mohan, Rajiv (USACO) <rmohan@usa.doj.gov>
**Subject:** Re: 19-cr-00506-REB: USA v. Dear

Hello Counsel,

We are waiting for final confirmation from BOP legal, but we know that FDC Englewood is able to conduct competency examinations. Several examinations were done at the facility in the pending cases. Mr. Dear has pre-existing conditions that place him at high-risk for COVID. Transporting him to another facility is too great a danger. We also learned that the BOP transports for evals or restoration currently takes several months. And conducting the

examination at FDC Englewood is consistent with 4247(b)'s directive that unless impracticable, the examination shall be conducted in the suitable facility closest to the court.

We ask that the government join the defense in a stipulation that Mr. Dear's evaluation should take place at FDC Englewood by a qualified examiner selected by the BOP. That will expediate the examination and not expose Mr. Dear to unnecessary risk. If this is acceptable, we will prepare a draft stipulation and send to you tomorrow. We will object to Mr. Dear being transported elsewhere for the examination.

Please let us know your position, and whether you would like to discuss this further.

Thank you,
Mark