IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant Robert Lewis Dear, Jr.'s **Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(a) and 4247(b)** [#72][1] (the "Motion"). The Government filed the **United States' Response in Opposition to Defendant's Motion for Competency Examination** [#76] (the "Response"), and the Defendant filed a **Reply in Support of Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(b) and 4247 (b)** [#79] (the "Reply"). The Court has reviewed the pleadings, the case file and the applicable law and is fully advised in the premises. For the reasons explained below, the Motion [#72] is **denied.**

The dispute addressed in the above pleadings is about where the Defendant's competency evaluation should take place.[2] He is presently incarcerated at the Federal

---

    [1] "[#72]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

    [2] The Court ordered the Defendant to undergo a competency evaluation following a hearing held on November 20, 2020. *See Minutes* [#70]. The Court stayed its Order to allow counsel an

1

Detention Center in Englewood, Colorado ("FDC-Englewood"), and requests that the evaluation occur there. The Government notes that the Bureau of Prisons has "determined that Mr. Dear's court-ordered competency examination should take place at the U.S. Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri." *Response* [#76] at 1.

The parties' pleadings state the reasons for their views about the proper location for Mr. Dear's competency evaluation, as follows. Mr. Dear primarily asserts that a local evaluation will mitigate the risks associated with transporting him during the current COVID-19 pandemic and "safeguards the critical right of a capital defendant to have meaningful access to his defense team." *Motion* [#72] at 2. He adds that a local evaluation "increases the likelihood that it will take place without undue delay and without compromising Mr. Dear's constitutional rights." *Id.* On the other hand, the Government contends that the evaluation should occur at USMCFP-Springfield because when compared to FDC-Englewood, the Missouri facility is better suited to the purpose. According to the Government, FDC-Englewood is "not a suitable facility given the severity of Mr. Dear's alleged mental health diagnosis," whereas USMCFP-Springfield has staff who are experienced in "more complex evaluations and ones in high profile cases." Moreover, FDC-Englewood "cannot accommodate the type of around-the-clock observation that will likely be important in conducting" the examination, whereas USMCFP-Springfield "can also provide comprehensive psychiatric services and housing options that are tailored to Mr. Dear's needs." The Government further asserts that USMCFP-Springfield has experience

---

opportunity to confer about the location of the evaluation. The parties did not reach an agreement and the Motion [#72] followed. After filing of the Motion [#72], the Government filed a notice of its intention not to seek the death penalty against the Defendant. *See Notice* [#74].

video recording competency examinations, whereas FDC-Englewood does not. *Response* [#76] at 3-4.

There is no disagreement that the Bureau of Prisons has selected USMCFP-Springfield as the most suitable facility for conducting Mr. Dear's competency examination. In light of the applicable statutory language and case precedent, the Bureau of Prison's decision is entitled to significant deference, if not automatic approval, by the Court. First, 18 U.S.C. § 4247(b) provides that "the court may commit the person to be examined for a reasonable period . . . and . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." A straightforward reading of the plain statutory language suggests that, although the decision to order a psychiatric examination is discretionary with the court, the decision about which facility is most suitable for the examination is to be made by the Attorney General, not by the court.[3] Moreover, I agree with a sister court in this Circuit which has held that 18 U.S.C. § 4247 affords the same level of discretion to the Bureau of Prisons about the location of a psychiatric examination that is afforded to the BOP to determine where to confine an inmate. *See United States v. Martin*, No. CR08-1012 JB, 2011 WL 5220310, at *14 (D.N.M. Sept. 27, 2011). According to the *Martin* court:

> Given . . . the discretion that Congress normally gives to the Bureau of Prisons on where to house a particular inmate, a court should construe the language in this statute consistently with the Bureau of Prisons' typical

---

[3] The Bureau of Prisons is the designee of the Attorney General for these purposes. *See, e.g.*, *United States v. DeLeon*, No. CR 15-4268 JB, 2017 WL 2297040, at *9 (D.N.M. May 1, 2017) (ordering pursuant to 18 U.S.C. § 4247(b) that the defendant be "committed to the custody of the Attorney General for placement in a suitable facility designated by the Federal Bureau of Prisons (BOP) to undergo examination by a licensed certified psychologist").

3

> discretion. Here, 18 U.S.C. § 4247(b) indicates that the inmate goes into "the *custody* of the Attorney General for placement in a *suitable* facility." 18 U.S.C. § 4247(b). This language indicates some level of discretion on the part of the Bureau of Prisons to decide where to house the inmate. *See* 18 U.S.C. § 4247(b). In other contexts, the Bureau of Prisons almost uniformly has the authority to exercise that discretion. *See* 18 U.S.C. § 3621; *United States v. Williams,* 65 F.3d [301,] 307 [(2d Cir. 1995)]. Thus, the Bureau of Prisons makes the ultimate decision where the examination under 18 U.S.C. § 4247(b) takes place.

*Martin*, 2011 WL 5220310, at *14 (emphasis in original). The Court has located no authority to the contrary, and the *Martin* court noted that "no cases have dealt with a district court's authority to order that a mental examination under [18 U.S.C. § 4247(b)] take place at a particular location." *Id.*

It is worth noting that the statutory language itself and the interpretation of it provided in *Martin* make sense in a couple of different ways. First, the Bureau of Prisons is indisputably more knowledgeable than the Court about the advantages and disadvantages of its various facilities for conducting competency evaluations in any given case, including this one. Second, allowing the Bureau of Prisons to exercise its statutory discretion without routine court interference promotes efficiency and avoids delay in prosecution of the case, thus providing irrefutable benefits to both the Government and the defendant.

Finally, the Defendant's objection that USMCFP-Springfield is not the closest facility to the court is overruled. 18 U.S.C. § 4247(b) clearly permits the Attorney General to designate a "suitable" facility that is not the closest to the court, and the Government has offered a variety of explanations supporting the Bureau of Prisons' selection of USMCFP-Springfield over FDC-Englewood. Moreover, the Government points out that USMCFP-Springfield "is the closest Federal Medical Center to Colorado." *Response* [#76] at 3 n.1. Likewise, the Defendant's objection to transportation to Missouri in light of the COVID-19

pandemic is outweighed by the rationale offered by the Government for the superiority of the Springfield facility for the purpose of conducting Mr. Dear's competency evaluation, as well as the robust COVID-19 screening, quarantine, and treatment protocols used by the BOP.  *Id.* at 9-10.

Accordingly, IT IS HEREBY **ORDERED** as follows:

1.  To the extent that the Defendant's **Motion for Order Regarding Competency Examination Under 18 U.S.C. § 4241(a) and 18 U.S.C. § 4247(b)** [#72] requests that the Court order the Defendant to be examined at FDC-Englewood, the Motion is **DENIED.**

2.  The Defendant is committed to the custody of the Attorney General for a reasonable period not to exceed thirty days for the purpose of conducting a competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247.  Pursuant to the **United States' Response in Opposition to Defendant's Motion for an Order Regarding Competency Examination** [#76], which indicates that the Bureau of Prisons has selected USMCFP-Springfield as the facility where the evaluation will be conducted, the competency evaluation of the Defendant shall be conducted at USMCFP-Springfield.

3.  **On or before January 8, 2021**, the United States shall file a notice identifying each examiner who will conduct the competency evaluation of the defendant, in accordance with 18 U.S.C. § 4247(b).

Dated:  January 6, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge