IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

---

**DEFENDANT'S MOTION TO STAY EXECUTION OF COMMITMENT ORDER PENDING INTERLOCUTORY APPEAL**

---

Defendant Robert Lewis Dear, through counsel, respectfully moves to stay execution of this Court's January 6 commitment order [ECF No. 82] pending the resolution of the interlocutory appellate proceedings. The parties have conferred, and the government opposes this request. In support, counsel states:

*Procedural History*

1. On November 30, 2020, Mr. Dear filed his Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(b) and 4247(b) (the "Motion") [ECF No. 72], asking that his pretrial competency examination under 18 U.S.C. § 4241(b): (i) shall be conducted by a licensed or certified psychiatrist or psychologist affiliated with the Bureau of Prisons, and (ii) shall take place at the Federal Detention Center (FDC) Englewood. Mr. Dear also requested an evidentiary hearing on the issue. (*See* ECF No. 78, 12/22/20, Reply to Response).

2. On December 1, 2020, the Honorable District Court Judge Robert E. Blackburn referred the Motion to the Honorable Magistrate Judge Kristen L. Mix. (*See* ECF No. 73).

3. On January 6, 2021, Magistrate Judge Mix, without a hearing, denied the Motion, ECF No. 82, and ordered "[Mr. Dear] committed to the custody of the Attorney General for a reasonable period not to exceed thirty days for the purpose of conducting a competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247" and that "the competency evaluation of the Defendant shall be conducted at USMCFP-Springfield." (ECF No. 82 at 5).

4. On January 7, 2021, Mr. Dear noticed his appeal to District Judge Blackburn. (*See* ECF No. 84).

*Jurisdiction*

5. There is jurisdiction over this appeal pursuant to the collateral-order doctrine. *See United States v. Deters*, 143 F.3d 577, 584 (10th Cir. 1998) (holding "a commitment order issued for the purpose of obtaining an evaluation of the defendant's competency to stand trial as described in 18 U.S.C. § 4241(b) may be immediately appealed").

6. Mr. Dear's appeal is directed in the first instance to the District Court, given the referral order on this pretrial matter, *see* ECF No. 73, but his request for a stay is made to the issuing magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A) (stating "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [with certain exceptions not relevant here]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *see generally* Fed. R.

App. P. Rule 8(a) ("A party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal.").

### *Argument*

7. As the Supreme Court has long recognized: "It takes time to decide a case on appeal….That is why it 'has always been held, ... that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal.'" *Nken v. Holder*, 556 U.S. 418, 421 (2009) (*quoting Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9, 9-10 (1942)).

8. The traditional standard to obtain a stay pending appeal is instructive here. In deciding whether to grant a stay, a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (*quoting Hilton v. Braunskill*, 481 U.S. 770 (1987)); *see generally* 10th Cir. R. 8.1 (outlining factors for stay pending appeal).

9. A stay is appropriate in this case because, without one, the commitment order will be rendered unreviewable. Without a stay, Mr. Dear will be transferred to Springfield for the competency evaluation *before any appellate process even begins*, denying him any appellate review of the commitment order.

10. Mr. Dear should have a full and fair opportunity to seek an appeal. The appeal is likely to succeed on the merits. The commitment order is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), because, for example, the order was entered without adequate factual findings, without first holding an evidentiary hearing (or addressing the

3

defendant's argument that a hearing was necessary to resolve factual disputes attendant to the suitability determination under section 4247(b)), without considering whether commitment would impact Mr. Dear's constitutional rights, and based on uncorroborated assertions of government counsel about the suitability of the Springfield facility.

11. No interested party will be injured by granting the stay. Mr. Dear will remain in federal custody during the pendency of the stay.  The underlying order is separate from the merits, and a stay here will "simply suspen[d] judicial alteration of the status quo[.]" *Nken*, 556 U.S. at 429.

12. The public interest lies in allowing appellate review of this Court's commitment order, which can only happen if the order has not already been carried out.

*Conclusion*

For the reasons stated above, Mr. Dear respectfully asks this Court to stay its January 6 commitment order during the pendency of the interlocutory appellate proceedings.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:           (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant

4

| | |
|---|---|
| s/ Natalie G. Stricklin<br>NATALIE G. STRICKLIN<br>Assistant Federal Public Defender<br>633 17th Street, Suite 1000<br>Denver, CO  80202<br>Telephone:   (303) 294-7002<br>FAX:             (303) 294-1192<br>Email: Natalie_Stricklin@fd.org<br>Attorney for Defendant | s/ Veronica S. Rossman<br>VERONICA S. ROSSMAN<br>Assistant Federal Public Defender<br>633 17th Street, Suite 1000<br>Denver, CO 80202<br>Telephone:   (303) 294-7002<br>FAX:             (303) 294-1192<br>Email: Veronica_Rossman@fd.org<br>Attorney for Defendant |

APPOINTED LEARNED COUNSEL:

| | |
|---|---|
| s/ Mark F. Fleming<br>MARK F. FLEMING, ESQ.<br>Law Office of Mark Fleming<br>1470 Encinitas Blvd., Suite 133<br>Encinitas, CA 92024<br>Telephone:   (619) 300-6202<br>Email: mark@markfleminglaw.com<br>Attorney for Defendant | s/ Andrea L. Luem<br>ANDREA L. LUEM, ESQ.<br>400 South Fourth Street, Suite 500<br>Las Vegas, NV 89101<br>Telephone:   (702) 600-8403<br>FAX:             (702) 550-7712<br>Email: Andrea@luemlaw.com<br>Attorney for Defendant |

CERTIFICATE OF SERVICE

I certify that on January 7, 2021, I filed the foregoing *Defendant's Motion to Stay Execution of Commitment Order Pending Interlocutory Appeal* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

5

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

          *s/ Veronica S. Rossman*
          VERONICA S. ROSSMAN
          Assistant Federal Public Defender
          633 17th Street, Suite 1000
          Denver, CO  80202
          Telephone:   (303) 294-7002
          FAX:            (303) 294-1192
          Email: Veronica_Rossman@fd.org
          Attorney for Defendant