IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

## UNITED STATES' RESPONSE TO MOTION FOR STAY

    The United States of America submits this response to defendant Robert Lewis Dear, Jr.'s request for a stay of Magistrate Judge Mix's order that his competency examination take place at USMCFP-Springfield pending this Court's review. A stay is not a matter of right, and its proponent must show that it is entitled to this exceptional remedy. *Nken v. Holder*, 556 U.S. 418, 427 (2009). The defense's motion here falls short. And the Court should therefore deny it.

## BACKGROUND

    In the order under review, Magistrate Judge Mix held that Dear's competency examination should take place at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, which the BOP determined was the suitable facility closest to the Court. [Doc. # 82 at 5]. The magistrate judge rejected the defense's request that the examination take place at the Federal Detention Center in Englewood, Colorado, where Dear is currently in custody. [*Id.*] The defense has asked

1

this Court to review the order [Doc. # 84], and has requested a stay pending that review [Doc. # 85].

## ARGUMENT

"A stay is not a matter of right," but "an exercise of judicial discretion[.]" *Nken v. Holder*, 556 U.S. 418, 433 (2009). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434.

The Supreme Court has identified four factors to guide that discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.[1]

Here, the defense runs through these factors in four brief paragraphs, which offer little more than a recitation of the factors and an assertion that they warrant a stay. [*See, e.g.*, Doc. # 85 ¶ 12 ("The public interest lies in allowing appellate review of this Court's commitment order, which can only happen if the order has not been carried out."); *see also id.* ¶¶ 9-12]. These skeletal assertions are not enough to show that a stay is warranted. After all, a "stay is an 'intrusion into the ordinary processes of administration and judicial review'" and must be supported by more than what the defense offers here. *Nken*, 556 U.S. at 427 (citation omitted).

---

[1] The Supreme Court has articulated these factors in the context of a stay pending appeal to a higher court. Since "similar concerns arise" in the context of district court review of a magistrate judge's order, consideration of these factors is appropriate here as well. *Nken*, 556 U.S. at 434.

2

I.  **Likelihood of success on the merits**

The defense must make a "strong showing" that it is likely to succeed on the merits. *Nken*, 556 U.S. at 434. "It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (citation omitted). And even the "possibility" of success is "too lenient." *Id.* at 435 (citation omitted). The Court cannot relax this burden based on the other stay factors. *See Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) ("[A]ny modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible."); *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015) ("A motion for a stay pending appeal is subject to the exact same standards.").

Here, the question is where the examination should take place. This is a non-dispositive pretrial question, which may be set aside only if "clearly erroneous or contrary to law." Fed. R. Crim. P. 59(a). That means the Court cannot set aside the order "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Allen v. Sybase, Inc.*, 486 F.3d 648, 658 (10th Cir. 2006).

The defense must surmount this deferential standard of review, which reduces its likelihood of success on the merits from the start. For example, the defense contends that "the order was entered without adequate factual findings, without first holding an evidentiary hearing … and based on uncorroborated assertions of government counsel about the suitability of the Springfield facility." [Doc. # 85 at 3-4]. All of these contentions are reviewed for clear error. In its request for a stay, however, the defense does not even specify how the factual findings were inadequate or what assertions

about USMCFP-Springfield were uncorroborated.  That is, the defense has not identified any error with specificity, let alone an error that is clear.

The defense also says that the magistrate judge failed to consider how the transfer "would impact" Dear's constitutional rights.  [Doc. # 85 at 4].  But the defense again does not elaborate on its constitutional arguments to show that it is likely to succeed on the merits.  And the Tenth Circuit has explained that "there is no federal constitutional right to incarceration in any particular prison or portion of a prison." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see also United States v. Gagan*, 95 F. App'x 941, 946 (10th Cir. 2004).

Not only that, the government cited cases holding that due process is not implicated by the temporary transfer of a prisoner already in custody for the purpose of an examination.  *United States v. Jones*, 811 F.2d 444, 448 (8th Cir. 1987); *Hill v. Reinke*, 721 F. App'x 707, 707-08 (9th Cir. 2018).  Against which, the defense relied on inapposite cases about the due process rights of defendants on pretrial release and cases about appellate jurisdiction.  [*See* Doc. # 72 at 6-7].  Given this backdrop, the defense has not shown that it is likely to prevail on any constitutional claim.

The defense does not even address in its stay motion the magistrate judge's interpretation of § 4247—supported by precedent—to give the BOP "the same level of discretion … about the location of a psychiatric examination that is afforded to the BOP to determine where to confine an inmate."  [Doc. # 82 at 3 (citing *United States v. Martin*, 2011 WL 5220310, at *14 (D.N.M. Sept. 27, 2011)].  Nor has the defense shown that it could prevail under that interpretation.

4

At bottom, it is the defense's burden to show that it is likely to succeed on the merits. Its sparse assertions of error offer no basis to say it has made a *strong* showing that it is *likely* to do so.

## II.     Irreparable harm

"To constitute irreparable harm, an injury must be certain, great, actual, 'and not theoretical.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Here, the defense contends that without a stay the "order will be rendered unreviewable." [Doc. # 85 at 3]. The government grants that, without a stay, there is a possibility that Dear will be transferred to USMCFP-Springfield during the Court's review. "But a stay 'is not a matter of right, even if irreparable injury might otherwise result[.]'" *Nken*, 556 U.S. at 433 (citation omitted).

Besides, any putative injury here is diminished. As explained above, Dear is already in custody, so the magistrate judge's order is not the difference between liberty and custody, but rather the difference between custody in one location as compared to another. And "a temporary transfer for a psychological evaluation places no more of an imposition on a prisoner than does a transfer for administrative reasons[.]" *Jones*, 811 F.2d at 448. Whatever the legal consequences of this distinction, as a factual matter, any injury resulting from execution of the order is reduced. *Compare Heideman*, 348 F.3d at 1189 (injury must be "great"). Indeed, the defense does not identify any concrete injury beyond the transfer itself and its effect on reviewability.

### III.  The public interest and harm to any interested party

The remaining two factors—the public interest and the harm to any interested party—are less "critical" and "merge when the Government is the opposing party." *Nken*, 556 U.S. at 434, 436.  The defense summarily asserts that no interested party will be injured and that the public interest lies in allowing appellate review of the order.

But the interested parties in this case include the many victims of the shooting.  By statute, they have a "right to proceedings free from unreasonable delay."  18 U.S.C. § 3771(a)(7).  This is an important public interest—more than that, a Congressionally mandated right—at stake here but ignored by the defense.

The government and Dear himself also have an interest in his prompt examination.  As the magistrate judge explained, "allowing the Bureau of Prisons to exercise its statutory discretion without routine court interference promotes efficiency and avoids delay in prosecution of this case, thus providing irrefutable benefits to both the Government and the defendant."  [Doc. # 82 at 4].  Beyond the parties directly interested in this case, moreover, "society has a particular interest in bringing swift prosecutions."  *Barker v. Wingo*, 407 U.S. 514, 527 (1972).

A stay would impair the public interest in expediency across all these dimensions.  More than a year has passed since the government filed its motion for a competency evaluation in December 2019.  [*See* Doc. # 13].  After that, the defense sought extension after extension (six in all) to the point where briefing was completed only in August 2020 and a hearing held in November 2020.  [*See* Docs. # 66, 70].

6

Simply put, this case has already suffered from significant delay at the defense's request, and a stay pending this Court's review (and presumably an appeal to the Tenth Circuit) would only add to it. The defense has already requested one extension of time to object to the magistrate judge's order based on a conclusory assertion about "the complexity of the issue presented" and the "need for adequate time to meaningfully advance and develop [ ] arguments for appellate review" (even though the issues were fully briefed before the magistrate judge). [Doc. # 88 at 4]. The defense evidently wants the security of a stay with none of the expediency that ought to accompany an exceptional remedy designed to prevent irreparable harm.

## CONCLUSION

In the final analysis, the defense has not carried its burden to show that a stay is warranted. Its scant assertions of error fall short of a strong showing that it is likely to succeed on the merits. Any irreparable harm is reduced because Dear is already in custody. And a stay would impair the public interest in expediency. It is not enough that denying a stay might frustrate further review. For "a reviewing court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review." *Nken*, 556 U.S. at 427. That is ultimately what the defense asks this Court to do. The Court should deny the motion.

Dated:  January 21, 2021

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:  s/ *Pegeen D. Rhyne*
Pegeen D. Rhyne
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Pegeen.Rhyne@usdoj.gov

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov

GREGORY B. FRIEL
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:  s/ *Mary J. Hahn*
Mary J. Hahn
Trial Attorney
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street, N.W./7.1108
Washington, D.C. 20002
Telephone: 202-305-0921
Fax:  202-514-6588
E-mail:  Mary.Hahn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

| | |
|---|---|
| Natalie Stricklin | Natalie_Stricklin@fd.org |
| Rick Williamson | Rick_Williamson@fd.org |
| Veronica Rossman | Veronica_Rossman@fd.org |
| Mark F. Fleming | mark@markfleminglaw.com |
| Andrea L. Luem | Andrea@luemlaw.com |

By: s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Rajiv.Mohan@usdoj.gov