**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

## ORDER

Blackburn, J.

The matters before me are (1) **Defendant's Notice of Appeal Concerning ECF No. 82** [#84],[1] filed January 7, 2021; and (2) defendant Robert Lewis Dear, Jr.'s **Motion for a Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order [ECF No. 84]** [#88], filed January 13, 2021.  Because Mr. Dear has waived his right to review of the magistrate judge's decision, I affirm the magistrate judge's decision regarding the situs of Mr. Dear's competency evaluation and deny the motion for briefing schedule as moot.[2]

Mr. Dear is charged in a 68-count indictment with various crimes related to an alleged November 2015 armed attack on a Planned Parenthood clinic in Colorado

---

[1] "[#84]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] My resolution of these matters moots **Defendant's Motion To Stay Execution of Commitment Order Pending Interlocutory Appeal** [#85], filed January 7, 2021, which will be denied on that basis.

Springs, Colorado, in which Mr. Dear allegedly killed three people and injured numerous others.  Shortly after Mr. Dear's initial appearance, the government filed its **Motion for a Competency Evaluation Pursuant to 18 U.S.C. § 4241(a)** ([#13], filed December 11, 2019), which was referred to the magistrate judge for determination ([#14], filed December 12, 2019).  After considerable delay in fully briefing the motion, the magistrate judge heard argument on the motion on November 20, 2020.  She contemporaneously entered an **Order** ([#70]), granting the motion, but stayed her ruling for ten days so the parties could confer and attempt to reach agreement as to the location of the evaluation.

When the parties were unable to reach such an agreement, Mr. Dear filed a **Motion for Order Regarding Competency Evaluation Under 18 U.S.C. §§ 4241(b) and 4247(b)** ([#72], filed November 30, 2020), which also was referred to the magistrate judge ([#73], filed December 1, 2020).  On January 6, 2021, the magistrate judge issued her ruling on that motion, ordering Mr. Dear's competency evaluation take place at the U.S. Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri ([#82]).  It is this order which is the subject of Mr. Dear's notice of appeal and associated request for a briefing schedule.

As Mr. Dear notes, "a commitment order issued for the purpose of obtaining an evaluation of the defendant's competency to stand trial as described in 18 U.S.C. § 4241(b) may be immediately appealed." ***United States v. Deters***, 143 F.3d 577, 581 (10th Cir. 1998).  Nevertheless, Mr. Dear's notice of appeal was premature because the magistrate judge's order, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim.

P. 59(a), did not become final until the fourteen-day time period for objections thereto had elapsed.  *See, e.g.*, *Marques v. JP Morgan Chase N.A.*, 2018 WL 8922834 at *1 (N.D. Ga. May 29, 2018) (recognizing the magistrate judge's "Order denying Plaintiff's motion to amend is not a final  order, but could have been appealed to the District Judge" under Fed. R. Civ. P. 72(a));[3] *Federal Trade Commission v. Capital Acquisitions & Management Corp.*, 2005 WL 3676529 at *7 n.13 (N.D. Ill. Aug. 26, 2005) (noting magistrate judge's "order is the final  determination unless one of the parties files written objections"); *Bradley v. Kingsborough Community College*, 2002 WL 31760234 at *1 (S.D.N.Y. Dec. 9, 2002) (recognizing that magistrate judge's decision "will become final on December 27, 2002 unless, on or before that date, any party files objections"); *Landry v. American Telephone and Telegraph Co.*, 1999 WL 77203 at *1 (E.D. La. Feb. 12, 1999) (party must "object to the magistrate judge's ruling within [fourteen] days of the ruling or it becomes final"); *Brooks v. State of New York*, 1994 WL 88213 at *1 (S.D.N.Y. Mar. 16, 1994) ("[U]nless the district court finds the [magistrate judge's] Order clearly erroneous or contrary to law, the Order becomes final if no objections are filed[.]").

Indeed, a party is required to file timely objections to such non-dispositive orders of the magistrate judge to preserve its right to appellate review thereof.  **FED. R. CRIM. P.** 59 ("Failure to object in accordance with this rule waives a party's right to review.");

---

[3] Although these authorities arise in the civil context under Fed. R. Civ. P. 72(a), I find them instructive because both the civil and criminal rules relating to a magistrate judge's authority find their source in 28 U.S.C. § 636(b) and because criminal Rule 59 is "derived in part from Federal Rule of Civil Procedure 72." *United States v. Doby*, 928 F.3d 1199, 1206 (10th Cir. 2019) (quoting **FED. R. CRIM. P**. 59, 2005 Adv. Comm. note).

*United States v. Johnson*, 732 Fed. Appx. 638, 650 (10th Cir. 2018) (defendant "waived his right to appeal . . . by failing to file objections with the district court, as required by [Rule] 59(a)") (quoting *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014)) (internal quotation marks omitted).  Mr. Dear did not file objections to the magistrate judge's order within fourteen days, however.  He thus has waived his right to appeal that decision, which therefore stands as an order of the court.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the decision of the magistrate judge set forth in her **Order** [#82], filed January 6, 2021, which is the subject of Mr. Dear's **Notice of Appeal** [#84], filed January 7, 2021, is affirmed;

2.  That **Motion for a Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order** [ECF No. 84] [#88], filed January 13, 2021, is denied as moot; and

3.  That **Defendant's Motion To Stay Execution of Commitment Order Pending Interlocutory Appeal** [#85], filed January 7, 2021, is denied as moot.

Dated January 29 2021, at Denver, Colorado.

                                                 **BY THE COURT:**

*Bob Blackburn* (signature)
Robert E. Blackburn
United States District Judge