IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT LEWIS DEAR, JR., | ) |
| | ) |
| Defendant. | ) |

In the United States District Court
for the District of Colorado
The Honorable Robert E. Blackburn, U.S. District Court Judge
District Court No. 1:19-CR-00506-REB-1

**DEFENDANT'S RULE 59(a) OBJECTIONS SUPPORTING APPEAL OF
MAGISTRATE JUDGE'S COMMITMENT ORDER, ECF NO. 82**

February 1, 2021

## **TABLE OF CONTENTS**

BACKGROUND .................................................................................................................. 1

    I.       The Section 4241 proceedings ................................................................... 1

    II.      The Section 4247(b) proceedings on appeal ............................................. 3

STANDARD OF REVIEW ................................................................................................. 5

ARGUMENT ....................................................................................................................... 7

    I.       The Magistrate Court misunderstood the legal standard. .......................... 7

    II.      The Magistrate Court did not make factual findings, based on
             evidence, justifying the need for commitment. ......................................... 12

CONCLUSION .................................................................................................................. 15

CERTIFICATE OF SERVICE .......................................................................................... 17

## **ATTACHMENTS**

Attachment A –    Order, ECF No. 82

Attachment B –    Hearing Transcript from November 20, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

      Defendant.

---

**DEFENDANT'S RULE 59(a) OBJECTIONS SUPPORTING APPEAL OF MAGISTRATE JUDGE'S COMMITMENT ORDER, ECF NO. 82**

---

The defendant, Robert Lewis Dear, Jr., through undersigned counsel, herein appeals the order entered by the Honorable Kristen L. Mix, United States Magistrate Judge, on January 6, 2021, ECF No. 82 ("Commitment Order") (Attachment A), and respectfully submits these objections under Federal Rule of Criminal Procedure 59(a). The Magistrate Court failed to recognize, and appropriately exercise, its discretionary authority under 18 U.S.C. § 4247(b) and did not make factual findings, based on evidence, justifying the need for commitment. This Court should resolve the objections in favor of Mr. Dear, vacate the Commitment Order, and remand to the Magistrate Judge for further proceedings.

BACKGROUND

    *I.*    *The Section 4241 proceedings*

The State of Colorado has been prosecuting Mr. Dear since 2015 in a capital case for the same conduct that is the subject of this federal prosecution. Mr. Dear is

incompetent to stand trial in the state case. Five state court-appointed evaluators, in 15 unrebutted evaluations conducted between 2016 and 2019, have been unwavering in their conclusion: Mr. Dear suffers from a persecutory-type delusional disorder that impairs his rational understanding of the charges and renders him unable to assist properly in his defense. (*See* ECF No. 64, Amended Response to Government's Motion Under 18 U.S.C. § 4241, 8/10/2020, at 5-18).

The Department of Justice waited four years to pursue federal capital charges against Mr. Dear.[1] (*See* ECF No. 1). In December 2019, immediately after Mr. Dear was federally indicted, the government challenged the legitimacy of the longstanding state incompetency determination and asked the court to order an additional competency evaluation under 18 U.S.C. § 4241. (*See* ECF No. 13, Motion for Determination of Competency to Stand Trial, 12/11/19) (the "4241 Motion").

On November 20, 2020, the Magistrate Judge ordered Mr. Dear to undergo a competency evaluation under section 4241(b). (*See* ECF No. 70) (the "4241 Order"). Mr. Dear did not appeal that decision. The 4241 Order directed that an examiner from the Bureau of Prisons—and not the government's selected examiner, Dr. Park Dietz— shall conduct Mr. Dear's pretrial competency examination. (*See* Transcript of Proceedings Held Before the Honorable Kristen L. Mix, United States Magistrate Judge,

---

[1] The government recently noticed its intent not to seek the death penalty in this federal case, *see* ECF No. 74, but Mr. Dear still faces capital charges in the pending state prosecution. Notably, Colorado's recently-enacted death penalty repeal law would not apply to Mr. Dear. See SB20-100, Repeal The Death Penalty, signed by Governor Polis on March 23, 2020 (repealing the death penalty in Colorado for offenses charged on or after July 1, 2020), available at https://leg.colorado.gov/bills/sb20-100

2

11/20/20) ("Hearing Tr."), at 25) (Attachment B). At the prosecution's request, the Magistrate Judge did not commit Mr. Dear for the evaluation under section 4247(b), allowing the parties to "confer and attempt to reach an agreement as to the specific location of the evaluation." (*See* ECF No. 70). Defense counsel asked the prosecution to agree the evaluation should be conducted by a BOP examiner at the Federal Detention Center (FDC) Englewood, where Mr. Dear has been detained without incident for over a year. The government refused to stipulate.

> II.   The Section 4247(b) proceedings on appeal

On November 30, 2020, the defense asked the Court, under section 4247(b), not to commit Mr. Dear for an inpatient examination and order his competency evaluation to be conducted at the Englewood facility. (*See* ECF No. 72, Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(b) and 4247(b), 11/30/2020) (the "4247 Motion"). The 4247 Motion contended, (1) the court has discretion under section 4247(b) not to commit Mr. Dear to a psychiatric hospital for the competency examination; (2) the court's exercise of discretion under section 4247(b) is subject to due process requirements; (3) a commitment order under section 4247(b) must be supported by factual findings and evidence; (4) section 4241(b) evaluations are routinely performed at the Englewood facility, which houses a Psychology Services Department equipped to conduct court-ordered forensic evaluations; (5) a local evaluation mitigates the serious risks associated with transporting Mr. Dear—a 62-year old man with longstanding health issues—to an out-of-state BOP during the pandemic; and (6) committing Mr. Dear to a psychiatric hospital located outside Colorado for the

competency evaluation would impair meaningful access to his local federal and state defense teams in violation of the Sixth Amendment.

The government opposed the 4247 Motion. (*See* ECF No. 76, United States' Response in Opposition to Defendant's Motion for Order Regarding Competency Evaluation,12/11/20) ("4247 Response"). According to the government, the BOP had determined that Mr. Dear should be committed to the U.S. Medical Center for Federal Prisoners at Springfield, Missouri ("Springfield"), and the Magistrate Court had to defer to the BOP.  In reply, Mr. Dear argued that the government had mistakenly read the court's discretion out of section 4247(b) and had submitted no evidence to justify Mr. Dear's inpatient commitment to a psychiatric hospital. (*See* ECF No. 78, Defendant's Reply in Support of Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(b) and 4247(b), 12/22/2020, at 3-8) ("4247 Reply").  Mr. Dear submitted an unrebutted expert declaration confirming the Englewood facility could host the competency evaluation. (*See id.* at Attachment B) (Declaration of Dr. Susan Bograd). He also asked for an evidentiary hearing. (*See* 4247 Reply at 7 n.7).

On January 6, 2021, the Magistrate Judge denied the 4247 Motion in a written order, without a hearing.  The court committed Mr. Dear "to the custody of the Attorney General for a reasonable period not to exceed thirty days for the purpose of conducting a competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247."  (ECF No. 82) (*See* Attachment A).  The Commitment Order further provided that, "[p]ursuant to the United States' Response in Opposition to Defendant's Motion for an Order Regarding Competency Examination [#76], which indicates that the Bureau of Prisons has selected USMCFP Springfield as the facility where the evaluation will be conducted, the

4

competency evaluation of the Defendant shall be conducted at USMCFP-Springfield." (*Id*).

On January 7, 2021, Mr. Dear filed a timely notice appealing the Commitment Order, along with a motion to stay its execution until the appeal was resolved. (ECF Nos. 82, 85).[2]

## STANDARD OF REVIEW

This Court's review of the Commitment Order is governed by the standards in Federal Rule of Criminal Procedure 59(a) and 28 U.S.C. § 636(b)(1)(A). Rule 59 provides that a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense" and that the "magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination." Fed. R. Crim. P. 59(a); *see* 28 U.S.C. § 636(b)(1)(A) (stating "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [with certain exceptions not relevant here]."); *see also United States v. Doby*, 928 F.3d 1199, 1205 (10th Cir. 2019) (holding "Rule 59(a)'s framework is premised wholly on referral and, indeed, is intended to incorporate or mirror the "designat[ion]" framework laid out in § 636(b)") (internal citation omitted).

---

[2] On January 29, 2021, this Court entered a Minute Order (ECF No. 82), which affirmed the Commitment Order, denied as moot Mr. Dear's Motion To Stay Execution of Commitment Order Pending Interlocutory Appeal filed January 7, 2021 (ECF No. 85), and denied as moot Mr. Dear's Motion for a Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order filed January 13, 2021 (ECF No. 88). That Minute Order was entered before this Court considered, or allowed Mr. Dear an opportunity to present, these objections. Mr. Dear has filed a Motion for Reconsideration, ECF No. 93, respectfully asking the Court "to correct clear error and avoid manifest injustice." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

The Commitment Order resolved Mr. Dear's 4247 Motion, which had been referred to the Magistrate Judge. (See ECF No. 73).  The 4247 Motion concerned the determination of a non-dispositive, pretrial matter within the meaning of Rule 59(a)— whether Mr. Dear, who is in federal pre-trial detention at the Englewood facility, should be committed to an inpatient psychiatric hospital outside of Colorado for the court-ordered competency evaluation. *See generally United States v. Deters*, 143 F.3d 577, 581 (10th Cir. 1998) (commitment order issued to obtain an evaluation of the defendant's competency to stand trial under 18 U.S.C. § 4241(b) "resolve[s] an important issue completely separate from the merits of the action").

Rule 59(a) provides the applicable procedure for a district court's appellate review of a magistrate judge's ruling on a non-dispositive matter. The rule states the "district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Clear error exists if a finding "is wholly without factual support in the record, or after reviewing the evidence, [the reviewing court is] definitively and firmly convinced that a mistake has been made." *United States v. Ivory*, 532 F.3d 1095, 1103 (10th Cir. 2008). "The contrary to law standard [in Rule 59] concerns questions of law, and it permits plenary—also known as de novo—review of legal matters." *DCD Partners, LLC v. Albracht*, 2018 WL 6061295, at *3 n. 4 (D. Colo. Nov. 20, 2018) (Arguello, J.). "A reviewing court owes no deference to the magistrate judge's legal conclusions and it

6

may substitute its own judgment on questions of law." *Id.* (internal citations omitted); *see In re Grand Jury Empaneled April 24, 2008*, 601 F. Supp. 2d 600, 603 (D.N.J. 2008) ("[a] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law."). It is well settled that "[a]n error of law is per se an abuse of discretion." *United States v. Lopez–Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011) (*citing Koon v. United States*, 518 U.S. 81, 100 (1996)).

## ARGUMENT

### I. The Magistrate Court misunderstood the legal standard.

The Magistrate Court's first mistake was failing to recognize, and appropriately exercise, its discretionary authority under section 4247(b). That statute supplies the legal standard here and provides, in relevant part:

> For purposes of an examination pursuant to an order under section 4241…, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days…to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court….[.]

18 U.S.C. § 4247(b). In the 4247 Motion, Mr. Dear argued his competency examination should take place locally at the Englewood facility, rather than through commitment to a Federal Medical Center. To be clear, when Mr. Dear was arguing against commitment under section 4247(b), he was not seeking a non-custodial competency evaluation. Mr. Dear was only asking the Court to order his competency examination at the BOP facility where he was already detained and not to involuntarily hospitalize him for an inpatient evaluation at a psychiatric facility.

7

In denying Mr. Dear's request, the Magistrate Judge ruled:

A straightforward reading of the plain statutory language [of sections 4241(b) and 4247(b)] suggests that, although the decision to order a psychiatric examination is discretionary with the court, the decision about which facility is most suitable for the examination is to be made by the Attorney General, not by the court.

(Commitment Order, at 3). According to the Magistrate Court, if the BOP determined Mr. Dear should be committed to a psychiatric hospital, a judge has no power to say otherwise. This ruling is contrary to law. The Magistrate Court incorrectly concluded that it had a limited role under section 4247(b)—namely, to rubberstamp the BOP's suitable facility determination. In fact, the statute plainly calls for the exercise of judicial discretion on the threshold commitment question.

The statutory text states that *the court* first must determine *whether* there is any justification for inpatient commitment, before the Attorney General weighs in on *where* that evaluation should take place. Whether commitment for a competency evaluation is warranted and which facility is suitable are separate questions under section 4247(b). The Magistrate Court erroneously conflated them.

That a court has discretion to decide whether to commit the defendant for a competency evaluation is obvious by comparing the plain language of section 4247(b) with that of section 4241(d), which concerns competency restoration. Under section 4241(d), once a defendant is found incompetent to stand trial, a district judge must commit him to the custody of the Attorney General, who in turn decides where to hospitalize the defendant. *See* 18 U.S.C. § 4241(d) ("the court *shall* commit the defendant") (emphasis added).

By contrast, section 4247(b) says "the court *may* commit" – this plain, permissive language means that, at the initial competency evaluation stage, Congress assigned to

8

the court—not the BOP—the discretion to decide whether there are grounds to involuntarily hospitalize the defendant for the competency evaluation. As the Fifth Circuit has summarized, "the statutory language [of section 4247(b)] commands the district court to order an examination but permits it either to commit the defendant to the custody of the Attorney General for that purpose *or to order that the examination be made in some other manner.*" *In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986) (emphasis added).

The legislative history further underscores the court's discretion under section 4247(b) and confirms the statute does not require the competency examination to be conducted at a psychiatric facility. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 235, reprinted in 1984 U.S.C.C.A.N. 3417 ("For purpose of the examination, the court is empowered to commit the defendant ... to the custody of the Attorney General.... If, however, the court believes that the defendant's examination can be conducted on an outpatient basis, there need not be a commitment under this provision"); *see, e.g., United States v. Weed*, 184 F. Supp. 2d 1166, 1171, 1172-73 (N.D. Okla. 2002) (discussing legislative history to section 4247(b) and ordering competency evaluation at local jail, where the government did not show why commitment to psychiatric facility was necessary).

A decision calling for the exercise of judicial discretion "hardly means that it is unfettered by meaningful standards or shielded from thorough appellate review." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975). The Tenth Circuit, like other circuit courts of appeal, has held that a district court's discretion to commit the defendant under section 4247(b) is subject to due process requirements, because "[t]he

9

institutionalization of an adult by the government triggers heightened, substantive due process scrutiny. There must be a 'sufficiently compelling' governmental interest to justify such action...." *United States v. Deters*, 143 F.3d 577, 583 (10th Cir. 1998) (quoting *Reno v. Flores*, 507 U.S. 292, 316 (1993) (O'Connor, J., concurring); *see generally Jones v. United States*, 463 U.S. 354, 361 (1983) ("[C]ommitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *see also United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012) ("Although § 4247(b) uses the word 'may' when describing a district court's ability to commit a person to the BOP for an inpatient competency evaluation, the statute does not grant a district court unfettered discretion to order such a commitment."); *United States v. Song,* 530 Fed. Appx. 255, 259 (4th Cir. 2013) (unpublished) (finding similar due process requirements for the decision to detain individual for pretrial evaluation of insanity defense); *accord Newchurch*, 807 F.2d at 409 (interpreting 18 U.S.C. §§ 4241 through 4247 and indicating the statutory "provisions must be read against the background of the constitutional protection for individual liberty").

      The loss of liberty and the forced intrusion of inpatient hospitalization are critical considerations under section 4247(b), even for a defendant who is already detained pending trial. *See United States v. McDonald*, 2012 WL 4659242, at *2 (D.N.J. Oct. 1, 2012) ("For purposes of determining whether to commit a defendant for a mental examination, the statutory language of 18 U.S.C. § 4247(b) does not distinguish between defendants who are on pre-trial release and those currently in custody."). The Supreme Court has recognized that "[t]he loss of liberty produced by an involuntary commitment is more than a loss of freedom from confinement." *Vitek v. Jones*, 445 U.S.

480, 492 (1980). The Tenth Circuit, relying on *Vitek*, has found that a pretrial detainee "will suffer a loss of liberty by his involuntary commitment [for a competency examination]." *United States v. Visinaiz*, 96 F. App'x 594, 597 (10th Cir. 2004) ("Although the government argues [defendant] suffers no loss of liberty by being committed to the mental hospital because he is already being detained pending trial, a significant difference exists between the two types of detainment.").

Here, the Commitment Order is not supported by the text or legislative history of section 4247(b). The Magistrate Court does not acknowledge the court's discretionary authority under section 4247(b) or address the due process concerns attendant to its exercise. The Magistrate Judge erroneously assumed commitment was a foregone conclusion, based solely on the BOP's judgment about the suitability of the Springfield hospital. But simply endorsing the government's preferences does not amount to an exercise of discretion under section 4247(b).

Finally, the Magistrate Judge's reliance on the *Martin* decision out of the District of New Mexico highlights the court's error. (Commitment Order at 3) (citing *United States v. Martin*, CR 08-1012 JB, 2011 WL 5220310, at *14 (D.N.M. Sept. 27, 2011)). Even though *Martin* concerns a different statutory scheme, the Magistrate Court cited *Martin* for the general proposition that the BOP "makes the ultimate decision where the examination under 18 U.S.C. 4247(b) takes place[.]" *Id.* at *14. But, as explained above, that conclusion, without more, simply elides the critical, threshold work a court (not the BOP) must do under section 4247(b)—to decide whether commitment is justified in the first place.

11

The district court in *Martin*, unlike here, seemed to acknowledge it had discretion not to commit the defendant for a competency examination. *See id.* at *10 (D.N.M. Sept. 27, 2011) (recognizing that section 4247(b) "authorizes temporary commitment of the person for an examination" and explaining that "[c]ommitment [for an examination] is not mandatory, and the court may order that the exam be conducted on an outpatient basis.") (internal citations omitted). In *Martin*, the court then exercised its discretion under section 4247(b) to commit the defendant to the custody of the Attorney General, and only then turned to the separate question of which facility is suitable. As the Tenth Circuit has held, the court must articulate "reasons for ordering commitment[.]" *Deters*, 143 F.3d at 584. Nothing in *Martin* can be read to excuse the Magistrate Court's duty to decide, in the first instance, whether the competency examination must be conducted through commitment to a psychiatric facility or may be performed in some other manner.

Remand is required so the Magistrate Court may decide Mr. Dear's 4247 Motion under the correct legal standard.

> II.  The Magistrate Court did not make factual findings, based on evidence, justifying the need for commitment.

The Tenth Circuit has held that "'a district court should make findings of fact concerning the need for commitment'[.]" *Deters*, 143 F.3d at 584 (*quoting Newchurch*, 807 F.2d at 412). "In the absence of some evidence that commitment is necessary, a district court should not exact such a deprivation of liberty." *Id.* at 410; *see also Song*, 530 Fed. Appx. at 260-61 ("Because the district court did not receive evidence upon which to base a custodial finding for Song's examination or make explicit factual findings that would allow us to determine whether the district court properly exercised its discretion in this case, we are constrained to vacate the commitment order."); *Neal*, 679

F.3d at 741–42 (the district court's failure to "require the government to present evidence to justify the inpatient commitment, seriously consider the defendant's alternative request for an outpatient examination, or make findings of fact concerning the need for commitment," necessitated remand).

The Magistrate Court did not make factual findings about the need for commitment. Instead, the Commitment Order only recites why the BOP prefers the Springfield facility over the Englewood facility. That the government thinks one facility may be "better" than another is not evidence showing the commitment of a defendant to a psychiatric hospital under section 4247(b) is justified. More is required before a court subjects the accused to the forced intrusion of hospitalization for a pretrial competency examination.

The absence of legally-relevant factual findings is unsurprising, given the legal error here. The Magistrate Court failed to consider, consistent with its statutory directive and the requirements of due process, whether there was any reason Mr. Dear should be committed to a mental hospital for the competency evaluation. For example, to properly exercise its discretion under section 4247(b), the Magistrate Court needed to decide, based on evidence, whether any differences between a BOP evaluation at the Englewood facility and one conducted at Springfield rise to sufficient justification to involuntarily hospitalize a medically vulnerable defendant hundreds of miles away from his place of trial and his state and federal defense team in the midst of a pandemic.

In *Deters*, unlike in this case, the district court held an evidentiary hearing, discussed on the record the defendant's request that she be evaluated without a commitment order, and then made factual findings identifying two governmental

13

interests which justified the commitment order. *See* 143 F.3d at 583–84. The Magistrate Court here proceeded from an incorrect legal premise, so it did not make findings identifying the government's interests, acknowledging Mr. Dear's liberty interests, or explaining why Mr. Dear's involuntary hospitalization at an out-of-state psychiatric facility should be required.[3]

Whatever findings the Magistrate Court did make lack an evidentiary foundation. Throughout, the Commitment Order relies only on the representations of government counsel. It is well established that "statements of counsel are not evidence." *United States v. Fetlow*, 21 F.3d 243, 248 (10th Cir. 1994); *see also Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) ("Research has revealed no authority for the proposition that a district court must rely on a representation, made by the government or any other litigant for that matter. Instead, in making a determination, a trial court must rely on the evidence before it."). None of the government's assertions, cited in the Commitment Order at 2-3, are based on facts in the record.

In arguing against a commitment order, Mr. Dear submitted an expert declaration to the Magistrate Court showing that his competency evaluation could be performed at the Englewood facility. The Magistrate Court does not mention the expert declaration, even to dismiss it in shorthand. Likewise, in rejecting Mr. Dear's concerns about the COVID-19 risks of transport, the Magistrate Court relied on "the rationale offered by the Government [in its response brief, ECF No. 76] for the superiority of the Springfield

---

[3] As Mr. Dear contended in his 4247 Reply (at 12), committing a defendant to a mental hospital for a competency evaluation significantly interferes with the defense, particularly in the early stages of a criminal case, and thus should not be ordered when other alternatives would suffice. Notably, the Magistrate Court made no finding that commitment is justified given the Sixth Amendment concerns Mr. Dear identified.

14

facility" and the government's representations about "the robust COVID-19 screening, quarantine, and treatment protocols used by the BOP." (Commitment Order at 4-5). Again, there are no facts in the record about the Springfield facility or the COVID-19 related protocols employed by BOP. The government offered no evidence, and Mr. Dear was denied an opportunity to develop the record at an evidentiary hearing. It is reversible error for the Magistrate Judge to enter a commitment order unsupported by any evidence, particularly on a matter of such consequence and when the defense contends the facts are in dispute.

Remand is required so the Magistrate Court may make factual findings about the need for commitment based on evidence.

## CONCLUSION

For the reasons stated here, the Commitment Order should be vacated because it is clearly erroneous and contrary to law under Federal Rule of Criminal Procedure 59(a). This Court should resolve the objections in favor of Mr. Dear and remand for further proceedings, so that the Magistrate Court may consider the 4247 Motion under the correct legal standard and based on evidence.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant

15

*s/ Natalie G. Stricklin*
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

s/ Veronica S. Rossman
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

APPOINTED LEARNED COUNSEL:

s/ Mark F. Fleming
MARK F. FLEMING, ESQ.
Law Office of Mark Fleming
1470 Encinitas Blvd., Suite 133
Encinitas, CA 92024
Telephone:   (619) 300-6202
Email: mark@markfleminglaw.com
Attorney for Defendant

s/ Andrea L. Luem
ANDREA L. LUEM, ESQ.
400 South Fourth Street, Suite 500
Las Vegas, NV 89101
Telephone:   (702) 600-8403
FAX:              (702) 550-7712
Email: Andrea@luemlaw.com
Attorney for Defendant

16

## CERTIFICATE OF SERVICE

I certify that on February 1, 2021, I filed the foregoing **DEFENDANT'S OBJECTIONS SUPPORTING APPEAL OF MAGISTRATE JUDGE'S COMMITMENT ORDER, ECF NO. 82** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

*s/ Veronica S. Rossman*
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:           (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant