IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

       Defendant.

---

## MOTION FOR RECONSIDERATION

---

The defendant, Robert Lewis Dear, Jr., through counsel, respectfully asks this Court to reconsider the January 29, 2021 minute order, ECF No. 91, (the "Minute Order"), which affirmed the decision of the Magistrate Judge entered January 6, 2021 (ECF No. 82) (the "Commitment Order"), denied as moot Mr. Dear's Motion To Stay Execution of Commitment Order Pending Interlocutory Appeal filed January 7, 2021 (ECF No. 85) ("Motion to Stay"), and denied as moot Mr. Dear's Motion for a Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order filed January 13, 2021 ("Motion for Complete Briefing Schedule").

The Minute Order is not consistent with applicable law or this Court's previous orders and communications, which confirmed the parties had an opportunity to fully brief both the Commitment Order appeal and the Motion to Stay. Reconsideration is needed "to correct clear error and avoid manifest injustice." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In support, counsel states:

*Background*

1.      On November 30, 2020, Mr. Dear filed his Motion for Order Regarding Competency Examination Under 18 U.S.C. §§ 4241(b) and 4247(b), ECF No. 72 (the "Motion").  The defense asked the Magistrate Court, under section 4247(b), not to commit Mr. Dear to a mental hospital for his competency evaluation and order it to be performed at the Englewood facility, where he is already detained.

2.      On January 6, 2021, Magistrate Judge Mix denied the Motion and entered the Commitment Order, requiring that "the competency evaluation of the Defendant shall be conducted at USMCFP-Springfield." (ECF No. 82).

3.      On January 7, 2021, Mr. Dear noticed his appeal of the Commitment Order. (ECF No. 84).  Mr. Dear also asked for a stay of the Commitment Order. (ECF No. 85).

4.      On January 12, 2021, this District Court entered a Minute Order, ECF No. 86 (the "January 12 Minute Order") setting a briefing schedule on Mr. Dear's recent filings.  The Minute Order required the government to respond both to ECF Nos. 84 and 85 by January 21, 2021 and allowed the defendant to reply within 14 days of the relevant responses. (*See* ECF No. 86).  However, the Minute Order did not include a date for Mr. Dear to file an initial merits pleading stating his objections to the Commitment Order.

5.      On January 13, 2021, Mr. Dear filed a Motion for a Complete Briefing Schedule. (ECF No. 88). Mr. Dear explained that the Court's January 12 Minute Order had ordered the government to respond only to his notice of appeal, not to a filing that states the legal bases for Mr. Dear's objections to the Magistrate Court's ruling under

Federal Rule of Criminal Procedure 59(a).  Mr. Dear acknowledged that, under Rule 59(a), the defense had until January 20 to serve and file objections to the Commitment Order but also explained that Rule 59(a), by its plain terms, allowed objections to be filed outside the 14-day window. *See* Fed. R. Cr. P. 59(a) ("A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets."). Mr. Dear asked the Court to reset the briefing schedule, allowing the defense until February 1 to file Rule 59(a) objections and setting new deadlines for the government's response and the defendant's reply.  Mr. Dear did not ask the Court to change the deadlines for briefing his Motion to Stay; those deadlines had been previously set and allowed the government to file a response on January 21 and Mr. Dear to file a reply on February 4.

6.      On the evening of January 19, 2021, the parties received an email communication from Chambers. Ms. Kathleen Finney, the Judicial Assistant to the Honorable Judge Robert E. Blackburn, emailed all counsel and stated:

> In regards to [#88] MOTION for Order for Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order [ECF NO.84], the deadline for objections will be extended pending the ruling on the def's motion [#88].

(Attachment A).

7.      The government, through Assistant United States Attorney Pegeen Rhyne, followed up with an email to Chambers, seeking further clarification: "Kathleen, Do I correctly understand that the government's response to those objections, which is currently due this Thursday, is likewise extended pending the ruling on the defendant's motion [#88]?" (*See id.*).  The next morning, Ms. Finney replied: "Yes." (*See id.*).

8. On January 20, 2021, the defense, through Assistant Federal Public Defender Veronica S. Rossman, also emailed Ms. Finney to confirm that Mr. Dear had been granted an extension from January 20 in which to file his Rule 59(a) objections. AFPD Rossman wrote:

> Good morning Ms. Finney, Thank you for your email below. We appreciate the heads-up. The defense understands Mr. Dear's objections deadline will be extended from today and awaits the Court's ruling for more details about this matter.

(*See* Attachment B).

9. Based on these communications with Chambers, Mr. Dear did not file his Rule 59(a) objections on January 20 because he reasonably understood that both his deadline to file objections to the Commitment Order and the government's deadline to respond was extended from January 20 and January 21, respectively.

10. On January 21, 2021, the government submitted no filing regarding the Commitment Order appeal. But complying with the deadline set in the January 12 Minute Order, the government filed the United States' Response for Motion to Stay. (ECF 90). The government advanced several arguments opposing the stay. Mr. Dear has until February 4 to submit his reply to those arguments. (ECF No. 86) (allowing the defendant to reply within 14 days of the government's response to Motion to Stay).

11. On the evening of January 29, 2021, this Court entered the Minute Order that is the subject of this Motion for Reconsideration.

12. On January 31, 2021, defense counsel conferred with the government via email about the instant motion. (*See* Attachment C). The government takes the position that there is no obligation to confer about a motion for reconsideration.

13.     On February 1, 2021, Mr. Dear filed Defendant's Rule 59(a) Objections Supporting Appeal of Magistrate Judge's Commitment Order.  (ECF No. 92).

<u>LEGAL STANDARD</u>

14.     "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *Christy*, 739 F.3d at 539.  The Tenth Circuit has held that criminal motions to reconsider are proper, because a "district court should have the opportunity to correct alleged errors in its dispositions." *Id.*  A district court may grant a motion to reconsider "when the court has misapprehended the facts, a party's position, or the law." *Id.* (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*  "The Court should be more inclined to grant motions for reconsideration if the movant presents … a clear indication -- one that manifests itself without the need for in-depth analysis or review of the facts -- that the Court erred." *United States v. Lewis*, 432 F. Supp. 3d 1237, 1277 (D.N.M. 2020).

<u>ARGUMENT</u>

<u>This Court should reconsider its decision to affirm the Commitment Order.</u>

15.     This Court's decision to affirm the Commitment Order was made before Mr. Dear had any chance to present his Rule 59(a) objections, which were filed today. (*See* ECF No. 92). Unless this Court reconsiders its decision to affirm the Magistrate Court, Mr. Dear will be denied any opportunity to have his Rule 59(a) objections to the Commitment Order raised and ruled upon. This would be a manifest injustice.

16.     Because the Minute Order entered before Mr. Dear could present his appellate arguments, the Court's decision to affirm was not based on any Rule 59(a) briefing by either party.  This contravenes Rule 59.  Under Rule 59(a), "The district judge *must* consider timely objections [to the Magistrate Judge's determination] and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review."  Fed. R. Cr. P. 59(a) (emphasis added).

17.     Mr. Dear timely noticed his appeal from the Commitment Order.  The parties understood, based on the language in Rule 59(a) and confirmed by email communications with Chambers, that Mr. Dear could submit a brief supporting his notice of appeal after January 20 and that the government would then have an opportunity to respond to it.  (*See* Attachments A and B).  However, no Rule 59(a) briefing schedule ever entered.  It is erroneous for a court, sitting as an appellate forum, to affirm an order challenged on appeal without considering, or even allowing the defendant to present, arguments for reversal, especially when the defendant reasonably understood he had the opportunity to be heard.

This Court should reconsider its decision denying as moot<br>Mr. Dear's Motion to Stay.

18.     Nothing in the record explains why this Court refused to give any merits consideration to Mr. Dear's Motion to Stay.  A stay is appropriate because, without one, the Commitment Order will be rendered unreviewable. Without a stay, Mr. Dear will be transferred to Springfield for the competency evaluation before any appellate process even begins.

19.     In its January 12 Minute Order, this Court allowed Mr. Dear until February 4 to reply to the government's response opposing his Motion to Stay. But Mr. Dear has now been denied a chance to comply with this court-ordered deadline. It is clearly erroneous to deny as moot an issue that is the subject of active litigation without first considering the defendant's arguments.  Unless this Court reconsiders its ruling, Mr. Dear will be denied a complete opportunity to present arguments supporting his Motion to Stay. This would be a manifest injustice.

<u>This Court should reconsider its decision denying as moot</u>
<u>Mr. Dear's Motion for Complete Briefing Schedule.</u>

20.     Mr. Dear reasonably relied on the communications from Chambers that the deadline for his Rule 59(a) objection was extended from January 20 and the government's response deadline was extended from January 21.  (*See* Attachments A and B).  After the January 19 email from Ms. Finney, Mr. Dear reasonably expected the Court to enter a new Rule 59(a) briefing order.  This expectation was reinforced after both defense counsel and government counsel separately confirmed the extension with Ms. Finney.

21.     The Minute Order, however, entered a ruling inconsistent with the expectations of the parties, the communications with Chambers, and the Court's January 12 Minute Order.  Under these circumstances, where the Court had the authority to set a briefing schedule under Rule 59(a), and Chambers communicated to the parties that an extension will be granted, it would be a manifest injustice now to deny the parties a full and fair opportunity to litigate the issues.

22.     Mr. Dear respectfully asks the Court to reconsider its ruling and to set a briefing schedule on the Commitment Order appeal that (a) accepts the Rule 59(a)

objections as timely filed on February 1 (ECF No. 92); (b) sets a reasonable deadline from February 1 for the government's response to those objections; and (c) sets a reasonable deadline from the date of the government's response for Mr. Dear to file a reply.

WHEREFORE, Mr. Dear respectfully asks this Court to correct clear error and avoid manifest injustice by reconsidering the Minute Order and allowing merits briefing to proceed on the Commitment Order appeal and the Motion to Stay.


Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant


s/ Natalie G. Stricklin
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

s/ Veronica S. Rossman
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

APPOINTED LEARNED COUNSEL:

s/ Mark F. Fleming                          
MARK F. FLEMING, ESQ.
Law Office of Mark Fleming
1470 Encinitas Blvd., Suite 133
Encinitas, CA 92024
Telephone:   (619) 300-6202
Email: mark@markfleminglaw.com
Attorney for Defendant

s/ Andrea L. Luem                          
ANDREA L. LUEM, ESQ.
400 South Fourth Street, Suite 500
Las Vegas, NV 89101
Telephone:   (702) 600-8403
FAX:           (702) 550-7712
Email: Andrea@luemlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on February 1, 2021, I filed the foregoing ***MOTION FOR RECONSIDERATION*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

s/ Veronica S. Rossman                          
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:           (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant