IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO STAY EXECUTION OF COMMITMENT ORDER**

The defendant, Robert Lewis Dear, Jr., through counsel, respectfully submits his reply supporting Defendant's Motion to Stay Execution of Commitment Order Pending Interlocutory Appeal (ECF. No. 85) (the "Motion to Stay"). This reply complies with the deadline set by Minute Order on January 12, 2021 (ECF No. 86). Mr. Dear has sought reconsideration of this Court's January 29, 2021 Minute Order, denying his motion for stay as moot. (*See* ECF No. 93). That motion for reconsideration remains pending. This Court has ordered the government to respond by February 16, 2021. ECF. No. 94.

**Introduction**

The government's opposition to Mr. Dear's motion for stay of the Commitment Order (ECF No. 82) is premised on two fundamental errors. First, the government misunderstands the issues on appeal. The government is quick to dismiss Mr. Dear's appeal as nothing but a quibble with the Magistrate Court's endorsement of the Springfield facility as the location for Mr. Dear's competency examination. Not so. Mr.

Dear's objection, in addition to challenging the lack of evidence supporting the Commitment Order, contends the Magistrate Court failed to recognize, and appropriately exercise, its discretionary authority under 18 U.S.C. § 4247(b). *See* Defendant's Rule 59(a) Objections to the Magistrate Judge's Commitment Order, ECF. No. 82 (ECF. No. 92) (the "Defendant's Objections"), at 7-12.  It is well settled that "[a]n error of law is per se an abuse of discretion." *United States v. Lopez–Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011) (*citing Koon v. United States*, 518 U.S. 81, 100 (1996)). The government cannot rely on a deferential standard of review to avoid proper consideration of the legal objections Mr. Dear has presented.

Second, the government contends that Mr. Dear is simply seeking a stay for the sake of delaying this case. Again, the government is wrong. Mr. Dear has requested a stay to protect his right to appeal the Commitment Order according to the procedure set forth in Federal Rule of Criminal Procedure 59(a) and 28 U.S.C. § 636(b)(1)(A).  As the government acknowledges, without a stay the Commitment Order will be rendered unreviewable.

For the reasons set forth here, and in the Motion to Stay and Defendant's Objections, the Court should grant Mr. Dear's request for a stay.

## Analysis

The parties agree the applicable legal standard is articulated in *Nken v. Holder*, 556 U.S. 418, 426 (2009). *See* Motion to Stay at 3; Government's Response at p. 2. Each factor is addressed below.

**I.     Likelihood of Success on the Merits**

As fully briefed in Defendant's Objections, Mr. Dear "has made a strong showing that he is likely to succeed on the merits," and thus, this factor warrants the stay. *Nken*, 556 U.S. at 426.

In its response, the government says the question for appeal is "where the examination should take place" and claims Mr. Dear cannot successfully challenge the Commitment Order given the deferential standard of review. Government's Response at 3. But the government has missed the issue. The actual question raised in Mr. Dear's appeal, as made clear in Defendant's Objections, is whether the Magistrate Court misunderstood the legal standard in section 4247(b). An appellate court owes no deference to the Magistrate Judge's legal conclusions. Defendant's Objections at 6.

The government faults Mr. Dear for failing to address the *Martin* decision cited by the Magistrate Court to support the Commitment Order. *United States v. Martin*, 2011 WL 52203310, at 14 (D.N.M. Sept. 27, 2011). Government Response at 4.  But as fully explained in Defendant's Objections, *Martin* is not dispositive here, because it does not meaningfully address the critical, threshold work a court (not the BOP) must do under section 4247(b)—to decide whether commitment is justified in the first place. *See* Defendant's Objections at 11.

The government further complains that in his motion, Mr. Dear "has not identified any error with specificity" nor has he "elaborate[d] on [his] constitutional arguments." Government Response at 4. In his motion, Mr. Dear cited, as examples, that the Commitment Order entered (1) without factual findings, (2) without first holding an

3

evidentiary hearing to resolve factual disputes, (3) without considering whether commitment would impact Mr. Dear's constitutional rights and (4) based upon uncorroborated assertions of government counsel. Motion to Stay at 3-4.  Mr. Dear has fully developed his merits arguments in the Defendant's Objections.  Defendant's Objections at 12-15.  Specifically, Mr. Dear argues that the Magistrate Judge did not make factual findings about the need for commitment and instead only recited the Bureau of Prisons' preference for Springfield.  Further, any findings that the Magistrate Judge did make relied solely on government counsel's assertions as opposed to actual evidence.  *Id.* at 13-14.  Mr. Dear was likewise denied any opportunity at a hearing to develop a record refuting the government counsel's assertions.  *Id.*   As to his constitutional arguments, Mr. Dear explains that commitment will significantly interfere with his Sixth Amendment rights and access to counsel.  *Id.* at 14 n. 3.

**II.      Irreparable Harm to Mr. Dear**

The second factor, the risk of irreparable harm to Mr. Dear absent a stay, also supports a stay.  *Nken*, 556 U.S. at 426.    The government agrees that absent a stay Mr. Dear's appeal is moot.  Notwithstanding this concession, the government contends the "defense does not identify any concrete injury beyond the transfer itself and its effect on reviewability." Government Response at 5.  Of course, there is a concrete injury flowing from the Commitment Order—the loss of liberty and the forced intrusion of involuntary hospitalization for an inpatient competency examination. *See, e.g., United States v. Deters*, 143 F.3d 577, 583 (10th Cir. 1998); Defendant's Objections at 10.  The government contends that because Mr. Dear is already in custody, no due process interests are implicated.  Government Response at 5.  The government is wrong. The

4

Commitment Order contemplates more than a mere change in custodial setting. Transporting Mr. Dear to Springfield will result in his inpatient placement in a psychiatric facility with restrictions, such as 24-hour a day mental health monitoring and will impair his access to counsel.  See, e.g., United States v. Visinaiz, 96 F. App'x 594, 597 (10th Cir. 2004) ("Although the government argues [defendant] suffers no loss of liberty by being committed to the mental hospital because he is already being detained pending trial, a significant difference exists between the two types of detainment."); see also Defendant's Objections at 10.

The government also ignores the obvious risks of transporting Mr. Dear during the pandemic. Mr. Dear is a 62-year-old man at heightened risk for serious COVID-19 complications should he be exposed to the virus.  Neither the government nor the Bureau of Prisons have provided Mr. Dear with any notice of the safeguards in place to assure that Mr. Dear is not exposed during transport, during his confinement at Springfield, and during his return transport to Englewood.  Defendant's Motion for Order Regarding Competency Examination under 18 U.S.C. §4241(b) and 4247(b), ECF No. 72, 10-13.

## III.     Harm to Interested Parties and the Public Interest

In its response, the government addresses the remaining two factors – whether the issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies – together.  Nken, 556 U.S. at 426; Government Response at 6-7.   Mr. Dear will likewise address these two factors together.  On balance, these factors support granting the stay.

The government recognizes that these two factors are "less critical." Government Response at 6. In addressing the harm to other interested parties, the government states the victims have a statutory right to proceedings "free from unreasonable delay." *Id*. Any delay attendant to appellate review of the Commitment Order is not unreasonable. The requested stay merely ensures that that review can take place before the Commitment Order is executed.

In its response, the government emphasizes "that this case has already suffered from significant delay at the defense's request." Government Response at 7. But it is the government that waited four years to prosecute Mr. Dear on capital charges, after he was found incompetent by the state court 15 times. The government also fails to acknowledge that any delay since the filing of its 4241 Motion resulted from its own challenge to the legitimacy of the state court incompetency determination, which consequently required defense counsel to review nearly 10,000 pages of medical records and reports and hire an expert to take a position on whether another examination should be ordered under section 4241(b). Of course, had the government stipulated to a local evaluation at the Englewood facility, there is a reasonable likelihood it already would have been completed.

Contrary to the government's contention that a stay would "impair the public's interest in expediency across all these dimensions," the true public interest, as argued by Mr. Dear, lies in ensuring a correct result through meaningful appellate review. And that review can only occur if the Commitment Order is stayed pending appeal. Motion to Stay at 4.

## Conclusion

For the reasons stated above, Mr. Dear respectfully asks this Court to stay execution of the Commitment Order during the pendency of the interlocutory appellate proceedings.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant


| *s/ Natalie G. Stricklin* | s/ Veronica S. Rossman |
|---|---|
| NATALIE G. STRICKLIN | VERONICA S. ROSSMAN |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| 633 17th Street, Suite 1000 | 633 17th Street, Suite 1000 |
| Denver, CO  80202 | Denver, CO 80202 |
| Telephone:   (303) 294-7002 | Telephone:   (303) 294-7002 |
| FAX:             (303) 294-1192 | FAX:             (303) 294-1192 |
| Email: Natalie_Stricklin@fd.org | Email: Veronica_Rossman@fd.org |
| Attorney for Defendant | Attorney for Defendant |

APPOINTED LEARNED COUNSEL:

| | |
|---|---|
| s/ Mark F. Fleming | s/ Andrea L. Luem |
| MARK F. FLEMING, ESQ. | ANDREA L. LUEM, ESQ. |
| Law Office of Mark Fleming | 400 South Fourth Street, Suite 500 |
| 1470 Encinitas Blvd., Suite 133 | Las Vegas, NV 89101 |
| Encinitas, CA 92024 | Telephone:   (702) 600-8403 |
| Telephone:   (619) 300-6202 | FAX:           (702) 550-7712 |
| Email: mark@markfleminglaw.com | Email: Andrea@luemlaw.com |
| Attorney for Defendant | Attorney for Defendant |

## CERTIFICATE OF SERVICE

I certify that on February 4, 2021, I filed the foregoing ***Reply to Government's Response to Mr. Dear's Motion to Stay Execution of Commitment Order Pending Interlocutory Appeal*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:   pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:   rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:   mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013
c/o FDC – Englewood

*s/ Natalie G. Stricklin*
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:           (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

8