IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR RECONSIDERATION [DOC. # 93]**

As directed by the Court, the United States of America submits this response to defendant Robert Lewis Dear, Jr.'s motion for reconsideration. [Doc. # 93].

For the reasons set forth below, the government: (1) agrees the Court should reconsider its finding that Dear waived his right to challenge Judge Mix's order based on the defense's failure to timely file objections under Rule 59(a); (2) requests that the Court grant the government an opportunity to respond to Dear's objections but deny the defense's request to file a "reply" brief; and (3) requests that the Court deny the defense's motion for a stay and deem waived the arguments raised for the first time in the defense's reply brief.

Reconsideration "may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  Permissible grounds include a change in the law, new evidence, or "the need to

1

correct clear error or prevent manifest injustice." *Id.*

Here, one ground the defense raises in its motion for reconsideration satisfies this standard. The Court affirmed Magistrate Judge Mix's decision regarding the location of Dear's competency evaluation. [Doc # 91 at 4]. The Court did so on the ground that the defense failed to file its objections to Judge Mix's order within fourteen days as required by Federal Rule of Criminal Procedure 59(a), and thus waived its right to challenge that order. [*Id.*].

However, on January 19, 2021—the day before Dear's deadline to file objections—the parties received an email from the Court's judicial assistant stating: "In regards to [#88] MOTION for Order for Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order [ECF NO.84], the deadline for objections will be extended pending the ruling on the def's motion [#88]." [Doc. # 93-1 at 3].

The defense says that it did not file Dear's objections on January 20, 2021, in reliance on this e-mail. [Doc. # 93 at 4]. Because that reliance appears reasonable under the circumstances, the government agrees that the Court should reconsider its finding that Dear waived his right to challenge Judge Mix's order based on his failure to timely file objections under Rule 59(a).

To be sure, the defense created the confusion that led to the Court's order. Rule 59(a) states in no uncertain terms that to challenge a magistrate judge's order "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order[.]" Fed.R.Crim.P. 59(a). Instead of doing that (or simply seeking an extension to do that), the defense filed a bare-bones "Notice of Appeal" to the District

2

Court and requested a briefing schedule that conflated "objections" with "merits briefs." [*See* Docs. # 84, 88].

It is unclear what the purpose of the notice of appeal was. It is less clear why the document cited the collateral-order doctrine, which is a doctrine about appellate jurisdiction at the circuit court, which does not apply to this Court's review of Judge Mix's order under Rule 59(a). Whatever this document was supposed to be, the Court was entitled to view it as premature or otherwise legally irrelevant. [Doc. # 91 at 2]. What is legally relevant to challenge a magistrate judge's order is a party's objections under Rule 59(a).

The Court denied the defense's other pending motions—for a complete briefing schedule [Doc. # 88] and for a stay pending appeal [Doc. # 85]—as moot in view of its affirmance of Judge Mix's order based on waiver. [Doc. # 91 at 4]. Although aspects of these motions may no longer be moot if the Court were to reconsider its waiver ruling, the defense is not entitled to any relief on either motion.

As for the motion for a complete briefing schedule, nothing in Rule 59(a) says anything about a briefing schedule apart from a party's obligation to file objections within 14 days absent an extension. As noted, the defense's request creates confusion in that it appears to conflate the objections specified in Rule 59(a) with what it calls an "initial merits brief." [*See* Doc. # 88 at 5].

In any event, the defense has since filed its objections to the order, [Doc. # 92], so its request to have until February 1 to do so is moot. The government requests an opportunity to respond to these objections. *Cf.* Fed.R.Civ.P. 72 advisory committee's

3

notes ("It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling."). But there is no reason for the Court to grant the defense's request for a reply. [*See* Doc. # 88 at 4]. Nothing in Rule 59 requires a reply. The defense had the opportunity to file a reply before the magistrate judge [Doc. # 78] and has since filed its objections [Doc. # 92]. The issues before the Court have received extensive briefing to date, and the defense has not shown that a reply would aid the Court. The chief consequence of the defense's request is more delay.

As for the motion for stay, the defense has since filed a reply in support of its request. The defense's reply is more detailed than its actual motion. The problem is that arguments raised for the first time in a reply are deemed waived. *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Thus, in assessing whether the defense has borne its burden to show that a stay is warranted, the Court should look to its skeletal motion rather than its belated attempt to compensate for that motion's shortcomings in a reply.

To illustrate the point, in its reply, the defense says the government "ignores the obvious risks of transporting Mr. Dear during the pandemic." [Doc. # 95 at 5]. Well, the defense did not mention these risks in its motion for stay. [*See* Doc. # 85]. The defense similarly faults the government for not grasping the "actual question" raised in its objections, which it says is whether Judge Mix "misunderstood the legal standard." [Doc. # 95 at 3]. But all the defense said in its motion for stay about its chances of success on the merits was that the order was "entered without adequate factual

4

findings, without first holding an evidentiary hearing … without considering whether commitment would impact Mr. Dear's constitutional rights, and based on uncorroborated assertions of government counsel[.]"  [Doc. # 85 at 3-4].  If the government did not grasp the "actual question" presented, that is because the defense did not see fit to mention it in requesting the extraordinary remedy of a stay.

    Even with the reply's relative elaboration, the defense has still not borne its burden.  It remains the case that the magistrate judge's interpretation of the statute was consistent with its text and precedent and thus is not contrary to law, and that the defense has not otherwise shown that it is substantially likely to establish any clear error.  Thus, the defense is not entitled to any relief on its motion for a stay either.

\*     \*     \*

    The government agrees that the Court should reconsider its ruling that the defense waived its right to file objections.  The government also requests a right to respond to those objections.   Apart from that, the defense has not shown it is entitled to relief.  And the Court should rule accordingly.

Dated:  February 8, 2021

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:  s/ *Pegeen D. Rhyne*
Pegeen D. Rhyne
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Pegeen.Rhyne@usdoj.gov

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov


GREGORY B. FRIEL
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By:  s/ *Mary J. Hahn*
Mary J. Hahn
Trial Attorney
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street, N.W./7.1108
Washington, D.C. 20002
Telephone: 202-305-0921
Fax:  202-514-6588
E-mail:  Mary.Hahn@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

| | |
|---|---|
| Natalie Stricklin | Natalie_Stricklin@fd.org |
| Veronica Rossman | Veronica_Rossman@fd.org |
| Mark F. Fleming | mark@markfleminglaw.com |
| Andrea L. Luem | Andrea@luemlaw.com |

*s/ Kayla Keiter*
Legal Assistant
United States Attorney's Office