**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

 Defendant.

## ORDER

**Blackburn, J.**

  The matter before me is the **Motion for Reconsideration** [#93],[1] filed February 1, 2021, by defendant, Robert Lewis Dear. I grant the motion in part and deny it in part.

  The Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider. ***United States v. Randall***, 666 F.3d 1238, 1241-42 (10th Cir. 2011). Nevertheless, a district court may entertain such a motion to correct alleged errors:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

***United States v. Christy***, 739 F.3d 534, 539 (10th Cir. 2014) (internal citations and quotation marks omitted).

  On January 29, 2021, I entered an order affirming the decision of the magistrate

---

[1] "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judge in her **Order (**[#82], filed January 6, 2021) and concluding that Mr. Dear had waived his right to contest that decision by failing to timely file objections thereto. (*See* **Order** at 3-4 [#91], filed January 29, 2021.)  Reconsideration of this decision is appropriate to prevent manifest injustice.  As noted in the motion, the court via email communications previously informed the parties that the deadline for objections to the magistrate judge's order would be tolled pending resolution of Mr. Dear's motion for a briefing schedule related to his notice of appeal of that order.  (*See* **Motion for Complete Briefing Schedule as to Appeal of Magistrate Judge's Commitment Order [ECF No. 84]** [#88], filed January 13, 2021).  Thus, it was error to fault Mr. Dear for failing to timely file such objections.  The government also agrees reconsideration is appropriate given these facts.

Accordingly, I grant the motion for reconsideration to the extent it seeks to vacate my order affirming the decision of the magistrate judge.  I accept **Defendant's Rule 59(a) Objections Supporting Appeal of Magistrate Judge's Commitment Order, ECF No. 82** ([#92], filed February 1, 2021) as filed, and will provide the government an opportunity to respond to those objections.

However, the remainder of the relief sought by the motion is denied.  Mr. Dear's request to file a reply to the government's anticipated response to his objections is denied.  Rule 59 provides for the submission of objections and a response thereto; it does not contemplate a reply.  Mr. Dear has offered nothing to suggest a reply would be helpful to the court in resolving the issues presented by his objections, and I find that entertaining a reply would serve only to further delay resolution of this already

protracted dispute.

Mr. Dear's request that I reconsider that portion of my order denying as moot his motion to stay is denied. Given the vacatur of my order affirming the magistrate judge's decision, the commitment order is not yet a final order of this court. No stay is therefore required, and the relief requested by the motion is moot.

Finally, Mr. Dear's request to complete a briefing schedule on his notice of appeal likewise remains moot. The proper vehicle for evaluating the magistrate judge's decision is through Rule 59 objections, not an "interlocutory appeal" to this court.[2] Any briefing beyond these objections would be redundant and not helpful.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Reconsideration** [#93], filed February 1, 2021, by the defendant is granted in part and denied in part, as follows:

> a. That the motion is granted to the extent it seeks reconsideration of the determination set forth in my **Order** [#91], filed January 29, 2021, that Mr. Dear waived his right to file objections, and that portion of the order is vacated;
>
> b. That the motion is in all other respects denied;

2. That **Defendant's Rule 59(a) Objections Supporting Appeal of Magistrate Judge's Commitment Order, ECF No. 82** [#92], filed February 1, 2021, is accepted for filing; and

3. That the government may file a response to Mr. Dear's objections on or

---

[2] Moreover, on further reflection, I am dubious that the right of interlocutory appeal for commitment orders recognized in *United States v. Deters*, 143 F.3d 577, 581 (10th Cir. 1998), is applicable here, where the disputed issue is not *whether* Mr. Dear should be committed for evaluation, but simply *where*.

3

before **February 24, 2021**; no reply will be permitted.

    Dated February 16, 2021, at Denver, Colorado.

                                          **BY THE COURT:**

                                          *Bob Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge