**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

## ORDER OVERRULING RULE 59(a) OBJECTIONS

**Blackburn, J.**

The matter before me is the **Defendant's Rule 59(a) Objections Supporting Appeal of Magistrate Judge's Commitment Order, ECF No. 82** [#92][1] filed February 1, 2021. The government filed a response [#98]. I overrule the objections.

## I. BACKGROUND

The defendant, Robert Dear, objects to an order [#82] entered by the Honorable Kristen L. Mix, a United States Magistrate Judge for the United States District Court for the District of Colorado. In that order [#82], Judge Mix addressed a dispute between the parties about where a competency evaluation of Mr. Dear should take place. In a prior order [#70], Judge Mix ordered that Mr. Dear be evaluated at a suitable Bureau of Prisons (BOP) facility for purposes of determining his competency. In the same order [#70], Judge Mix stayed her order for a competency evaluation until November 30,

---

[1] "[#92]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2020. She directed counsel for the parties to confer and attempt to reach an agreement as to the specific location of the competency evaluation.  The parties did not reach an agreement.

On November 30, 2020, Mr. Dear filed a motion [#72] seeking an order requiring that the competency evaluation be conducted at the Federal Detention Center (FDC) Englewood, where Mr. Dear is now in pretrial detention. The government filed a response [#76] in opposition to the motion of Mr. Dear.  On January 6, 2021, Judge Mix filed an order [#82] denying the motion [#72] of Mr. Dear and directing that the competency evaluation of Mr. Dear be conducted at the U.S. Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri.  The objections [#92] currently at issue concern the order [#82] of Judge Mix requiring that the competency evaluation of Mr. Dear take place at the USMCFP Springfield.

## II.  STANDARD OF REVIEW

Fed. R. Crim. P. 59(a) permits me to refer to a magistrate judge any non-dispositive matter in a criminal case. The issue determined by the magistrate judge, the location of the competency evaluation, is a non-dispositive matter.  Under Fed. R. Crim. P. 59(a), a party may file objections to the order of a magistrate judge on such a non-dispositive matter.  A district judge may modify or set aside any part of the order of a magistrate judge that is contrary to law or clearly erroneous.  A decision is "not clearly erroneous unless it is without factual support in the record." **F.D.I.C. v. Oldenburg**, 38 F.3d 1119, 1122 (10th Cir. 1994). A decision is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. **See, e.g., Catskill Dev. v. Park Place Entm't Corp.**, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).  In short, the district court should "affirm unless it on the entire evidence is left with the definite and firm conviction

2

that a mistake has been made." ***Allen v. Sybase***, 468 F.3d 642, 658 (10th Cir. 2006).

### III.  ANALYSIS

Title 18 U.S.C. § 4247(b) provides:

For purposes of an examination pursuant to an order under section 4241…, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days…to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court….[.]

In turn, "suitable facility means a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2).

In his objections [#92], Mr. Dear contends the magistrate judge erroneously conflated two issues and mis-applied § 4247(b): (1) whether there is any justification for an inpatient commitment of the defendant for a competency evaluation; and (2) which facility is suitable for such an evaluation. *Objections* [#92], p. 8. I disagree.

Judge Mix entered an order [#70] ordering that a competency evaluation of Mr. Dear be conducted at a suitable Bureau of Prisons Facility.  The need for a competency evaluation was addressed in a hearing on November 20, 2020, and in the order [#70] of Judge Mix.  After that order [#70] was entered, Mr. Dear filed his motion [#72] addressing the question of where the evaluation would take place.  The government filed a response [#76].  Then, Judge Mix entered a separate order [#82] addressing the question of where the competency evaluation should be conducted.  She did not conflate the two issues.

Mr. Dear contends Judge Mix had duty to decide, in the first instance, whether the competency examination must be conducted through commitment to a psychiatric

3

facility or may be performed in some other manner. *Objections* [#92], p. 12. He criticizes the conclusion of Judge Mix that the BOP ultimately decides where an examination under § 4247(b) shall take place. *Id.*, p. 11. Judge Mix concluded that a "straightforward reading of the plain statutory language suggests that, although the decision to order a psychiatric examination is discretionary with the court, the decision about which facility is most suitable for the examination is to be made by the Attorney General, not by the court." *Order* [#82], p. 3. The record demonstrates that Judge Mix considered the issue of where the evaluation should take place and concluded that USMCFP in Springfield, Missouri is the proper place for the evaluation. Further, Judge Mix is correct in her interpretation of the statute, concluding that the Attorney General, acting through the BOP, makes the ultimate determination about the proper facility for the evaluation.

To some extent, Mr. Dear impugns the analysis of Judge Mix on the question of whether or not a competency evaluation is necessary, as opposed to where the evaluation should be conducted. On the question of the need for an evaluation, Judge Mix held a hearing, considered the evidence and the competing views of the parties, analyzed the need for a competency evaluation, and ordered an evaluation. *Hearing transcript* [#72-2], pp.46-48; *Order* [#70]. On this issue, Mr. Dear presents no viable criticism of the procedure and analysis used by Judge Mix.

Mr. Dear contends he was not afforded due process before the court determined that his evaluation shall take place at USMCFP in Springfield, Missouri, as opposed to FDC Englewood, where he currently is detained. *Objections* [#92], pp. 12-15. Nothing in § 4241 or § 4247 requires a hearing before the location of a competency evaluation is determined. Further, under § 4247(b), after a court orders a competency evaluation,

4

the decision about which facility is a suitable facility[2] for the evaluation is to be made by the Attorney General.  The BOP is the designee of the Attorney General for these purposes.  Judge Mix found that the determination of the BOP on this issue is entitled to significant deference, if not automatic approval, by the court.

Mr. Dear asserts a procedural due process claim concerning this determination. Addressing a procedural due process claim, courts ask three questions: (1) did the person have a protected property or liberty interest to which due process protections apply; (2) was the person deprived of that interest; and (3) if so, was he or she afforded an appropriate level of process?  ***Martin Marietta Materials, Inc. v. Kansas Dept. of Transp.***, 810 F.3d 1161, 1172 (10th Cir. 2016).

Mr. Dear contends an evaluation at USMCFP Springfield will deprive him of a protected liberty interest.   Mr. Dear cites several cases involving a decision to confine an individual who was not in pretrial detention for purposes of a competency evaluation. *Objection* [#92], pp. 12-13.  Given the fact that Mr. Dear is in pretrial detention, those cases shed little light on his asserted liberty interest.

Mr. Dear also relies on ***Vitek v. Jones***, 445 U.S. 480, 482 (1980).  In ***Vitek***, the Supreme Court of the United States addressed the liberty interest of a convicted prison inmate who was involuntarily transferred to a mental hospital.  ***Id***. at 487-488.  Based on the increased limitation on freedom of action at the hospital, the stigma of being transferred to a mental hospital, and the mandatory behavior modification which would be used at the hospital, the Court found that the inmate had a protected liberty interest which was implicated by the transfer.  ***Id***. at 492-493.  "A convicted felon "is entitled to

---

[2] Under Fed. R. Evid. 201, I take judicial notice that the USMCFP Springfield, Missouri, is a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b).

5

the benefit of procedures appropriate in the circumstances before he is found to have a mental disease and transferred to a mental hospital."  *Id*. at 493.

The circumstances in *Vitek* differ substantially from the circumstances of Mr. Dear.  If there will be any increased limitation on his freedom of action at USMCFP Springfield, that increased limitation will be temporary and relatively minor, in comparison to FDC Englewood.  The location of the competency evaluation, whether FDC Englewood or USMCFP Springfield, will have no effect on any stigma Mr. Dear may suffer for having undergone a competency evaluation.  A competency evaluation does not involve any treatment or mandatory behavior modification.

Generally, transfers between prisons do not implicate a protected liberty interest, even when more adverse conditions of confinement are at issue..  *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012).  Generally, a transfer must cause an inmate to face an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" before a liberty interest is implicated by the transfer.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Analogously, Mr. Dear is in pretrial detention, and his liberty is already severely restricted.  A temporary transfer of Mr. Dear to USMCFP Springfield for a competency evaluation will not impose on Mr. Dear a substantial increase in the restriction of his liberty.  Such a transfer will not impose an atypical and significant hardship, in comparison to the hardship he faces at FDC Englewood.  Such a transfer does not inherently impose any increased stigma on Mr. Dear.  A transfer to USMCFP Springfield will not impose on Mr. Dear any mandatory treatment requirements.  In short, the order of the court that the competency evaluation of Mr. Dear take place at USMCFP Springfield rather than FDC Englewood does not implicate a protected liberty interest of

Mr. Dear.

## IV.  CONCLUSION & ORDERS

I have carefully reviewed the objections [#92] of Mr. Dear, the response [#98] of the government, and the relevant record.  Mr. Dear has not shown that the order [#82] of Judge Mix is contrary to law or clearly erroneous.  Thus, the objections [#92] of Mr. Dear are overruled.

**THEREFORE, IT IS ORDERED** as follows:

1.  That under Fed. R. Crim. P. 59(a), the objections [#92] of the defendant are overruled;

2.  That the order [#82] of the magistrate judge, specifically and including the discreet order entered on page 5 in paragraph 2 committing the defendant to the custody of the Attorney General for a competency evaluation at USMCFP Springfield, is affirmed and shall remain in full force and effect; and

3.  That the stay imposed by the magistrate judge in [#70] entered November 20, 2020, and extended in the Minute Order [#75] entered December 2, 2020, is vacated.

Dated March 17, 2021, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge