IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

       Defendant.

---

**DEFENDANT'S MOTION FOR ORDER
REGARDING COMPETENCY EVALUATION PROCEDURES**

---

The defendant, Robert Lewis Dear, Jr., through undersigned counsel, respectfully asks this Court to order the following procedures for his competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247. The parties have conferred, and the government opposes this motion. The government requests an opportunity to file a reply.

*Procedural History*

On November 20, 2020, after a hearing, the Court granted the government's motion for a competency evaluation under 18 U.S.C. § 4241(b). (ECF No. 70). The Court ordered Mr. Dear "committed to a suitable Bureau of Prisons facility for purposes of a competency evaluation" and said it would "set a hearing with respect to the competency evaluation at a future date after completion of the evaluation." (*Id*. at 48).

At defense counsel's request, the Court stayed its order, until November 30, "for the purpose of allowing counsel to confer further and attempt to reach some agreement

with respect to the Court's order as to the specifics of the location of the evaluation." (*Id.* at 52).

On November 23, the defense contacted the government via email to discuss the location of the evaluation and invited the preparation of a joint filing requesting the evaluation be performed at FDC Englewood.  The government refused to stipulate.

On November 30, the defense asked the Court, under section 4247(b), not to commit Mr. Dear for an inpatient examination and order his competency evaluation to be conducted at the Englewood facility. (ECF No. 72).  The government opposed that motion. (ECF No. 76).

On January 6, 2021, the Magistrate Judge denied the defense's request in a written order, without a hearing.  The court committed Mr. Dear "to the custody of the Attorney General for a reasonable period not to exceed thirty days for the purpose of conducting a competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247." (ECF No. 82).

On January 7, Mr. Dear noticed an appeal of the Commitment Order to the district court, along with a motion to stay its execution. (ECF Nos. 84, 85).

On February 1, Mr. Dear filed timely Rule 59 Objections to the Commitment Order.  (ECF No. 92).  On March 17, the Honorable Robert E. Blackburn overruled the objections and lifted the stay on the Commitment Order.  (ECF No. 100).  Judge Blackburn ruled, "That the order [#82] of the magistrate judge, specifically and including the discreet order entered on page 5 in paragraph 2 committing the defendant to the custody of the Attorney General for a competency evaluation at USMCFP Springfield, is

2

affirmed and shall remain in full force and effect[.]" (*Id.*). Mr. Dear has been awaiting transport to FMC Springfield since March 17, a time period in excess of the 10 days specified in 18 U.S.C. § 3161(h)(1)(F). Mr. Dear's commitment for the competency evaluation is likewise subject to time limits, outlined in the Commitment Order and set forth in 18 U.S.C. § 4247.[1]

<u>*Defendant's Requests Regarding Competency Procedures*</u>

Mr. Dear requests the Court order the following:

1. Videotaping of the Evaluation

Mr. Dear requests that the competency evaluation shall be videotaped and that a copy is provided to defense counsel immediately after the evaluation is completed.

2. Defense Counsel Observation of the Evaluation

Mr. Dear requests that his defense team shall be permitted to observe the competency evaluation by live video feed. The competency evaluation is a "critical stage" at which the defendant has the right to counsel. *See Estelle v. Smith*, 451 U.S. 454, 469-71 (1981). A live video feed will not disrupt the evaluation but will ensure that Mr. Dear's constitutional rights are protected. If a live video feed is impracticable, Mr. Dear requests that his defense counsel receive a live audio feed of the competency evaluation.

---

[1] Mr. Dear reserves the right to make any appropriate arguments concerning unreasonable delays attendant to his transport and commitment.

### 3. Protection of Statements

Mr. Dear requests this Court to order that any statements made by him during the evaluation, including any responses to cognitive or psychological test questions, may be used by the government only in connection with evaluating and determining his competency to stand trial under the standards in section 4241(b) and *Dusky v. United States*, 362 U.S. 402 (1960). The competency evaluation was ordered over Mr. Dear's objection.  He is thus compelled by court order to undergo the evaluation.  Should he answer questions posed to him by the evaluator, the adverse use of those statements by the government for any non-competency-related purpose would violate the Fifth Amendment. *See Estelle v. Smith*, 451 U.S. 454 (1981).

### 4. Protection of Attorney Work Product and Privileged Information

Mr. Dear requests that the evaluation report shall be disclosed first to the defense and court so defense counsel may propose redactions to protect from inadvertent disclosure of matters of attorney work product and attorney-client privilege.

### 5. Scope of Evaluation and Notice of Testing Instruments

Mr. Dear requests the Court to order, consistent with the purpose of Mr. Dear's commitment under sections 4241 and 4247, that the evaluators are prohibited from expanding the scope of the competency evaluation to include other subjects, such as diminished capacity or sanity.  Mr. Dear also asks the Court to order that the evaluators provide advance notice to the parties of any cognitive or psychological testing instruments to be administered to Mr. Dear during the competency evaluation.  Mr. Dear makes this request so he may object to the use of any irrelevant or unreliable testing

instruments, such as personality testing and inventories (including the Minnesota Multiphasic Personality Inventory I or II) and instruments used for diagnostic purposes instead of to identify symptomology related to competency.

## *Conclusion*

Mr. Dear respectfully requests this Court enter an order with the competency evaluation procedures requested here.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant


s/ Natalie G. Stricklin
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

s/ Veronica S. Rossman
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:              (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on April 7, 2021, I filed the foregoing ***Defendant's Motion For Order Regarding Competency Evaluation Procedures*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013

> *s/ Veronica S. Rossman*
> VERONICA S. ROSSMAN
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:   (303) 294-7002
> FAX:             (303) 294-1192
> Email: Veronica_Rossman@fd.org
> Attorney for Defendant