**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

**ORDER CONCERNING MOTION REGARDING
COMPETENCY EVALUATION PROCEDURES**

**Blackburn, J.**

The matter before me is the **Defendant's Motion for Order Regarding Competency Evaluation Procedures** [#102][1] filed April 7, 2021. The government filed a response [#103]. Having considered carefully, the motion, the response, the record, and the apposite law, I grant the motion in part and deny it in part.

## I. BACKGROUND

The court ordered the defendant, Robert Dear, to be committed to the custody of the Attorney General, through the United States Bureau of Prisons (BOP), for a competency evaluation to be administered at the United States Medical Center for Federal Prisoners at Springfield (USMCFP Springfield). [#82] p. 5 & [#100] p.7. In the motion [#102] now before the court, the defense requests that the court order a number

---

[1] "[#102]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

of specific procedures for the competency evaluation. The government opposes all but one of the requests.  The government does not object that clinical interviews during the evaluation be videotaped.  Thus, on this issue, I grant the motion.  Because the other procedures requested by the defendant are unnecessary, unsupported by law, and/or potentially harmful to the evaluation process, I deny the motion otherwise.

## II.  ANALYSIS

A.  VIDEO RECORDING - The defendant requests "that the competency evaluation shall be videotaped and that a copy is provided to defense counsel immediately after the evaluation is completed." *Motion* [#102], p. 3.  According to the government, defense counsel stated during a meet and confer that this request is limited to clinical interviews during the competency evaluation.  *Response* [#103], p. 2. The government does not object to an order requiring that the clinical interviews be video recorded.  *Id*.  To this extent, the motion [#102] is granted.

The request that the competency evaluation as a whole be video recorded, beyond the clinical interviews, is denied.  There is neither legal authority nor a demonstrated factual need for this request.  Further, the BOP Forensic Evaluations Coordinator reports that such recording could affect the validity of tests conducted during the evaluation.

The defense requests also that a copy of the video recording of the competency evaluation be provided to defense counsel immediately after the evaluation is completed.  *Motion* [#102], p. 2.  The defense provides no legal authority or other justification for a departure from the ordinary procedure under which the BOP completes its evaluation and then files a report with the court and serves counsel for the defense and the government.

2

The request of the defendant for video recording of the evaluation, beyond clinical interviews, is denied. The request of the defendant for immediate release of any video once the evaluation is completed is denied.

B.  LIVE VIDEO OR AUDIO FEED - Defense counsel ask that they be permitted to observe the competency evaluation via live video or audio feed. The defense claims a competency evaluation is a "critical stage" at which Mr. Dear has the right to have counsel present. *Motion* [#102], p. 3.

The defendant does not have a Sixth Amendment right to the presence of counsel during a competency examination. The defendant does have the right to consult with counsel about a psychiatric examination prior to the examination. **Estelle v. Smith**, 451 U.S. 454, 471 n. 14 (1981). A defendant does not have the right to the presence of counsel during an examination to determine if the defendant is sane. **Smith v. Estelle**, 602 F.2d 694, 708 (5th Cir. 1979). Similarly, the defendant does not have the right to the presence of counsel during an examination to determine if the defendant is competent to stand trial. Further, providing a live feed to defense counsel may disrupt the evaluation process in the ways summarized by the government in its response. Defense counsel is not entitled to a live feed, video or audio, of the evaluation. This request is denied.

C.  PROTECTION OF STATEMENTS - The defense seeks an order that any statements made by Mr. Dear during the evaluation may be used by the government only in determining competency to stand trial. *Motion* [#102], p. 4. Previously, the government agreed that "(a)ssuming that the defendant does not raise . . . at the guilt . . . phase, any defenses based on his mental health, the government agrees that it will not use his statements made to the examiner during the competency evaluation." *United*

3

*States' Reply in Support of Motion for Competency Evaluation* [#36], p. 18.  In this context, the government asserts, an order limiting the use of such statements is unnecessary and improper.  I agree.

At this point, the court cannot determine if the defendant will raise any defense based on his mental health.  Thus, an order anticipating that he will raise such a defense is premature.  Further, if the defendant does raise such a defense, the government may then have the right to present psychiatric evidence in response.  When "a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal."  **Kansas v. Cheever**, 571 U.S. 87, 94 (2013).  Of course, at present, there is no basis on which to determine if the government may or may not use such evidence in the future.  Thus, an order making that determination is, at present, premature.  This request is denied.

D.  EARLY ACCESS TO EVALUATION REPORT - The defense asks that the evaluation report be disclosed to the court and defense counsel first, so the defense may propose redactions to protect against disclosure of matters protected by the attorney client privilege and the work product privilege.  *Motion* [#102], p. 4.  The government notes that defense counsel, in a competency proceeding, is implicitly authorized to reveal basic facts and observations underlying the belief of counsel that the defendant may not be competent to stand trial without a wholesale waiver of attorney client or work product privileges.

To the extent this issue concerns the opposition of Mr. Dear to the strategy of asking the court to find Mr. Dear incompetent to stand trial, there is little, if any, risk to the attorney client and work product privileges.  Repeatedly and publicly, Mr. Dear has

4

stated his contention that he is competent and his opposition to a competency determination. The defense provides no valid basis in fact or in law for early disclosure of the evaluation report to the defense. This request is denied.

E.  SCOPE OF EVALUATION AND NOTICE OF TESTING INSTRUMENTS - Mr. Dear seeks an order prohibiting the evaluators from "expanding the scope of the competency evaluation to include other subjects, such as diminished capacity or sanity." *Motion* [#102], p. 4. There is no reason to believe the BOP evaluators will exceed the scope of the court's extant orders concerning the competency evaluation. So, there is no demonstrated need for an order re-stating or asseverating the terms of the prior orders of the court.

In addition, Mr. Dear seeks an order that the evaluators provide advance notice to the parties of any cognitive of psychological testing instruments they plan to use. *Id*. Mr. Dear seeks the opportunity to object to use of irrelevant or unreliable testing instruments. *Id.*, pp. 4-5. Properly, the selection of testing instruments is left to the evaluators who will conduct the evaluation. Should the evaluators use a testing instrument which is irrelevant or unreliable, the defense will have ample opportunity to argue, at the competency hearing, that the instrument is irrelevant or unreliable.

The requests for an order limiting the scope of the evaluation and for an order requiring advance notice of the testing instruments to be used are denied.

### III.  CONCLUSION & ORDERS

The motion of Mr. Dear for an order requiring that a video recording be made of all clinical interviews conducted as part of the competency evaluation is granted. For the reasons stated above, all other requests made by Mr. Dear in the **Defendant's Motion for Order Regarding Competency Evaluation Procedures** [#102] are denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Order Regarding Competency Evaluation Procedures** [#102] is granted in part and denied in part:

    a. that the motion is granted to the extent that the competency evaluators at the United States Medical Center for Federal Prisoners at Springfield shall video record all clinical interviews with the defendant, Robert Dear, during the competency evaluation conducted pursuant to the orders [#82 & #100] of the court; and

    b. that otherwise, the **Defendant's Motion for Order Regarding Competency Evaluation Procedures** [#102] is denied.

Dated April 26, 2021, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge