IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

**UNITED STATES' SPEEDY TRIAL MOTION SEEKING A REASONABLENESS FINDING REGARDING THE SCHEDULED INTAKE AND TRANSPORTATION OF DEFENDANT FOR COMPETENCY EXAMINATION**

The United States of America hereby files this motion seeking a finding that the time taken for the scheduled intake and transportation of defendant Robert Lewis Dear, Jr., to the United States Medical Center for Federal Prisoners at Springfield ("USMCFP-Springfield") for his competency examination was reasonable under the Speedy Trial Act. On May 13, 2021, the government conferred with defense counsel regarding this motion. Defense counsel opposes the relief requested and requests an opportunity to respond.

**LEGAL BACKGROUND**

Under the Speedy Trial Act, any period of delay "resulting from any proceeding, including any examinations, to determine the competency" of a defendant shall be excluded in computing the time within which the defendant's trial shall begin. 18 U.S.C.

1

§ 3161(h)(1)(A).  The Act further says that the delay resulting from the transportation of the defendant to and from the place of examination shall also be excluded—except that "any time consumed in excess of ten days from the date … an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."  *Id.* § 3161(h)(1)(F).

The question therefore arises how § 3161(h)(1)(A) interacts with § 3161(h)(1)(F)—that is, whether a delay in transportation in excess of ten days from the date of the relevant order is automatically excluded under § 3161(h)(1)(A)'s more general exclusion of time for delays resulting from competency examinations.

The Second Circuit has held that under § 3161(h)(1)(A), any delays that "arose from proceedings to determine [the defendant's] competency and were prior to conclusion of the hearing thereon … must be excluded from the calculation of the speedy trial clock whether or not they are reasonable."  *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990) (delays including that between order of examination and arrival at facility eight months later were excludable).[1]  On this view, a delay in transportation greater than ten days is automatically excluded under § 3161(h)(1)(A).

By contrast, the First, Third, Fifth, Sixth, and Seventh Circuits have held that any delay in transportation greater than ten days is not automatically excludable, but may nonetheless be excluded if sufficient justification is given to overcome the presumption

---

[1] *Vasquez* dealt with a prior version of the statute, where the "any time consumed in excess of ten days" language appeared in § 3161(h)(1)(H), and § 3161(h)(1)(F) dealt with delays resulting from the filing of, hearing on, and prompt resolution of pretrial motions.  *See* 918 F.2d at 332 n.2.

of unreasonableness.  *See United States v. Williams*, 917 F.3d 195, 202 (3d Cir. 2019); *United States v. Turner*, 602 F.3d 778, 782 (6th Cir. 2010); *United States v. Garrett*, 45 F.3d 1135, 1138-40 (7th Cir. 1995); *United States v. Noone,* 913 F.2d 20, 25-26 (1st Cir. 1990); *United States v. Castle*, 906 F.2d 134, 137 (5th Cir. 1990).  The Tenth Circuit has not addressed this issue.

As explained below, there was no order directing transportation in this case.  Nonetheless, the facts here show that there was a delay between the BOP communication to the United States Marshals Service ("USMS"), which could be construed as an order directing transportation, and Mr. Dear's arrival at USMCFP-Springfield that was greater than ten days and thus presumptively unreasonable under § 3161(h)(1)(F).  Given the weight of the authority on the question of whether that delay is automatically excludable, and the uncertainty in the Tenth Circuit, the government requests an express finding that this delay was reasonable—and therefore excludable—under the Speedy Trial Act.  As further explained below, there was ample justification for the delay.

## FACTUAL BACKGROUND

Here, there was no court order directing the transportation of Mr. Dear.  Instead, on January 6, 2021, Magistrate Judge Mix ordered Mr. Dear committed to the custody of the Attorney General for the purpose of conducting a competency examination under 18 U.S.C. §§ 4241 and 4247.  [Doc. # 82 at 5].  Magistrate Judge Mix further ordered, based on the recommendation of the Bureau of Prisons ("BOP"), that the examination be conducted at USMCFP-Springfield.  [*Id.*].

Mr. Dear objected to this order under Federal Rule of Criminal Procedure Rule 59, which prevented the order from becoming a final one of the Court. [Doc. # 97 at 3]. On March 17, 2021, the Court affirmed the order, gave it full force and effect, and vacated the stay imposed by Judge Mix. [Doc. # 100 at 7].

Thus, March 17, 2021, was the first day on which a final commitment order regarding Mr. Dear was in effect. [Doc. # 100 at 7]. The BOP was then required to assess when USMCFP-Springfield would have the resources to take Mr. Dear into the facility for his competency examination.[2]

By way of background, there is generally a waitlist at BOP's federal medical centers for competency examinations and restoration treatment. USMCFP-Springfield is no exception. Following the March 17, 2021, order, USMCFP-Springfield determined that it had the resources to take Mr. Dear in during the week of May 3, 2021.

So on March 24, 2021, BOP sent an e-mail to the Justice Prisoners and Alien Transportation Service ("JPATS") division of the USMS, which included an "incoming studies" list of inmates with the intake week of each inmate listed under the "COMMENTS/TRAVEL WEEK" column. [See Ex. 1 at 3 (March 24, 2021 e-mail and attached listed redacting all inmates except for Mr. Dear)]. This list included Mr. Dear and noted that May 3, 2021, was his intake week at USMCFP-Springfield. [*Id.*].

Upon receipt of this e-mail, JPATS understood that a bed would be available for

---

[2] These issues often center on whether "bed space" is available, but also encompass the staffing resources required to conduct the competency examination within the time constraints imposed under 18 U.S.C. § 4247(b).

4

Mr. Dear at USMCFP-Springfield starting on May 3, 2021.  [See Ex. 2 at 1 (JPATS Travel Information) (filed under restriction)].  Accordingly, JPATS planned Mr. Dear's transport so that he would arrive at USMCFP-Springfield shortly after May 3, 2021.

To that end, on April 23, 2021, JPATS picked Mr. Dear up from the Federal Detention Center at Englewood, Colorado, where he had been held since the beginning of this case, and flew him to Oklahoma.  [*See* Ex. 2 at 2].  Mr. Dear remained at a prison facility in Oklahoma until April 28, 2021.  [*Id.*].  On April 28, 2021, Mr. Dear was bused to a second facility in Oklahoma, where he remained until May 6, 2021.  [*Id.*].  On May 6, 2021, Mr. Dear was transported by bus to USMCFP-Springfield, which is approximately a four-hour drive.  [*Id.*].  The May 6, 2021, bus from the second facility in Oklahoma to USMCFP-Springfield was the first bus available during Mr. Dear's May 3, 2021, intake week.

## ARGUMENT

As noted above, under § 3161(h)(1)(F), any delay greater than ten days between an order directing transportation for an examination and a defendant's arrival at the destination is presumptively unreasonable.  If such a delay exists, however, it may nonetheless be reasonable and therefore excludable under the Speedy Trial Act.

To begin with, there was a delay greater than ten days here.  The first question on this score is when the clock starts given that there was no order directing transportation in this case.  The Seventh Circuit has held that, in the absence of such an order, the clock starts on "the date upon which the defendant was authorized for

5

transportation by the appropriate prison official[.]"  *Garrett*, 45 F.3d at 1140.³  That is because "it is the period of transportation that matters" for this aspect of the Speedy Trial Act.  *Id.* at 1139.

Here, therefore, the Court should consider the March 24, 2021, e-mail from the BOP to JPATS informing them of Mr. Dear's May 3, 2021 intake week as the earliest event that could trigger the transportation clock, since that was the first time Mr. Dear was plausibly authorized for transportation.  If the clock began on March 24, 2021, and stopped on May 6, 2021, there was a 43-day delay "resulting from transportation" to USMCFP-Springfield.  18 U.S.C. § 3161(h)(1)(F).  Because this delay exceeds ten days, 33 of the days are presumed to be unreasonable.  *Id.*

But that presumption has been overcome here.  The ten-day transportation rule was "aimed at marshals and the actual process of transportation."  *United States v. Gross*, 2011 WL 5348237, at *3 (E.D. Cal. Sept. 15, 2011) (citation omitted).  It was not meant to hold unreasonable delays based on the need for an appropriate facility with available bed space and resources to become available. *See United States v. Turner*, 602 F.3d 778, 785 (6th Cir. 2010); *see also Gross*, 2011 WL 5348237 at *4 (alternatively holding delay reasonable due to lack of bed space at facility).  Which is to say that "impracticality" in this sense is a valid reason for delay.  *Gross*, 2011 WL 5348237, at *4.

As noted above, May 3, 2021 was the first date that USMCFP-Springfield was

---

³ *Garrett* refers to 18 U.S.C. § 3161(h)(1)(H), which is where the ten-day transportation provision used to be located.  *See supra* n.1.

6

able to accept Mr. Dear for his examination.  Thus, the entire period between that date and what could be construed as an order directing transportation on March 24, 2021—which constitutes all but three days of the overall delay—is a reasonable delay and therefore excludable.  *See Gross*, 2011 WL 5348237, at *4.  Indeed, given the demands on the BOP's capacity to conduct competency examinations and restoration treatment, this delay is more than reasonable.

The Court should therefore find that the 40-day delay (from March 24, 2021 through May 3, 2021), which was caused by "impracticality" rather than the process of transportation, was reasonable.  *Gross*, 2011 WL 5348237, at *4.  As for the three additional days, they fall within the presumptively reasonable ten days and are therefore automatically excludable.[4]

It is true that Mr. Dear's transportation began on April 23, 2021 and ended on May 6, 2021, which means he was in transport for a total of thirteen days.  But that does not mean that any delay was unreasonable in view of the ten-day period set forth in § 3161(h)(1)(F).  That is because USMCFP-Springfield was unable to take Mr. Dear in before May 3, 2021, which means that the entire period through that date is a reasonable delay on account of impracticality.  The remaining delay falls within the

---

[4] If the Court determines that the commitment order that became final on March 17, 2021, should be treated as an order directing transportation, then the Court should find the additional seven days of delay (from March 17, 2021, through March 24, 2021) are also reasonable.  During that that the BOP had to assess the resources available at USMCFP-Springfield, determine Mr. Dear's intake week, and communicate that date to JPATS.

automatic exclusion under § 3161(h)(1)(F).  There is no reason to penalize JPATS for beginning the transport on April 23, 2021, rather than a later date, particularly during the pandemic, where unexpected delays could have occurred.

## CONCLUSION

The Court should find that all of the time resulting from Mr. Dear's transportation to USMCFP-Springfield for his competency examination was a reasonable delay and therefore excludable under the Speedy Trial Act.

Dated:  May 14, 2021

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:  s/ *Pegeen D. Rhyne*
Pegeen D. Rhyne
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Pegeen.Rhyne@usdoj.gov

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov

PAMELA S. KARLAN
Principal Deputy Assistant Attorney
General
Civil Rights Division
U.S. Department of Justice

By:  s/ *Mary J. Hahn*
Mary J. Hahn
Trial Attorney
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street, N.W./7.1108
Washington, D.C. 20002
Telephone: 202-305-0921
Fax:  202-514-6588
E-mail:  Mary.Hahn@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

| | |
|---|---|
| Natalie Stricklin | Natalie_Stricklin@fd.org |
| Veronica Rossman | Veronica_Rossman@fd.org |

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov