IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SPEEDY TRIAL MOTION SEEKING A REASONABLENESS FINDING**

The defendant, Robert Lewis Dear, Jr., through undersigned counsel, respectfully asks this Court to deny the government's speedy trial motion and find that the delay in excess of ten days to transport Mr. Dear to USMCFP-Springfield was unreasonable and non-excludable.

**Procedural History**

On November 20, 2020, after a hearing, the Court granted the government's motion for a competency evaluation under 18 U.S.C. § 4241(b). (ECF No. 70). The Court ordered Mr. Dear "committed to a suitable Bureau of Prisons facility for purposes of a competency evaluation" and said it would "set a hearing with respect to the competency evaluation at a future date after completion of the evaluation." (*Id.* at 48).

At defense counsel's request, the Court stayed its order, until November 30, "for the purpose of allowing counsel to confer further and attempt to reach some agreement

with respect to the Court's order as to the specifics of the location of the evaluation." (*Id.* at 52).

On November 23, the defense contacted the government via email to discuss the location of the evaluation and invited the preparation of a joint filing requesting the evaluation be performed at FDC Englewood.  The government refused to stipulate.

On November 30, the defense asked the Court, under section 4247(b), not to commit Mr. Dear for an inpatient examination and order his competency evaluation to be conducted at the Englewood facility. (ECF No. 72).  The defense asserted that "[c]onducting the evaluation locally increases the likelihood that it will take place without undue delay."  (*Id.*).  The government opposed that motion. (ECF No. 76).

On January 6, 2021, the Magistrate Judge denied the defense's request in a written order, without a hearing.  The court committed Mr. Dear "to the custody of the Attorney General for a reasonable period not to exceed thirty days for the purpose of conducting a competency evaluation under 18 U.S.C. § 4241 and 18 U.S.C. § 4247." (ECF No. 82). Noting "that the Bureau of Prisons has selected USMCFP-Springfield as the facility where the evaluation will take place," the court ordered that "the competency evaluation of the Defendant shall be conducted at USMCFP-Springfield." (*Id.*).

On January 7, Mr. Dear noticed an appeal of the Commitment Order to the district court, along with a motion to stay its execution. (ECF Nos. 84, 85). On February 1, Mr. Dear filed timely Rule 59 Objections to the Commitment Order.  (ECF No. 92).

On March 17, the Honorable Robert E. Blackburn overruled the objections and lifted the stay on the Commitment Order.  (ECF No. 100). Judge Blackburn ruled, "That the order [#82] of the magistrate judge, specifically and including the discreet order

entered on page 5 in paragraph 2 committing the defendant to the custody of the Attorney General for a competency evaluation at USMCFP Springfield, is affirmed and shall remain in full force and effect[.]" (*Id.*).

On May 6, 2021, Mr. Dear arrived at USMCFP Springfield, fifty-one days after the Court order committing him there.

## **Argument**

### *A delay of more than ten days is presumptively unreasonable*

The Speedy Trial Act generally excludes any "delay resulting from any proceeding, including examinations, to determine the mental competency . . . of the defendant." 18 U.S.C. § 3161(h)(1)(A). It also excludes "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date of . . . an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." *Id.* § 3161(h)(1)(F). Read together, "the period of delay between a party's filing a motion for a competency determination and a court's disposition of that motion is excludable, except that only ten days for transport of the defendant to the site of a psychological examination are automatically excludable; any period of transport delay in excess of ten days is presumptively unreasonable and, consequently, presumptively non-excludable." *United States v. Williams*, 917 F.3d 195, 203 (3d Cir. 2019).

This interpretation has been adopted by the majority of Circuit Courts to have considered the issue, and the Supreme Court has tacitly approved it. *United States v. Williams*, 917 F.3d 195, 201 (3d Cir. 2019); *United States v. Noone*, 913 F.2d 20, 25-26

(1st Cir. 1990); *United States v. Castle*, 906 F.2d 134, 137 (5th Cir. 1990); *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009), *affirmed* 563 U.S. 647 (2011).  That is, "a delay in transporting a defendant to a mental competency examination beyond the ten-day limit imposed by § 3161(a)(1)(F) is presumptively unreasonable, and in the absence of rebutting evidence to explain the additional delay, this extra time is not excludable."  *Williams*, 917 F.3d at 201 (quoting *Tinklenberg*, 579 F.3d at 596). Only the Second Circuit has held that the transportation delay, no matter how unreasonable, is automatically excluded under subsection (h)(1)(A).  *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990).

The majority of courts have "reasoned that reading section 3161(h)(1)(A) to permit the exclusion of an unlimited amount of time for the transport of a defendant to the site of a psychological examination would render section 3161(h)(1)(F) superfluous because the latter subsection specifically states that delays of more than ten days in transporting defendant to the sites of psychological examinations are presumed to be unreasonable."  *Williams*, 917 F.3d at 201.  "A cardinal rule of statutory interpretation is that courts should avoid interpreting a statute in ways that would render certain language superfluous."  *Id.* at 202.  Thus, "the period of delay that is excludable under section 3161(h)(1)(A) for proceedings to determine the mental competency of a defendant, including examinations, is limited by the specific language of section 3161(h)(1)(F), which explicitly states that a period of delay in transporting a defendant to the site of an examination in excess of ten days is presumptively unreasonable."  *Id.*

The Second Circuit erroneously believed that its interpretation was compelled by the Supreme Court's decision in *Henderson v. United States*, 476 U.S. 321 (1986).  In

4

*Henderson*, the Supreme Court held that the provision excluding time "from the filing of a motion through the conclusion of the hearing" thereon (then subsection (h)(1)(F), now subsection (h)(1)(D)) applied without regard to whether the delay was reasonable. *Id.* at 330. According to the Second Circuit, *Henderson*'s "rationale requir[es] an automatic exclusion to apply as well to subsection (h)(1)(A) concerning competency proceedings of the defendant." *Id.* 333. Thus, the eight-month delay between the order to transport the defendant for a competency examination and his arrival at the facility was automatically excludable notwithstanding its unreasonableness. *Id.*

The Second Circuit's interpretation is unconvincing for several reasons, and this Court should reject it. First of all, *Vasquez* did not even consider whether subsections (h)(1)(A) and (h)(1)(F) should be read together such that subsection (h)(1)(F) imposes a limitation on subsection (h)(1)(A). There, the defendant "concede[d] that the government [was] correct in relying on *Henderson* to generally justify automatic exclusions of time, regardless of reasonableness," and instead "claim[ed] that applying the rule to him on the facts of [his] case would violate the Equal Protection Clause." *Id.* at 333-34. Thus, the Court did not even consider the interpretation adopted by every other Circuit Court to have addressed the issue. *United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010) (noting that "the point seems not to have been debated by the parties" in *Vasquez*).

Moreover, as the Third Circuit explained in *Williams*, its "interpretation finds support in *Henderson*, in which the Supreme Court counseled parties to read the exclusions contained in section 3161(h)(1) 'in connection with' each other." *Williams*, 917 F.3d at 203 (quoting *Henderson*, 476 U.S. at 329). *Henderson* itself "held that a period of delay that is excludable under one subsection of section 3161(h)(1) may be

5

limited by specific language contained in a wholly separate subsection of section 3161(h)(1)." *Id.* (citing *Henderson*, 476 U.S. at 329 (holding that subsection (h)(1)(D)'s "prompt disposition" requirement must be interpreted with reference to subsection (h)(1)(H)'s 30-day limitation for matters "under advisement")). So too here. Subsection (h)(1)(A)'s general exclusion of time for competency proceedings is subject to subsection (h)(1)(F)'s exception that transportation delays greater than 10 days are presumptively unreasonable.

The Supreme Court has at least implicitly adopted this interpretation. In *Tinklenberg*, the Sixth Circuit joined the majority interpretation and held that "a delay in transporting a defendant to a mental competency examination beyond the ten-day limit imposed by § 3161(a)(1)(F) is presumptively unreasonable." 579 F.3d at 596. In finding a Speedy Trial Act violation, the Sixth Circuit also held that "a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time." *Id.* The Supreme Court granted certiorari on this latter issue and rejected it. *TInklenberg*, 563 U.S. at 650. However, as relevant here, it affirmed on alternative grounds, holding that the Sixth Circuit miscalculated the period of unreasonable delay for transportation to a competency evaluation by erroneously excluding weekends and holidays. *Id.* at 66-63. To be sure, whether such transportation delays must be reasonable under subsection (h)(1)(F) or are automatically excluded under subsection (h)(1)(A) was not squarely presented to the Court. But the Court was certainly aware that the issue was disputed below and nevertheless decided to rest its decision on the Sixth Circuit's holding that any

6

transportation delay beyond ten days must be reasonable.  Thus, the Supreme Court at least tacitly approved of this interpretation.

Likewise, this Court should follow the majority of courts and conclude that a delay of more than ten days for transportation to and from a competency examination is presumptively unreasonable under section 3161(h)(1)(F).

Tellingly, the government does not urge this court to adopt the Second Circuit's contrary interpretation.  It merely points out the Circuit split and argues that the delay here was reasonable.  For the reasons discussed below, it was not.

### *The order of commitment to USMCFP Springfield is the order of transportation*

As an initial matter, this Court's March 17 order affirming the magistrate judge's order committing Mr. Dear to USMCFP Springfield for a competency examination is "an order directing . . . transportation" within the meaning of section 3161(h)(1)(F). Obviously implicit, if not explicit, in the order committing Mr. Dear to USMCFP Springfield is that Mr. Dear actually be transported to that facility. Thus, the order is the functional equivalent, if not the literal equivalent, of an order directing transportation for a competency evaluation under section 3161(h)(1)(F).  *See Williams*, 917 F.3d at 198 (treating June 11, 2014, order of commitment to FMC Butner as transportation order) (Attachment A).

Without explanation, the government takes it as a "given that there is no order directing transportation in this case."  (ECF No. 106, at 5).  "[I]n the absence of such an order, the clock starts on 'the date upon which the defendant was authorized for transportation by the appropriate official.'"  (*Id.* (quoting *United States v. Garrett*, 45 F.3d 1135, 1140 (7th Cir. 1995))).  Thus, according to the government, this Court should treat

7

an internal email from a Bureau of Prison (BOP) employee to a Justice Prisoners and Alien Transportation Service (JPATS) employee noting Mr. Dear's intake date as the order directing transportation.

The notion that the order impacting a defendant's Speedy Trial Act rights should be an internal email between Department of Justice employees instead of the district court order committing a defendant to the specific facility is highly dubious and finds no support in the case law.  As noted above, the Third Circuit has treated such a commitment order as an order directing transportation under section 3161(h)(1)(F).

The government attempts to support its position with *Garrett*, a Seventh Circuit case, but it is inapposite.  *Garrett* had no occasion to address the threshold issue of whether a court order of commitment to a specific FMC is an order of transportation. There, in considering whether the defendant's *return* transport from a doctor's examination was unreasonably delayed, "the record indicate[d] that the district court only mentioned Garrett's return in its initial transfer order of July 23, 1993, and that no order directing his return was issued in September, 1993."  *Garrett*, 45 F.3d at 1135. Indeed, it was undisputed that there was no court order directing transportation.  Thus, *Garrett*'s analysis is only pertinent where there is, in fact, no relevant court order. *Turner*, 602 at 785 (rejecting government's reliance on *Garrett* because there was a relevant court order).

Here, there plainly is such an order directing transportation to USMCFP Springfield.  Accordingly, the ten-day transportation clock starts on the date that order took effect, March 17, 2021, not the internal BOP-JPATS email one week later.

<u>*Ordinary institutionalized delay is not reasonable.*</u>

The government also takes it as a given that insufficient staffing, bed space, and other resources at USMCFP-Springfield effectively rebuts the presumption that transportation delays beyond ten days are unreasonable. According to the government, any delay caused by such "impracticality" is "a valid reason for delay." (ECF No. 106, at 6). On the contrary, "ordinary institutionalized delay is not an excuse." *Castle*, 906 F.2d at 138.

In *Castle*, the Fifth Circuit rejected a similar argument from the government, that "the presumption of unreasonableness can be rebutted by a showing of diligent effort." *Castle*, 906 F.2d at 137. Following an analysis of the legislative history of the Speedy Trial Act, the Fifth Circuit concluded that "in enacting this law Congress took into account that there would be institutional delays." *Id.* at 138. Thus, "unless some extraordinary event occurred in the case to make compliance with the directions of Congress unfeasible . . . [o]rdinary institutionalized delay is not an excuse." *Id.*

Here, as in *Castle*, "the government has not pointed to any extraordinary event or circumstance to rebut the presumption that time over ten days spent transporting [the defendant] to his psychiatric evaluation was unreasonable." *Id.* In fact, the opposite is true—the government has characterized the delay in transporting Mr. Dear as perfectly normal. It notes that "there is *generally* a waitlist at BOP's federal medical centers for competency examinations and restoration treatment. USMCFP-Springfield is no exception." (*Id.* at 4 (emphasis added)). It also asserts that taking seven days merely to assess when USMCFP-Springfield could accept Mr. Dear was reasonable, explaining that "[t]hese issues *often* focus on whether 'bed space' is available." (*Id.* at 4 n.2

9

(emphasis added)). In other words, the government thinks that the delay here is reasonable because it is ordinary. But that's precisely why it is unreasonable, or at least fails to rebut the presumption of unreasonableness. The Congressionally imposed ten-day rule already accounts for ordinary delay. Any further ordinary delay is not reasonable.

According to the government, however, the Speedy Trial Act was "not meant to hold unreasonable delays based on the need for an appropriate facility with available bed space and resources to become available." (*Id.* at 6). Its only support for that proposition is *Turner*. But *Turner* does not say that at all. Indeed, the *Turner* court was quite unsympathetic to the government's argument that the delay should be automatically excluded or deemed reasonable because "finding placement for a defendant . . . can take time" and "the ten-day limit of § 3161(h)(1)(F) could cause practical difficulties":

> The first response is that Congress, not this court, set the limit. The second response is that, after a ten-day delay, § 3161(h)(1)(F) establishes a *presumption* of unreasonableness, not a conclusion of unreasonableness. If legitimate problems arise in transporting a defendant, the government legitimately may rebut the presumption. The third response is that the order directing examination need not direct transportation. If the government fears that a defendant's placement could take some time, it is free to suggest that the court not issue an order directing transportation at that point. Nothing in the statute forbids giving the government some time (though presumably not unlimited time) to find a placement before issuing an "order directing ... transportation."

*Turner*, 602 F.3d at 785.

*Turner* does not provide support for the government's argument. It says that if "legitimate problems arise," then the government "legitimately may rebut the presumption." *Id.* But nowhere does it suggest that a usual waitlist for a federal medical center rebuts the presumption of unreasonableness. Moreover, *Turner*

10

suggests preemptive remedies the government could have taken to avoid Speedy Trial Act delays—namely, asking the court to stay its transportation order until a suitable facility was available. But the government did not do that. Nor did it allow Mr. Dear to be evaluated at FCI Englewood, as he requested, to eliminate any potential transportation delay altogether. Instead, the BOP unilaterally selected USMCFP Springfield over Mr. Dear's objection, and then it unilaterally delayed Mr. Dear's transportation to that facility for over six weeks. Absent some extraordinary justification, this delay over the statutorily prescribed ten days was unreasonable.

Because the government has not offered any justification beyond ordinary institutional delay, this Court should find that the transportation time in excess of ten days is unreasonable.

### *The government has not met its burden*

Even if such institutionalized delay could rebut the presumption of reasonableness, the government has not met its burden of showing that the delay here was reasonable. The government's assertions of reasonableness are conclusory and unsupported by any evidence.

For example, the government asserts that, if this Court determines that the clock starts running on March 17, 2021, then the seven days between that order and the March 24, 2021, email were reasonable because "[d]uring that time the BOP had to assess the resources available at USMCFP-Springfield, determine Mr. Dear's intake week, and communicate that date to JPATS." (ECF No. 106, at 7). This blanket assertion does not rebut the presumption of unreasonableness. Particularly where Congress has allotted ten days as the presumptively reasonable time for transportation,

11

taking seven days only to assess a defendant's intake date hardly seems reasonable. At the very least, it is not so patently reasonable that this Court can accept it without evidentiary support.

Similarly, the government proceeds as if the facility's determination of intake date is per se reasonable. It assumes that the delay is due to lack of "bed space" and "also encompass[es] the staffing resources required to conduct the competency examination within the time constraints imposed under 18 U.S.C. § 4247(b)." (*Id.* at 4, n.2). It then asserts that "given the demands on the BOP's capacity to conduct competency examinations and restoration treatment, this delay is more than reasonable." (*Id.* at 7.) However, these assumptions are not evidence and do not overcome the presumption that such delays are unreasonable. Rather, the government must come forward with actual evidence demonstrating that the decision to delay Mr. Dear's intake at the facility until more than six weeks after he was ordered committed there was a reasonable one.

If this Court concludes that the government's purported justifications are facially reasonable, this Court should still deny the government's motion for failure to carry its evidentiary burden.

## **Conclusion**

Mr. Dear respectfully requests that this Court deny the government's motion and find that the delay beyond ten days to transport Mr. Dear to USMCFP Springfield was unreasonable.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant


*s/ Natalie G. Stricklin*
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

s/ Veronica S. Rossman
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

  I certify that on June 7, 2021, I filed the foregoing ***DEFENDANT'S RESPONSE TO GOVERNMENT'S SPEEDY TRIAL MOTION SEEKING A REASONABLENESS FINDING*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

  I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013

             *s/ Natalie G. Stricklin*
             NATALIE G. STRICKLIN
             Assistant Federal Public Defender
             633 17th Street, Suite 1000
             Denver, CO  80202
             Telephone:   (303) 294-7002
             FAX:           (303) 294-1192
             Email: Natalie_Stricklin@fd.org
             Attorney for Defendant