# Attachment A

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VERNEL AUBREY WILLIAMS, )<br>)<br>Defendant. )<br>_____ ) | Crim. No. 2014-09 |

**ORDER**

Before the Court is the government's Motion for Evaluation to Determine Mental Competency [DE 30] pursuant to 18 U.S.C. § 4241. In an Order dated March 4, 2014, the Court granted defendant's motion for a competency evaluation pursuant to § 4241 and directed, at defendant's request, that Carol M. Romey, Ph.D. conduct the evaluation. [DE 20]. During a status conference held on April 16, 2014, defense counsel advised of defendant's refusal to participate in the evaluation. The government requests that defendant again be ordered to undergo a competency evaluation to be conducted by the Bureau of Prisons ("BOP"). The premises considered and the Court being duly advised, it is hereby ORDERED as follows:

(1) The government's motion is GRANTED;

(2) Pursuant to 18 U.S.C. § 4247(b), a psychological or psychiatric examination of defendant shall be conducted by a licensed or certified psychiatrist or psychologist employed by the BOP to determine the following:

   a. Whether defendant was capable of appreciating the nature of his actions and whether his actions were the result of a mental defect such that he did not act purposefully or knowingly;

   b. Whether defendant is able to understand the nature and consequences of the proceedings against him;

   c. Whether defendant is presently able to assist properly in his defense;

USA v. Williams
Criminal No. 2014-09
Page 2

      d. What the prognosis of defendant's mental condition is, and specifically, whether his condition is permanent or temporary in nature, and whether treatment, if any, is needed to address the condition;

      e. Whether defendant should be placed in a psychiatric institution; and

      f. Any other relevant findings or conclusions that assist in determining defendant's mental condition.

(3) The examination must include the following:

      a. An assessment of relevant psychological factors related to mental competency; and

      b. The administration of appropriate tests, including, but not limited to, any designed to detect malingering.

(4) The examination shall be completed and the psychiatric or psychological report filed in accordance with 18 U.S.C. § 4247(c);

(5) Pursuant to 18 U.S.C. § 4247(b), for purposes of the examination, defendant is committed to be examined for a reasonable period, but not to exceed thirty (30) days, to the custody of the Attorney General for placement at the Federal Medical Center in Butner, North Carolina ("FMC-Butner");

(6) Upon defendant's arrival to FMC-Butner, the BOP shall notify defendant's counsel so that counsel can immediately forward any pertinent information concerning defendant's medical history in counsel's possession for consideration as part of the evaluation;

(7) Pursuant to 18 U.S.C. § 4247(c), the BOP shall promptly submit the report to the Court and provide copies to counsel for defendant and the government

(8) The Court, upon receipt of the report, shall conduct a hearing on the issue of defendant's competency in accordance with 18 U.S.C. 4247(d);

(9) Pursuant to 18 U.S.C. § 3161(h), the delay occasioned by the granting of the motion is hereby excluded from computation for speedy trial purposes; and

(10) A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the examination of defendant.

Dated: June 11, 2014

                                                    RUTH MILLER
                                                    United States Magistrate Judge