IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

**DEFENDANT'S RESPONSE TO BUREAU OF PRISONS' REQUEST FOR ADDITIONAL TIME TO COMPLETE MENTAL HEALTH EVALUATION**

The defendant, Robert Lewis Dear, Jr., through undersigned counsel, respectfully asks this Court to deny the Bureau of Prisons' request for an additional 15 days to complete the mental health evaluation of Mr. Dear.

*Procedural History*

On November 20, 2021, this Court granted the government's motion for a competency evaluation under 18 U.S.C. § 4241(b).  (ECF No. 70.)

On November 30, the defense asked the Court, under section 4247(b), not to commit Mr. Dear for an inpatient examination and order his competency evaluation to be conducted at the Englewood facility. (ECF No. 72.)  The defense asserted that "[c]onducting the evaluation locally increases the likelihood that it will take place without undue delay."  (*Id.*)

On March 17, 2021, this Court affirmed the magistrate judge's order denying Mr. Dear's request and committing him to USMCFP Springfield.  (ECF No. 100.)

By March 24, 2021, it was determined that Mr. Dear's intake date at USMCFP Springfield would be May 3, 2021.  (*See* ECF No. 106.)

On April 6, 2021, defense counsel emailed the psychology secretary at USMCFP Springfield about sending the packet of materials relevant to Mr. Dear's examination and asking who the medical evaluator would be.  Later that day, the secretary requested that counsel mail a flash drive containing the documents and informed counsel that the evaluator would not be assigned until Mr. Dear arrived at the facility. (*See* Attachment A.)

On April 15, 2021, USMCFP Springfield received the flash drive sent by the defense.  (*See* Attachment B.)

On May 6, 2021, Mr. Dear arrived at USMCFP Springfield, and Dr. Preston Baecht was assigned to do his evaluation.  (*See* Attachment C.)

In a letter dated May 17, 2021, the warden of USMCFP Springfield requested an additional 15 days to complete the evaluation.  (ECF No. 111.)  The only justification provided was, "Given the voluminous amount of records related to this case, his assigned clinician, Lea Ann Preston Baecht, Ph.D., believes additional time is needed to complete his mental health evaluation."  (*Id.*)

On June 3, 2021, Dr. Preston Baecht sent an email to defense counsel.  The email noted that she was supposed to be on vacation that week, but she decided to come into her office to review Mr. Dear's records.  She represented that the facility's computer services team's process for transferring files from flash drives to the doctor's computer was very slow, as each file had to be transferred one by one.  Accordingly, the doctor asked counsel to resend certain files on a CD, so that she could view the files

without the assistance of the computer services team.  A CD was preferable because she is not allowed to use flash drives.  (*See* Attachment D.)

Also on June 3, 2021, the warden's request for a 15-day extension of time was entered on the docket.  (ECF No. 111.)

On June 4, 2021, this Court set a deadline to respond to the BOP's request on June 11, 2021.  (ECF No. 112.)

On June 7, 2021, the government filed a response indicating its non-opposition to the extension request.  (ECF No. 113.)

### *The BOP Has Not Shown Good Cause*

For an examination ordered under section 4241, "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. . . . The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . *upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.*"  18 U.S.C. § 4247(b) (emphasis added).  The BOP has not made the requisite showing here.  The only justification for the extension of time is "the voluminous amount of records."  In fact, it is not the sheer volume of records that prevented the facility from completing the evaluation in the statutorily prescribed 30 days—it is the facility's lack of diligence and mishandling of those records.  Accordingly, this Court should deny the request for lack of good cause shown.

As an initial matter, given that the request letter was dated a mere 11 days after Mr. Dear arrived, it does not appear that the facility made a good faith attempt to complete the evaluation within the statutorily prescribed 30-day window.  Rather, it

3

appears that the letter was prepared as a matter of course. Indeed, the actual causes of delay here were not indicative of good cause, but institutional negligence.

The defense was specifically told to send the materials for the evaluator's review on a flash drive. Those records were received by the facility on April 15, 2021. However, rather than review the records as they came in to avoid any potential delay, the facility refused to even assign an evaluator until Mr. Dear arrived three weeks later on May 6, 2021. Even then, however, the assigned evaluator did not review the materials. Indeed, it was not until Mr. Dear's 29th day at USMCFP Springfield that Dr. Preston Baecht informed defense counsel that she was not allowed to use flash drives, that the computer services team was struggling to transfer the files from the flash drive, and that a CD would be preferable.

While the facility can point to the voluminous records in this case, the sheer volume of records is not the cause of the delay. The actual basis for the request for additional time appears to stem from a lack of diligence and series of negligent acts, which do not amount to good cause. Mr. Dear objected to his being designated to USMCFP Springfield from the beginning, noting the potential for undue delay. Predictably, that is exactly what has happened. Accordingly, Mr. Dear opposes the unjustified request for additional time.

### *This Court Should Enter a Transportation Order*

Given that the initial 30 days provided under section 4147(b) has already expired and the BOP has failed to show good cause for an extension, this Court should order

that Mr. Dear be transported back to Colorado forthwith.[1]  Importantly, ordering Mr. Dear to be transported back to Colorado does not undermine this Court's previous order granting the government's motion for a competency evaluation.  Such an evaluation may be held locally, as Mr. Dear originally requested.

*Frias* is instructive.  *United States v. Frias*, No. 05-cr-484, 2005 WL 3662911 (D.N.M. Nov. 16, 2005).  There, the defendant requested that a competency evaluation be done locally in order to avoid undue delay, but the district court ordered the defendant committed to FMC Fort Worth based on the government's representation that the evaluation could be completed within one week.  *Id.* at *1.  Six weeks later, the defendant still had not been transported, and the new proposed timeline was that the defendant could be evaluated after a total of three months.  *Id.*  The district court concluded that "[p]ermitting the BOP evaluation at this point will not accomplish the objectives of Congress' statute," section 4147(b).  *Id.* at *3.  "If the United States wants to [do] some local evaluation to prepare for this [competency] hearing, it will be able to do so."  *Id.*

Likewise here, permitting additional time for the BOP evaluation will violate Congress' mandate that the evaluation be completed within 30 days absent a showing of good cause.  Accordingly, this Court should deny the request for additional time and order that Mr. Dear be transported back to Colorado.  If the government wants to do a local evaluation, it may do so.

---

[1] The parties are in dispute over what constitutes an order of transportation for purposes of the Speedy Trial Act clock under 18 U.S.C. § 3161(h)(1)(F).  (*See* ECF Nos. 106, 114.)  Thus, the defense requests that this Court make explicit that in denying the request for an extension of time, this Court is also entering a return order of transportation under section 3161(h)(1)(F).

*Conclusion*

Mr. Dear respectfully requests that this Court deny the BOP's request for additional time and enter an order that Mr. Dear be transported back to Colorado.

In the alternative, should this Court grant the request, this Court should enter an order of transportation effective upon completion of the evaluation or the expiration of a15-day extension, whichever is earlier.  *See supra* note 1.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Virginia L. Grady
VIRGINIA L. GRADY
Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:            (303) 294-1192
Email: Virginia_Grady@fd.org
Attorney for Defendant


*s/ Natalie G. Stricklin*
NATALIE G. STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:            (303) 294-1192
Email: Natalie_Stricklin@fd.org
Attorney for Defendant

*s/ Veronica S. Rossman*
VERONICA S. ROSSMAN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone:   (303) 294-7002
FAX:            (303) 294-1192
Email: Veronica_Rossman@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on June 11, 2021, I filed the foregoing ***DEFENDANT'S RESPONSE TO BUREAU OF PRISONS' REQUEST FOR ADDITIONAL TIME TO COMPLETE MENTAL HEALTH EVALUATION*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Rajiv Mohan, Assistant United States Attorney
E-mail:  rajiv.mohan@usdoj.gov

Mary J. Hahn, Assistant United States Attorney
E-mail:  mary.hahn@usdoj.gov

I certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lewis Dear, Jr. (via U.S. mail)
Reg. No. 45591-013

> *s/ Natalie G. Stricklin*
> NATALIE G. STRICKLIN
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:   (303) 294-7002
> FAX:             (303) 294-1192
> Email: Natalie_Stricklin@fd.org
> Attorney for Defendant

7