**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

## ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT

**Blackburn, J.**

On September 16, 2021, this matter came before me for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d), for determination of the defendant's competency, *vel non*.[1] The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed. The parties stipulated that I may consider and rely on the **Forensic Psychological Report** of Lea Ann Preston Baecht, Ph.D., ABPP, [#117] filed under restriction on July 16, 2021.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the stipulations of the parties; having considered the evidence adduced during the hearing, including and especially the competency evaluation of Dr. Baecht [#117] filed July 16, 2021, I enter the following findings of fact,[2] conclusions of

---

[1] The competency proceedings were triggered by the **Government's Motion For a Competency Evaluation Pursuant to 18 U.S.C. § 4241(a)** [#13] filed December 11, 2019, in which the government specifically requested, *inter alia*, a determination whether the defendant, who was then seeking to represent himself pro se, was competent to voluntarily and knowingly waive his right to counsel and proceed pro se.

[2] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

law, and orders to confirm and supplement those entered from the bench in open court.

**FINDINGS AND CONCLUSIONS:**

1. Pursuant to the extant order for competency examination and 18 U.S.C. § 4247(b), Lea Ann Preston Baecht, Ph.D., ABPP, a board certified forensic psychologist, conducted a psychological competency examination of the defendant. Her competency evaluation [#117] includes the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). With the express approbation of the parties, I approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Baecht.

2. Within the meaning of 18 U.S.C. § 4241(a), the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, logically and legally, the defendant is also unable to voluntarily and knowingly waive his right to counsel and exercise his right to proceed pro se. Therefore, the defendant is not presently competent to proceed.

3. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility[3] to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these ongoing competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

---

[3] "Suitable facility" is a term defined by 18 U.S.C. § 4247(a)(2).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, Robert Lewis Dear, Jr., is declared incompetent to proceed;

2. That pursuant to and subject to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward; and

3. That pursuant to 18 U.S.C. § 3161(h)(1)(A) and (4), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

Dated September 16, 2021, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge