IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

_____

**MOTION TO CLOSE COURTROOM DURING THE *SELL* HEARING**
_____

The defendant, Robert Lewis Dear, Jr. ("Mr. Dear"), by and through undersigned counsel, hereby requests the Court close the courtroom to the press and general public during the *Sell* hearing scheduled for August 30 and 31, 2022. The government, through Assistant United States Attorney Pegeen Rhyne, opposes the present motion. In support of the request to close the courtroom, Mr. Dear states as follows:

**FACTUAL BACKGROUND**

This Court committed Mr. Dear for competency restoration under 18 U.S.C § 4241(d) on September 16, 2021. Doc. 121. On November 17, 2021, Dr. Lea Ann Preston Baecht with the Federal Bureau of Prisons submitted a Forensic Psychological Report opining Mr. Dear was not restorable to competency absent the administration of antipsychotic medication. Doc. 131. The government moved for a hearing under *Sell v. United States*, 539 U.S. 166 (2003), requesting that Mr. Dear be forcibly medicated. (Doc. 128.)  That hearing is set for August 30 and 31, 2022. Doc. 144.

The parties anticipate that at least 6 experts will testify over the course of the two days. The expert testimony will include detailed information and discussion regarding both Mr. Dear's physical and mental health conditions and diagnoses.

## ARGUMENT

The public right of access to criminal competency proceedings is an underexplored issue, but the Supreme Court has provided guidance on determining how a court should approach such a request. *See United States v. Guerrero*, 693 F.3d 990, 1000 (9th Cir. 2012). Despite a likely presumption in favor of public access, Mr. Dear's privacy interests weigh in favor of closing the courtroom to the press and general public during the *Sell* hearing.

### I. There exists a general public right of access to criminal proceedings.

To determine whether the public has a general right to access a particular hearing in criminal proceedings, this Court must apply the "experience and logic" test. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986)*; United States v. Gonzales*, 150 F.3d 1246, 1256 (10th Cir. 1998). The experience prong asks, "whether the place and process have historically been open to the press and general public." *Gonzales*, 150 F.3d at 1256 (internal quotation marks omitted). The logic prong asks, "whether public access plays a significant positive role in the functioning of the particular process in question by, for example, enhancing both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Id.* (internal quotations marks and alterations omitted).

Considering the experience prong, the First Amendment favors public access to all stages of criminal proceedings. *See Press-Enterprise,* 478 U.S. at 7-9; *Global Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). The few courts specifically

considering access to competency proceedings in criminal cases find that experience favors finding a general public right of access. *Guerrero*, 693 F.3d at 1000 n.5; *United States v. Curran*, 2006 WL 1159855 (D. Ariz. May 2, 2006) (unpublished). Given the import of this critical stage in the adversarial process, *see* 18 U.S.C. § 4247(d); *Estelle v. Smith*, 451 U.S. 454, 470-71 (1981), the experience prong is likely met here.

Similarly, logic favors a general public right to access Mr. Dear's *Sell* hearing. *See United States v. McVeigh*, 918 F.Supp. 1452, 1456 (W.D. Okla. 1996), *affirmed in* 119 F.3d 806 (10th Cir. 1997). Crimes "provoke public concern, outrage, and hostility," so permitting the public to attend a criminal proceeding provides the public an outlet but also "ensure[s] that the criminal proceedings are conducted in an open, objective, and fair manner." *Curran*, at *3 (citing *Press-Enterprise,* 478 U.S. at 13, and *McVeigh*, 918 F.Supp. at 1456). Courts considering this issue, therefore, appear to unanimously consider the logic prong satisfied. *See Guerrero*, 693 at 1000 n.5. The experience and logic test suggests there is a general right of public access to Mr. Dear's *Sell* hearing.

II. **Mr. Dear has a compelling interest sufficient to seal the courtroom.**

A general right of public access, however, "may be overcome by an overriding interest based on finding that closure is essential to preserve high values and is narrowly tailored to serve that interest." *Gonzales*, 150 F.3d at 1256 (internal quotation marks omitted). Specifically, this Court should consider whether (1) there exists a compelling interest that outweighs the public right to access, (2) limiting access is both necessary and effective in protecting that interest, and (3) the limitation is the least restrictive means available. *See McVeigh*, 918 F.Supp. at 1464 (relying, in part, on *Press-Enterprise,* 478 U.S. at 9). All three factors are met here.

3

First, a defendant's privacy interest inherent to his medical information can be compelling and overcome a general right to public access. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011). This privacy right is derived from the United States Constitution. *See Whalen v. Roe*, 429 U.S. 589, 599-00 (1977). At the *Sell* hearing, Mr. Dear's mental and physical health, including diagnoses, are the central subjects of testimony and argument. (*See, e.g.*, Docs. 128, 131, 139.) Given the unique social stigma that attaches to mental illness, especially in the context of a defendant's competency in a high-profile criminal case, Mr. Dear has a compelling interest in protecting both his physical and his mental health information, but especially the details of his mental health conditions and diagnoses. *See Curran*, at *5; *see also McVeigh*, 918 F.Supp. at 1466 ("There may be records sealed to protect the privacy interests of the defendants in custody, such as matters relating to physical and mental health.").

Second, closing the courtroom is both necessary to and effective in protecting Mr. Dear's compelling interest. A *Sell* hearing's only goal is to determine whether a defendant should be involuntarily medicated to be restored to competence to stand trial. *Sell,* 539 U.S. at 180-81. The evidence presented at a *Sell* hearing is therefore not likely to be evidence at trial. *See McVeigh*, 119 F.3d at 815 (considering likelihood subject of sealing would be evidence at the trial). That evidence may, however, cause pre-trial publicity prejudicial to both parties' interests because it generates ire against or sympathy for Mr. Dear. *Id.*; *see also Curran*, at *5. Given the *Sell* hearing's primary, if not only purpose, closing the courtroom for the *Sell* hearing is both necessary to and effective in protecting Mr. Dear's physical and mental health information.

4

Third, closing the courtroom is the least restrictive means available. Again, the purpose and content of a *Sell* hearing is limited in nature. *Sell*, 539 U.S. at 180-81. However, public access to even a fraction of the hearing's content would deprive Mr. Dear of his compelling interest in protecting his physical and mental health information. *See Curran*, at *5. Closing the courtroom to the press and general public for the entirety of the *Sell* hearing is, therefore, the least restrictive means available to protecting Mr. Dear's privacy interest.

## CONCLUSION

Mr. Dear respectfully requests that this Court order the courtroom be closed to the press and general public for the *Sell* hearing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Natalie Stricklin
Natalie Stricklin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie_stricklin@fd.org
Attorney for Defendant


*s/ Jennifer Beck*
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Jennifer_Beck@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2022 I electronically filed the foregoing **Motion to Close Courtroom During the *Sell* Hearing** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
Email: pegeen.rhyne@usdoj.gov

Maura Deady White, Assistant United States Attorney
Email: maura.white@usdoj.gov

                                                                         s/ Natalie Stricklin
                                                                        Natalie Stricklin
                                                                         Assistant Federal Public Defender
                                                                         633 17th Street, Suite 1000
                                                                          Denver, CO  80202
                                                                          Telephone:  (303) 294-7002
                                                                          FAX:  (303) 294-1192
                                                                          natalie_stricklin@fd.org
                                                                          Attorney for Defendant