IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00506-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

        Defendant.

_____

**REPLY IN SUPPORT OF
MOTION TO CLOSE COURTROOM DURING THE *SELL* HEARING**
_____

The defendant, Robert Lewis Dear, Jr. ("Mr. Dear"), by and through undersigned counsel, hereby replies in support of his request that the Court close the courtroom to the press and general public during the *Sell* hearing scheduled for August 30 and 31, 2022, and states as follows:

On July 6, 2022, Mr. Dear moved to close the courtroom for the *Sell* hearing. Doc. 145. He argued that closing the courtroom would protect his privacy interest in keeping his medical and physical health information confidential and avoid pre-trial publicity that would prejudice both parties' interests. Doc. 145. He also argued that there are no less restrictive measures to protect these interests. Doc. 145. On July 18, 2022, the government responded to his motion. Doc. 147. The government argued that the courtroom should remain open because the public's First Amendment right of access to criminal court proceedings and the goals of the Crime Victim's Rights Act outweigh Mr. Dear's privacy rights, there are less-restrictive measures to protect Mr. Dear's privacy rights, and an open *Sell* hearing will not cause prejudicial pretrial publicity. Doc. 147.

The government's arguments fail. The government misreads the cases upon which it argues the public and victim's rights outweigh Mr. Dear's. It misconstrues the extent of the rights and interests favoring a closure of the courtroom. And lastly, the government's alternatives to full closure are not legitimate alternatives. The Court should order the courtroom closed.

The government's reliance on the substantive ruling in *United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012), is misplaced. Though *Guerrero* may suggest how a court should approach a motion to close a courtroom, it does not inform how a court should rule. The *Guerrero* court did not reach the merits of the district court's ruling because it dismissed the appeal for lack of jurisdiction. *Guerrero*, 693 F.3d at 995; *see also Guerrero*, 693 F.3d at 1011 (Reinhardt, J., dissenting) (advocating for considering the case on its merits—"rather than conclude merely that, even if the district court erred, the error was not clear as a matter of law"—because once the privileged information is released, it can never be made secret again).

To determine it did not have jurisdiction pursuant to a writ of mandamus, the *Guerrero* court had to consider "whether the district court's order [was] *clearly erroneous as a matter of law*." *Id.* at 999 (emphasis added). The *Guerrero* court could not say that a defendant's privacy right in medical information *clearly* outweighed the public's right of access to competency hearings *as a matter of law*. *Id.* at 1002. It also could not say that the defendant had shown a *clear* substantial probability of irreparable harm or the *clear* absence of alternatives *as a matter of law*. *Id.* at 1002-03. It, therefore, could not consider the merits of the defendant's argument at that time.[1]

---

[1] The court deciding *United States v. Wilson*, No. 16-cr-20460-MAG-RSW (E.D. Mich. Oct. 27, 2021), appears to have misread *Guerrero* as well. The *Wilson* court found, "the

Likewise, the government's reliance on *United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998) and *In re Motion to Unseal Court Records*, 2019 WL 5191818 (D. Haw. 2019) ("*In re*"), is misplaced. Both cases resolved whether redacted *records* detailing the defendant's competency should be disclosed on third-party motions to unseal the records. *See Kaczynski*, 154 F.3d at 931-32; *In re*, at \*\*2, 6. No competency hearing was held in *Kaczynski* because all parties agreed the defendant was competent, and in neither case did the government take a position on the third-party motions like the government is doing here. *Kaczynski*, 154 F.3d at 931; *In re*, at \*2.

Then, in *Kaczynski*, the third party argued disclosure "would serve the ends of justice by informing the public about the court's competency determination and Kaczynski's motivation for committing the…crimes," so the court made sure not to redact those specific portions. *Kaczynski*, 154 F.3d at 931-32. In *In re*, the defendant was found incompetent and would never go to trial, so he had no Sixth Amendment Right to a fair trial. *In re*, at \*5.[2] Both cases are distinguishable in significant ways.

Next, the Crime Victims' Rights Act ("CVRA") is similar to Colorado's constitutional amendment giving crime victims certain rights. *See* Colo. Const. art. 2, § 16a (Rights of crime victims). In fact, Colorado's constitutional amendment is more restrictive than the CVRA because it states that "a victim of a criminal act…shall have

---

*Guerrero* court affirmed the district court's decision holding that the defendant's right to a fair trial did not override the public's First Amendment right of access," *id.* at p 8; Doc. 147-1, p 9, but the *Guerrero* court only dismissed the appeal. *Guerrero*, 693 at 1004.
[2] The *In re* court also appears to have misread both *Guerrero* and *Kaczynski* by finding that, "[i]n both cases, the Ninth Circuit Court of Appeals held that redactions, rather than a complete bar to access, were proper alternatives when [ ] balancing the individual's privacy rights with the First Amendment right to public access." *In re*, at \*4. However, the *Guerrero* court did not reach the merits of the case, *Guerrero*, 693 F.3d at 1004, and the *Kaczynski* court did reach the First Amendment claim, *Kaczynski*, 154 F.3d at 932. Therefore, neither case could have so held.

the right to be…present at all critical stages of the criminal justice process," whereas the CVRA states the crime victim has "[t]he right not to be excluded from any such public court proceeding" and anticipates situations where the victim can be excluded. Colo. Const. art. 2, § 16.a; *see also* 18 U.S.C. § 3771(a)(3). Still, despite Colorado's more restrictive constitutional amendment, the one hearing from which victims were excluded in the state proceedings was this hearing (the "forced medication" hearing). *See* Doc. 147, Exhibit 2. The CVRA does not outweigh the reasons for closing the courtroom.

As for the rights and interests favoring closure, all three cases, *Wilson*, and admittedly *Curran*—a case Mr. Dear relied upon—concern a traditional competency proceeding under 18 U.S.C. § 4241. The hearing in question here is required under *Sell v. United States*, 539 U.S. 166 (2003), and entails a determination of forcible medication. The subject of the hearing is *not only* Mr. Dear's incompetence, but the full extent of his mental *and physical* health, which would inform whether the government's proposed treatment plan is in his best medical interest. *Sell*, 539 U.S. at 181. An open courtroom risks divulging all of that information to a public that only knows he has been found incompetent. Likewise, opening the courtroom poses a potential risk to both parties' cases not only because it may generate unnecessary publicity about facts not likely to be presented at trial—unlike in *Guerrero* and *Kaczynski*—but it may also chill the experts' testimony in this very hearing.

The government's suggested alternatives (e.g., a protective order, redaction of names from reports, and restricting what the attorneys say or the use of other people's names during the hearing) are not sufficient. It is unclear how a protective order or redaction of names in a report would protect information experts testify to at a hearing. The information would still be learned by the media, victims, and other third parties

because the witnesses would testify to it. Perhaps the government is suggesting that attendants could be ordered to not disseminate the information they hear, but then the media would have no reason to attend, and it would be impossible to enforce on other members of the public if the court even had jurisdiction over them. Likewise, no one has moved for the disclosure of reports, so that issue is not under consideration. Lastly, Mr. Dear is entitled to a full and fair hearing on whether his liberty interest in avoiding involuntary medication shall be overcome. To restrict what the attorneys say or the use of other people's names during the hearing, if such a measure achieves anything at all given it is unclear whose names might be divulged, would undermine the fullness and fairness of this hearing. These alternatives achieve nothing.

      Mr. Dear, therefore, respectfully requests that the Court order the courtroom closed to the press and general public for the *Sell* hearing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Natalie Stricklin
Natalie Stricklin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie_stricklin@fd.org
Attorney for Defendant

        *s/ Jennifer Beck*
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Jennifer_Beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed the foregoing **Reply in Support of Motion to Close Courtroom During the *Sell* Hearing** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Pegeen Rhyne, Assistant United States Attorney
Email: pegeen.rhyne@usdoj.gov

Maura Deady White, Assistant United States Attorney
Email: maura.white@usdoj.gov

        s/ Natalie Stricklin
Natalie Stricklin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie_stricklin@fd.org
Attorney for Defendant

6