**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Case No. 19-cr-00506-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT LEWIS DEAR, JR.,

    Defendant.

**ORDER CONCERNING CLOSURE OF *SELL* HEARING**

**Blackburn, J.**

The matter before me is the **Motion To Close Courtroom During The *Sell* Hearing** [#145][1] filed July 6, 2022.  The government filed a response [#147] and the defendant filed a reply [#148].  Having considered carefully the motion, the response, the reply, the record, and the apposite law, I deny the motion.

### I.  BACKGROUND

The court ordered the defendant, Robert Dear, to be committed to the custody of the Attorney General, through the United States Bureau of Prisons, for a competency evaluation to be administered at the United States Medical Center for Federal Prisoners at Springfield. *Order* [#82], p. 5 & *Order* [#100], p.7.  Ultimately, I declared Mr. Dear incompetent to proceed to trial.  *Order* [#121].  In addition, I ordered hospitalization and treatment to determine if there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit proceedings to go forward.  *Id*.

---

[1] "[#145]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Based on subsequent evaluations of Mr. Dear, a doctor determined that Mr. Dear is unlikely to be restored to competency in the foreseeable future in the absence of the administration of antipsychotic medication.  As a result, the government filed a **Motion For *Sell* Hearing** [#128] to determine if Mr. Dear should be medicated involuntarily in an effort to restore him to competency.  In ***Sell v. United States***, 539 U.S. 166 (2003), the Supreme Court of the United States established a four part test to determine whether or not it is proper to order involuntarily administered medications to render a defendant competent to stand trial.  A ***Sell*** hearing is set for August 30 to 31, 2022.

In his motion [#145], Mr. Dear asks the court to order the courtroom to be closed during the ***Sell*** hearing.  Mr. Dear argues the hearing should be closed to protect his privacy interest in his medical information concerning his physical and mental health.  In addition, Mr. Dear contends an open ***Sell*** hearing may subject the parties to prejudicial pre-trial publicity.  The government argues the public's right of access to criminal proceedings outweighs the interests asserted by Mr. Dear concerning closure of the hearing.

## II.  STANDARD OF REVIEW

To determine whether the public has a general right of access to a particular hearing in a criminal proceeding, the court must apply the "experience and logic" test. ***Press-Enterprise Co. v. Superior Court***, 478 U.S. 1, 9 (1986) (***Press-Enterprise II***); ***United States v. Gonzales***, 150 F.3d 1246, 1256 (10th Cir. 1998). The experience prong examines "whether the place and process have historically been open to the press and general public." ***Gonzales***, 150 F.3d at 1256 (internal quotation marks omitted).  The logic prong asks "whether public access plays a significant positive role in the functioning of the particular process in question by, for example, enhancing both

the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Id*. (internal quotations marks and alterations omitted).

If, after applying the experience and logic test, a qualified First Amendment right of access to the hearing is found to exist, then the

> the presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. *Press–Enterprise I*, 464 U.S. at 510, 104 S.Ct. 819. Interests of those other than the accused may be considered. *See Press–Enterprise II*, 478 U.S. at 9 n. 2, 106 S.Ct. 2735 (*citing Globe Newspaper Co.*, 457 U.S. at 607–10, 102 S.Ct. 2613).

*Gonzales*, 150 F.3d at 1256 (internal quotation marks omitted).

The parties propose similar tests to determine whether an overriding or compelling interest overrides a First Amendment right of access to the hearing.  Mr. Dear suggests consideration of  (1) the existence of a compelling interest that outweighs the public right to access, (2) whether limiting access is both necessary and effective in protecting that interest, and (3) whether the limitation is the least restrictive means available. *See United States v. McVeigh*, 918 F.Supp. 1452, 1464 (W.D. Okla. 1996), aff'd 119 F.3d 806 (10th Cir. 1997) (relying, in part, on *Press-Enterprise II*, 478 U.S. at 9).  The government suggests consideration of (1) whether closure serves a compelling interest; (2) if there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) if there are no alternatives to closure that would adequately protect the compelling interest. *United States v. Guerrero*, 693 F.3d 990, 1002 (*quoting Oregonian Pub. Co. v. U.S. Dist. Court for Dist. Of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3

### III.  ANALYSIS

#### A.  Experience and Logic Test

Considering the experience prong, I conclude that the place in question, the courtroom, and the process in question, a key hearing in a criminal proceeding, historically have been open to the press and general public.  **See Press-Enterprise II**, 478 U.S. at 7-9; **Global Newspaper Co. v. Superior Court**, 457 U.S. 596, 604 - 606 (1982).  This satisfies the experience prong.  Few courts have specifically considered access to competency proceedings in criminal cases.  Of the courts which have considered that issue, they generally find that experience favors finding a general public right of access.  **See United States v. Guerrero**, 693 F.3d 990, at 1000 - 1001 (9th Cir. 2012 (discussing cases).  Generally, Mr. Dear agrees with this analysis of the experience prong.  *Motion* [#145], p. 3.

Similarly, logic favors a general public right to access a *Sell* hearing. **See, e.g., Global Newspaper**, 457 U.S. at 606 (public access to criminal trial enhances quality, safeguards integrity, fosters appearance of fairness, and heightens public respect for judicial process); **United States v. McVeigh**, 918 F.Supp. 1452, 1456 (W.D. Okla. 1996), aff'd 119 F.3d 806 (10th Cir. 1997).  Crimes "provoke public concern, outrage, and hostility," so permitting the public to attend a criminal proceeding provides the public an outlet but also "ensure[s] that the criminal proceedings are conducted in an open, objective, and fair manner."  **United States v. Curran**, 2006 WL 1159855, at *3 (D. Az. 2006) (citing **Press-Enterprise II**, 478 U.S. at 13); **McVeig**h, 918 F.Supp. at 1456).  The same considerations are applicable to the *Sell* hearing in this case.  Public access plays a significant positive role in the functioning of criminal competency hearings, including hearings about involuntary treatment of defendants who have been

4

found to be incompetent to proceed to trial. Generally, Mr. Dear agrees with this analysis of the logic prong. *Motion* [#145], p. 3.

Application of the experience and logic test leads to the conclusion that there is a general First Amendment right of public access to Mr. Dear's *Sell* hearing. Mr. Dear contends he has established an overriding interest sufficient to overcome the general right of access to the *Sell* hearing.

B.  Asserted Compelling or Overriding Interest of Mr. Dear

Mr. Dear asserts that his privacy interest in his medical information is compelling and overrides a general First Amendment right of access to the *Sell* hearing. He says testimony at the hearing will concern his mental and physical health, including diagnoses. In Mr. Dear's view, given the unique social stigma that attaches to mental illness, especially in the context of Mr. Dear's competency in a high-profile criminal case, Mr. Dear has a compelling interest in protecting information about his physical and his mental health. This is especially true of the details of his mental health conditions and diagnoses, he asserts. *Motion* [#145], p. 4.

Mr. Dear contends an open *Sell* hearing may cause prejudicial pre-trial publicity. The goal of a *Sell* hearing is to determine whether or not a defendant should be medicated involuntarily to be restored to competence to stand trial. Given that specific purpose, Mr. Dear argues, evidence presented at the hearing is not likely to be evidence presented at a trial of Mr. Dear. However, Mr. Dear contends, revealing that evidence publicly may cause pre-trial publicity which may be prejudicial to both Mr. Dear and the government. According to Mr. Dear, pre-trial publicity about his health information may generate sympathy for Mr. Dear and/or ire against Mr. Dear.

Finally, Mr. Dear contends closing the hearing is the least restrictive means available to protect his compelling interest in information about his physical and mental health. In essence, he argues there is no other calibrated restriction on the information to be presented at the hearing which will protect his compelling interest.

The government concedes that courts frequently maintain medical information under restriction based on privacy rights concerning such information. In the context of a criminal hearing related to competency, such as a hearing concerning possible involuntary treatment of a defendant, the analysis is more complicated, the government asserts. In this case, the medical information in question will provide the basis for the determination to be made by the court. In this context, the public interest in such information overrides Mr. Dear's interest in protecting his medical information, the government contends. In essence, the government argues, the First Amendment right of access to the evidence which will provide the basis for the court's decision outweighs the privacy interest of Mr. Dear, which will be impaired by public access to that evidence. In addition, the government argues that an open *Sell* hearing will not cause prejudicial pretrial publicity and an open hearing will serve the interests protected by the Crime Victim's Rights Act (CVRA). 18 U.S.C, § 3771.

I find and conclude that the privacy interest asserted by Mr. Dear is important and is an interest frequently recognized by this and other courts in the context of court filings involving medical records. However, I find and conclude that the privacy interest asserted by Mr. Dear does not, in the context of the scheduled *Sell* hearing, override the First Amendment presumption of openness that is accorded to the *Sell* hearing.

During the *Sell* hearing, information about the mental and physical health of Mr. Dear, including specific diagnoses, will be revealed. In addition, information about the

nature and likely effect of proposed involuntary treatment of Mr. Dear also will be revealed. Without question, these revelations will impair to some extent the legitimate privacy interest asserted by Mr. Dear.

On the other hand, the decision to be made by the court based on the evidence presented at the *Sell* hearing is of very high importance. A decision about whether or not to order the involuntary medication of a criminal defendant by the government involves a potentially severe and involuntary intervention in the life of Mr. Dear. The gravity and importance of this decision militates strongly toward permitting an open and public assessment of the evidence presented to the court and, ultimately, the rationale of the court in deciding whether or not involuntary medication is proper. Given the gravity of the decision the court must make, the ability of the public to assess the evidence presented to the court and the rationale of the court is of very high importance. In the context of this *Sell* hearing, I find and conclude that the First Amendment right of access, especially the ability of the public to assess the evidence presented and the ultimate rationale of the court, is not outweighed or overridden by the privacy interest asserted by Mr. Dear.

Applying the tripartite analysis suggested by Mr. Dear, I find that the privacy interest asserted by Mr. Dear is important but, in the context of the *Sell* hearing, does not constitute a compelling or overriding interest which outweighs the public right of access to the *Sell* hearing. Given that finding, there is no need to address the other two factors, whether limiting access is both necessary and effective in protecting the interest asserted and whether the limitation of access is the least restrictive means available.

As the parties note, there is a relative dearth of case law concerning public access to hearings and evidence concerning the competency of a criminal defendant and related issues. In large part, the cases cited by the parties concern public access to criminal proceedings but not public access to hearings and evidence related to competency issues. Those cases provide guidance by specifying the relevant considerations, but they do not provide guidance on how those considerations are to be applied in the context of proceedings related to competency.

Two cases, ***U.S. v. Kaczynski***, 154 F.3d 930 (9th Cir. 1998) and ***United States v. Guerrero***, 693 F.3d 990 (9th Cir. 2012) provide some analysis in the context of competency issues. ***Kaczynski***, which involved the accused Unabomber, was decided based on a common-law right of access to the court, as opposed to a First Amendment right of access. Generally, the common-law is less protective of access rights than is the First Amendment. Still, it is worth noting that the ***Kaczynski*** court found that access to a redacted competency evaluation of the defendant served the public interest in obtaining information "bearing on the workings of the criminal justice system," the competency determination of the court, and Kazynski's motivation for his crimes. ***Id***. at 931-932. This was true, the court found, even though Kazynski had agreed he was competent and had pleaded guilty to the crimes charged.

In ***Guerrero***, a criminal defendant brought an interlocutory appeal of the district court's refusal to seal a competency proceeding and related documents. The United States Court of Appeals for the Ninth Circuit concluded that it did not have jurisdiction to conduct collateral order review of the district court order. ***Guerrero***, 693 F.3d at 998 - 999, 1004. Further, the court concluded that it did not have jurisdiction to address the issue on a petition for writ of mandamus. ***Id***. at 1004.

8

In its analysis, nevertheless, the *Guerrero* court addressed some of the relevant considerations. Addressing the logic aspect of the First Amendment right to access, the *Guerrero* court observed that

> competency hearings may determine the critical question of whether a criminal defendant will proceed to trial. A court's decision on whether a defendant is able to understand the nature of the proceedings against him and whether he is able to assist counsel in his defense is a critical part of the criminal process. Allowing public access to a competency hearing permits the public to view and read about the criminal justice process and ensure that the proceedings are conducted in an open, objective, and fair manner. Indeed, public confidence in the judicial system is especially significant where a defendant accused of a violent felony is not tried because he was found incompetent.

*Id*. at 1001. The court suggested that the privacy right asserted by Guerrero could be addressed with protective orders, redactions, and restricted use of other people's names during the competency hearing. The observations of the *Kaczynski* and *Guerrero* courts reflect the important public interests at stake in competency proceedings generally and in the anticipated *Sell* hearing in this case.

The concern about prejudicial pre-trial publicity cited by Mr. Dear does not weigh significantly in my analysis. It is true that this case receives significant attention from the press. That fact alone, however, does not make it likely that public access to the *Sell* hearing will generate prejudicial pre-trial publicity. To the extent there is press coverage of the hearing, the fact that many people pay little or no attention to this case, plus the ready availability of effective voir dire examination, make it highly unlikely that an open hearing would result in irreparable prejudicial pre-trial publicity.

The government's reliance on the CVRA also carries little weight in my analysis. Generally, the CVRA seeks to ensure access by alleged victims of crime to public court proceedings in any case concerning the alleged crime. However, the CVRA provision cited by the government, 18 U.S.C. § 3771(a)(1), concerns access to public court

9

proceedings. The issue raised in the motion [#145] of Mr. Dear is whether or not the *Sell* hearing must be a public proceeding. In this context, the CVRA provides only the general guidance that public court proceedings in criminal cases are, generally, strongly preferred.

## IV.  CONCLUSION & ORDER

Under the applicable law, there is a general First Amendment right of public access to Mr. Dear's *Sell* hearing. In the context of this case generally and the *Sell* hearing specifically, the countervailing privacy interest asserted by Mr. Dear, while important, is not sufficiently compelling or overriding to overcome the First Amendment right of public access.

**THEREFORE, IT IS ORDERED** the **Motion To Close Courtroom During The *Sell* Hearing** [#145] is denied.

Dated August 25, 2022, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge