```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLORADO

 3   Criminal Action No. 19-cr-506-REB-1

 4    UNITED STATES OF AMERICA,

 5          Plaintiff,

 6          vs.

 7    ROBERT LEWIS DEAR, JR.,

 8          Defendant.

 9   -----------------------------------------------------------

10                       REPORTER'S TRANSCRIPT

11                         Status Conference

12   -----------------------------------------------------------

13          Proceedings before the HONORABLE ROBERT E. BLACKBURN,
     Judge, United States District Court for the District of
14   Colorado, commencing on the 2nd day of March, 2022, in Courtroom
     A1001, United States Courthouse, Denver, Colorado.
15

16                             APPEARANCES
     For the Plaintiff:
17   PEGEEN D. RHYNE and MAURA D. WHITE, Assistant U.S. Attorneys,
     UNITED STATES ATTORNEY'S OFFICE, 1801 California Street, Suite
18   1600, Denver, CO 80202

19

20   For the Defendant:
     NATALIE G. STRICKLIN and JENNIFER L. BECK, FEDERAL PUBLIC
21   DEFENDER'S OFFICE, 633 17th Street, Suite 1000, Denver, CO 80202

22

23

24
     Reported by KEVIN P. CARLIN, RMR, CRR, 901 19th Street, Room
25   A259, Denver, CO 80294, (303)335-2358
```

Kevin P. Carlin, RMR, CRR

```
 1                     P R O C E E D I N G S
 2         (Proceedings commenced at 1:31 p.m.)
 3              THE COURT:  Good afternoon.  Ms. Roberson, this is
 4   Judge Blackburn.
 5              THE COURTROOM DEPUTY:  Good afternoon, Your Honor.
 6              THE COURT:  And are we about prepared to proceed?
 7              THE COURTROOM DEPUTY:  Yes, Your Honor.  We are
 8   prepared to proceed.  On the line with us representing the
 9   Government, we have Assistant United States Attorney Pegeen
10   Rhyne.  I believe listening in is also Assistant United States
11   Attorney Maura White.  Then joining them as well on behalf of
12   the FBI is Special Agent Ken Harris.  On behalf of defendant, we
13   have Assistant Federal Public Defender Natalie Stricklin and
14   Jennifer Beck.
15              THE COURT:  Very well.  Please let us open the record
16   now in 19-cr-506, which continues to be identified as United
17   States of America versus Robert Lewis Dear, Junior.  The matter
18   is before this Court for telephonic status conference in the
19   context of the Government's pending motion for *Sell* hearing,
20   document 128, filed December 8, 2021; and the defendant's
21   preliminary response, document 133, filed December 15, 2021.
22              Addressing defense counsel initially, is the appearance
23   and participation of Mr. Dear waived for the limited purpose of
24   this telephonic status conference?
25              MS. STRICKLIN:  Yes, Your Honor.  And that was at our
```

19-cr-506-REB-1    Status Conference    03-02-2022

1   request.  Thank you.
2           THE COURT:  Very well.  I presume no objection by the
3   Government, but I inquire to confirm, is there?
4           MS. RHYNE:  No, Your Honor.  There is not.
5           THE COURT:  Very well.  Then we will proceed for the
6   limited purpose of this hearing in his absence.  Very well.  In
7   the motion for *Sell* hearing, the Government has identified
8   several items of requested relief.  I don't know to what extent
9   if at all counsel has discussed those matters, but to the extent
10  that we're prepared to discuss them now, what is the position of
11  the Government?
12          MS. RHYNE:  Your Honor, the position of the Government
13  is that we are requesting the relief that we set forth at the
14  beginning of our motion and again at the end of the motion.
15  Specifically that the Court order the Bureau of Prisons to
16  disclose the treatment plan that Dr. Sarrazin is going to
17  prepare.  I did have an opportunity to speak with Dr. Sarrazin,
18  and he said he expected to have that completed by March 18th.
19  So, to give him some buffer, the Government would request that
20  that be ordered disclosed on March 22nd to both parties.
21          We would also ask that the Bureau of Prisons be ordered
22  to disclose the distinct *Sell* hearing transcripts that the
23  Government referenced in its motion.  It appears that there was
24  some discussion of a cardiac event in those hearings, and the
25  Government doesn't have any concrete knowledge of what evidence,

1  if any, was presented to support the existence of a cardiac
2  issue for Mr. Dear, and so would ask that those under-seal
3  hearings -- excuse me -- transcripts be disclosed.
4         They were provided to the Bureau of Prisons for the
5  purpose of using them during their evaluation of Mr. Dear, and
6  we would ask that they be disclosed on the same date as
7  Dr. Sarrazin's treatment plan, again March 22nd.
8         We are asking that the defense be ordered to disclose
9  within the next two weeks any medical records or other evidence
10 that they have and intend to rely on to argue that Mr. Dear has
11 any medical condition that would be adversely impacted by the
12 use of antipsychotic medication.  To the extent that they
13 already have such documents or evidence in their possession, we
14 believe they should be ordered to turn those over within the
15 next two weeks.
16        If they acquire additional records in consultation with
17 any expert they hire, we would ask that those additional
18 documents be disclosed at the same time that they are directed
19 to disclose their expert report.
20        Following the expert report issue, now, the
21 third-parties ordered to disclose any expert report by a date
22 certain to be collected by the Court, the Government does not
23 anticipate having reports beyond those of Dr. Preston Baecht and
24 Dr. Sarrazin, but it may well seek an additional report from one
25 of those two practitioners if the defense presents evidence

5

19-cr-506-REB-1    Status Conference    03-02-2022

1  about the medical conditions and whether or not they would be
2  negatively impacted by the medicines suggested by Dr. Sarrazin.
3  But other than that, it does not anticipate seeking additional
4  experts in this matter.
5         Beyond that, we are asking that a hearing date be set
6  today in coordination with the other deadlines that get set.  We
7  don't believe there's any utility in putting off down the road
8  the setting of that hearing.  We think that it is common
9  practice for the Court to set a hearing and work backwards with
10 disclosure dates that must happen in advance of that hearing.
11        The defense also asked for a briefing schedule, and we
12 leave that to the Court's discretion.  It does not strike us as
13 most efficient to have such a briefing schedule in advance of
14 the receipt of evidence, but if the Court would find briefing
15 helpful prior to the evidentiary hearing, we certainly respect
16 that decision.
17        And finally, we would ask that Mr. Dear be ordered to
18 return to the District of Colorado for the *Sell* hearing.
19        THE COURT:  Thank you.  Let me inquire, one of your
20 items would result in the -- would result in the order of this
21 Court to the Bureau of Prisons to produce to the parties the
22 transcripts of the under-seal *Sell* hearings held in the county
23 court of Pueblo County, Colorado.  And when you say under-seal
24 *Sell* hearings, are they under seal by order of the Pueblo County
25 Court?  And I presume that it's going to be the Pueblo County

1    District Court?

2            MS. RHYNE:  It is actually the county court.  I have
3    to say, Your Honor, I am not as familiar with these proceedings
4    as I am with federal proceedings.  It is my understanding that
5    this entire proceeding was under seal, if not by specific order,
6    then by practice, because it had to do with the medical
7    hospital.  And the reason all of these hearings took place in
8    the county court is because it's not the same court that was
9    handling the criminal case, but instead the county court that
10   has jurisdiction over the hospital's motion to medicate
11   Mr. Dear.

12           And so whether it was under specific order or practice,
13   the transcripts are under seal.  We did a motion to have those
14   transcripts disclosed to the BOP, and they were disclosed by the
15   county court directly to the BOP for purposes of the evaluation,
16   and currently the BOP has them.

17           THE COURT:  All right.  That answers that question.
18   And then how quickly can the Government be prepared to proceed
19   to a *Sell* hearing?

20           MS. RHYNE:  Your Honor, given that Dr. Sarrazin's
21   report can be produced by March 22nd, I think the question is
22   how soon after that can the defense have their expert -- it's my
23   understanding that they're intending to call a pharmacologist to
24   talk about whether or not these particular medicines would have
25   an adverse medical impact on Mr. Dear's health.

1   We certainly want enough time to receive that report
2   and be able to respond to it with evidence at the hearing.  But
3   barring that, the Government would expect to be able to proceed
4   fairly quickly, and we know the victims are anxious to have this
5   on the Court's calendar sooner than later.
6          THE COURT:  So, let me ask you this:  Ordinarily, when
7   I'm confronted with a motion for a *Sell* hearing, I simply set it
8   for hearing, allocate the time requested by the respective
9   parties, and proceed to hearing.  What's your authority for the
10  entry of orders with all of these various disclosures that
11  you're requesting?
12         MS. RHYNE:  Your Honor, I don't have authority beyond
13  the Court's ordinary authority to order the disclosure of
14  evidence in advance of hearings when a party intends to rely on
15  them.  So, for example, we've been told by the defense that they
16  intend to raise the argument that the psycho -- excuse me --
17  antipsychotic drugs would have an adverse medical impact on
18  Mr. Dear's health.
19         That is not the type of evidence that we can receive
20  and respond to in that moment.  We need advanced notice of what
21  that evidence is, and honestly what their expert has to say
22  about that so that we have the time to meet that evidence at the
23  hearing.  So, I would rely on the Court's inherent authority to
24  order discovery as required in advance of an evidentiary
25  hearing.

1             THE COURT:  All right.  Thank you.  Let me transition
2    to the defense.  Counsel, your response to the various requests
3    of the Government, especially those that are iterated and
4    reiterated in the motion for *Sell* hearing, document 128?
5             MS. STRICKLIN:  Thank you, Your Honor.  And this is
6    Natalie Stricklin, for the record.  Your Honor, first, we agree
7    with the Government that we do need the Bureau of Prisons to
8    disclose its treatment plan to the parties.  It appears that
9    upon a court order, that plan can be disclosed to the parties by
10   March 22nd.  So, we are at least in agreement on that
11   disclosure.
12            Your Honor, it is our position that upon receipt of
13   that treatment plan, we have various experts who are situated
14   around the country with various schedules and time zones.  Those
15   experts need time to review that treatment plan in order to form
16   their opinion regarding its effectiveness for treating Mr. Dear.
17            We would like the opportunity to file a detailed
18   responsive pleading to the Government's motion for a *Sell*
19   hearing, which is docketed at 128.  We would ask that the Court
20   give us 60 days to do so before proceeding to a *Sell* hearing.
21   We have no objection to complying with any expert disclosure
22   deadlines or record disclosure deadlines set by this Court.  We
23   are just asking for the time to be able to first file a
24   responsive pleading.
25            As to the Government's request for the Bureau of

1  Prisons to disclose transcripts from the State's *Sell*
2  proceeding, we take no position on that request.  Certainly we
3  will concede that they have relevance here.  It is unclear to us
4  why it is that the Government can't get those, and we will leave
5  it to the discretion of the Court on whether or not to order
6  that those be disclosed.
7         I think last -- the last request by the Government was
8  for Mr. Dear to be transported back to the District of Colorado
9  in advance of the *Sell* hearing.  I will note, Your Honor, that
10 we're balancing two things in this regard.  The first is
11 obviously his right to be -- his Sixth amendment right to be
12 present at a hearing of this type, but also as this Court is
13 aware, Mr. Dear suffers from, at a minimum, pretty severe motion
14 sickness in transport.  We have previously held hearings where
15 he appeared virtually for these reasons.
16        I guess my initial thoughts are probably that he will
17 need to be transported, because we will need him personally
18 present, but I would like to review medical records and at
19 least, you know, consult with him on what his preference would
20 be, and if his preference would be to appear virtually.
21        THE COURT:  I presume that before I set the matter for
22 hearing, you want the opportunity to discuss proposed settings
23 with the various putative experts that you have in mind?
24        MS. STRICKLIN:  That would be, I think, most helpful
25 to us, Your Honor.  It would be, I think, at least for our

19-cr-506-REB-1    Status Conference    03-02-2022

1  purposes, easiest to be able to file a responsive pleading and
2  then set a hearing if it's still needed at that point.  I've
3  tried to get schedules from our various experts, and I know at
4  least one expert has very limited time before June.
5           THE COURT:  Before June?
6           MS. STRICKLIN:  Yes.
7           THE COURT:  All right.  What is the need for or
8  utility of a so called responsive pleading to the question of
9  motion for *Sell* hearing?
10          MS. STRICKLIN:  Your Honor, as the Court is aware, the
11 *Sell* requires the Court to consider the four factors.  And at
12 least as to the last of those factors, until we receive the
13 treatment plan from the Bureau of Prisons, we are not in a
14 position to respond and address that issue.
15          I also think as to the fourth factor -- or, excuse
16 me -- as to the first factor, based upon some unique
17 circumstances in this case, we would like an opportunity to more
18 thoroughly address the Government's interest in proceeding to a
19 *Sell* hearing at this point in the proceeding.  At least for
20 those two reasons, we would like an opportunity to more
21 thoroughly and in detail respond to the Government's position as
22 stated in document 128.
23          THE COURT:  Why can't you do that in the hearing
24 itself?
25          MS. STRICKLIN:  I think we can make -- we can

1  certainly make oral arguments as to those factors in the hearing
2  itself.  I do think that it would be beneficial for the parties
3  and for the Court to give us an opportunity to respond in
4  writing, because I think that this *Sell* hearing is a bit more
5  complex than other hearings based upon the course of proceedings
6  in this case, based upon previous similar hearings that were
7  held at the state level, and based upon some physical medical
8  issues that Mr. Dear presently suffers from.
9           THE COURT:  Well, it seems that this concern would be
10 best addressed by the Court in allowing the parties at the
11 conclusion of the evidentiary portion of the *Sell* hearing to
12 submit their final arguments in writing.  I see very little
13 utility in receiving that information before I actually conduct
14 a hearing and receive the evidence.  What objection would the --
15 what objection if any would the defendant have to that
16 procedure?
17          MS. STRICKLIN:  Your Honor, our preference is of
18 course as I stated would be to be able to respond in writing
19 prior to the Court setting a hearing.  I think at least as to
20 the first *Sell* factor, deciding whether or not the Government
21 has a significant interest in pursuing a *Sell* hearing at this
22 point could be beneficial to have in advance.
23          I also think that as our experts are reviewing the
24 material and producing either affidavits or other expert-related
25 disclosures, of course, you know, we could respond after the

1  hearing, but when experts are reviewing and producing those
2  disclosures, those can be part of the responsive pleading which
3  the Court would have then in advance of the hearing.
4           THE COURT:  Well, I see -- candidly, I see very little
5  utility in a prehearing further response.  I am more interested
6  in written final arguments at the conclusion of the presentation
7  of evidence.  That makes much more sense to me, and certainly
8  it's more consistent with the *Sell* hearings that I have
9  conducted both in state and federal court over the last 33
10 years.  So, I plan to proceed on that basis.
11          Anything else by the defense before we begin to set
12 deadlines?
13          MS. STRICKLIN:  No, Your Honor.  Thank you.
14          THE COURT:  All right.  Well, let's talk about the
15 deadline for the disclosure of expert reports by the parties
16 themselves.  Your thoughts from the Government?
17          MS. RHYNE:  Your Honor, on this deadline, we defer, at
18 least to what the defense's request is, in that the Government,
19 as I mentioned, doesn't anticipate having experts beyond
20 Dr. Preston Baecht and Dr. Sarrazin.
21          THE COURT:  All right.  Well, let me transition to the
22 defendants.  What's a reasonable time to disclose expert reports
23 from the defense?
24          MS. STRICKLIN:  Your Honor, I will base my answer on
25 our initial request.  If we were to receive the report from the

1   Bureau of Prisons by March 22nd, we would be requesting 60 days
2   to provide all of our expert disclosures.
3           THE COURT:  Any objection by the Government?
4           MS. RHYNE:  No, Your Honor.
5           THE COURT:  My inclination is to order the Bureau of
6   Prisons to submit and file its proposed treatment plan by
7   March 22, 2022.  Do either of you see that as problematic,
8   hearing first from the Government?
9           MS. RHYNE:  No, Your Honor.
10          THE COURT:  And 60 days --
11          MS. STRICKLIN:  No, Your Honor.
12          THE COURT:  I'm sorry.  Excuse me.
13          MS. STRICKLIN:  I'm sorry, Your Honor.
14          THE COURT:  Sixty days thereafter for the parties to
15  disclose their expert reports, and it will be probably 62 days,
16  because I'm advised that 60 days from March 22 is a Saturday,
17  but I will make sure that falls on the preceding Friday or the
18  subsequent Monday.
19          Back to the defense, there's a discrete request by the
20  Government to order the defense to disclose any medical records
21  or other evidence upon which the defense intends to rely to
22  support an argument that treatment with antipsychotic medication
23  might negatively impact Mr. Dear's health.  Is that something
24  that will be included automatically in the expert disclosures
25  that you contemplate, or is indeed a separate and discrete order

14

19-cr-506-REB-1    Status Conference    03-02-2022

1  to that effect required?
2           MS. STRICKLIN:  Your Honor, that's something that I
3  believe we would disclose with our expert disclosures.  That and
4  all of the medical records in which they relied.
5           THE COURT:  All right.  I then, because there is no
6  objection, will order the Bureau of Prisons to produce to both
7  parties the transcripts of the state court *Sell* hearings, held
8  apparently in the Combined Courts of Pueblo County, Colorado.
9           And although I certainly want to move this case forward
10 and proceed to *Sell* hearing if required, I am reluctant to
11 attempt to set that today without the input from the defendant's
12 experts.  Instead, I would order another telephonic setting
13 conference, which would coincide roughly with the deadline for
14 reciprocal disclosure of experts and expert reports.  Any
15 objection to that by the Government?
16          MS. RHYNE:  No, Your Honor.  Thank you.
17          THE COURT:  Or the defense?
18          MS. STRICKLIN:  No, Your Honor.  Thank you.
19          THE COURT:  You're welcome. Now, the transportation
20 of Mr. Dear from one Bureau of Prisons facility to another will
21 be accomplished of course by the United States Marshals, who
22 request at a minimum 60 days to facilitate that transfer.  So,
23 all of us need to be mindful of that as we proceed to schedule
24 the matter for hearing, because I intend to require that
25 Mr. Dear attend in person.

Kevin P. Carlin, RMR, CRR

1    Under that scenario, we're probably looking at a
2 hearing sometime in the month of July.  Your reaction to that
3 possibility or probability, hearing in reverse order, from the
4 defense first?
5          MS. STRICKLIN:  Your Honor, I think that that sounds
6 about right.  I have no objection to that.
7          THE COURT:  And the response, if any, to that
8 suggestion by the Government?
9          MS. RHYNE:  Your Honor, my co-counsel, Maura White,
10 who was hoping to participate today but is on the public line
11 because she had difficulty, she is not available between --
12 excuse me -- July 5th through the 22nd.  So, any time in July
13 other than that large timeframe would work for the Government.
14          But may I inquire, is that July date triggering from
15 the idea that the Court would not order him back until the
16 status conference?  And if so, the Government inquires is there
17 any reason we couldn't go ahead and have him transported back
18 while the, you know, different disclosure dates are pending, and
19 then we need not worry about that 60-day delay?
20          THE COURT:  Well, I'm prepared to enter an order
21 requiring the defendant's return to the District of Colorado at
22 any time deemed appropriate by the parties or by the Court.  Let
23 me address counsel for the defense.  Any objection to the Court
24 entering an order sooner rather than later requiring Mr. Dear to
25 be returned to the District of Colorado?

1     MS. STRICKLIN: Your Honor, as long as the Bureau of
2  Prisons has determined that they've had -- you know, that
3  Dr. Sarrazin has had enough time, I don't have an objection to
4  that.
5     THE COURT: Understood. All right. I have addressed
6  orders requiring the Bureau of Prisons to disclose its proposed
7  *Sell* treatment plan on or before March 22, 2022, giving the
8  parties 60 days for the reciprocal disclosure of experts and
9  expert reports, including by the defense, any medical records or
10 other evidence implicating negative impacts provoked by the
11 administration of antipsychotic medications, order the Bureau of
12 Prisons to produce as soon as practicable to both parties
13 transcripts of the state *Sell* hearings, order the Bureau of
14 Prisons to return Mr. Dear to the District of Colorado, and then
15 with your assistance, set a setting conference, set this matter
16 for *Sell* hearing if necessary.
17     Now, other items that the Court should consider for
18 inclusion in the scheduling order, from the Government?
19     MS. RHYNE: Thank you, Your Honor. No, but I am
20 confused. Is the Court asking for our input on setting that
21 telephonic scheduling conference, or does the Court already have
22 a date?
23     THE COURT: No. We would probably work with -- I can
24 do that now, to set the matter for the setting conference.
25     MS. RHYNE: I think that would be very helpful.

Kevin P. Carlin, RMR, CRR

1       THE COURT:  All right.  Anything else that the Court
2  should consider for inclusion in its anticipated scheduling
3  order, the result of this telephonic status conference, from the
4  perspective of the defense?
5       MS. STRICKLIN:  No, Your Honor.  Thank you.
6       THE COURT:  All right.  If you can access your
7  calendars in whatever form you have them, we're going to want to
8  look for a setting conference toward the end of the 60-day
9  mutual disclosure deadline.  And I would offer Tuesday, May 24,
10  at any time during the morning, but let's -- excuse me -- in the
11  afternoon, but let's say 2 o'clock p.m., mountain daylight time.
12  May 24, 2:00 p.m., mountain daylight time, for a *Sell* scheduling
13  setting conference by telephone.  The Government?
14       MS. RHYNE:  That works for the Government, Your Honor.
15       THE COURT:  The defense?
16       MS. STRICKLIN:  Your Honor, that works for us as well.
17  Thank you.
18       THE COURT:  All right.  Then I will rely on that.  And
19  anything else we should consider for inclusion in the
20  anticipated scheduling order now otherwise under consideration?
21  Anything further by the Government?
22       MS. RHYNE:  No, Your Honor.  Thank you.
23       THE COURT:  Or by the defense?
24       MS. STRICKLIN:  No, Your Honor.  Thank you.
25       THE COURT:  Very well.  Further business in this

19-cr-506-REB-1    Status Conference    03-02-2022

1  matter in this context by the Government?
2           MS. RHYNE:  No.  Thank you, Your Honor.
3           THE COURT:  Or by the defense?
4           MS. STRICKLIN:  No, Your Honor.  Thank you.
5           THE COURT:  Counsel, a pleasure as always.  I will
6  generate a scheduling order based on the record from this status
7  conference.  I will do that as soon as practicable.  I am
8  looking for the two of you and all counsel to be good
9  proofreaders, make sure that I have included what I have
10 discussed for inclusion.  And if there are problems, I want to
11 hear about that by motion for reconsideration sooner rather than
12 later, please.
13          Very well, Counsel.  Please close the record in this
14 matter.  The Court is again in recess.
15      (Proceedings concluded at 2:03 p.m.)
16
17
18
19
20
21
22
23
24
25

Kevin P. Carlin, RMR, CRR

1    REPORTER'S CERTIFICATE

2

3

4           I, KEVIN P. CARLIN, Official Court Reporter for the

5    United States District Court for the District of Colorado, a

6    Registered Merit Reporter and Certified Realtime Reporter, do

7    hereby certify that I reported by machine shorthand the

8    proceedings contained herein at the time and place

9    aforementioned and that the foregoing pages constitute a full,

10   true, and correct transcript.

11           Dated this 14th day of October, 2022.

12

13

14

15

16   _____
     Kevin P. Carlin, RMR, CRR
17   Official Court Reporter

18

19

20

21

22

23

24

25